UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

-------------------------------------------------------x
                                          :
*In re*                                   :        Chapter 11
                                          :
ALERIS INTERNATIONAL, INC., *et al.*,     :        Case No. 09-10478 (BLS)
                                          :
                                          :        (Jointly Administered)
             Debtors.                     :
                                          :
-------------------------------------------------------x

**MONTHLY APPLICATION OF WEIL, GOTSHAL & MANGES LLP, AS
ATTORNEYS FOR THE DEBTORS, FOR ALLOWANCE OF
COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND
FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
INCURRED FROM FEBRUARY 12, 2009 THROUGH MARCH 31, 2009**

Name of Applicant:                                    Weil, Gotshal & Manges LLP

Authorized to Provide Professional Services to:       Debtors and Debtors in Possession

Date of Retention:                                    *Nunc Pro Tunc* to February 12, 2008

Period for which compensation and
reimbursement are sought:                             February 12, 2009 through March 31, 2009

Amount of compensation sought as actual,
reasonable, and necessary                             $1,293,917.40  (80% of $1,617,396.75)

Amount of expense reimbursement sought as
actual, reasonable, and necessary:                    $24,278.19

This is a(n): xx monthly ___ interim ___ final application.

The total time expended in connection with fee application preparation during the period
February 12, 2009 through March 31, 2009 is approximately 22.3 hours, and the corresponding
compensation requested is approximately $5,773.00, which is approximately 0.004% of the total
fees billed during such period on all other matters. WG&M believes that the amount billed in
connection with fee preparation during this period is warranted and should be approved by the
Court.

Prior applications filed:    N/A

Summary of Charges for Services Rendered by Weil, Gotshal & Manges, LLP
February 12, 2009 through March 31, 2009

**Partners:**

| Professional | Department/ Year Licensed | Hourly Rates | Total Hours | Total Fees |
|---|---|---|---|---|
| Aidun, Christopher K. | C - 1980 | 860.00 | 56.8 | $48,848.00 |
| Bahlke, Conrad G. | C - 1984 | 790.00 | 29.6 | $23,384.00 |
| Buhle, Warren T. | C - 1976 | 900.00 | 101.0 | $90,900.00 |
| Dandeneau, Debra A. | BFR - 1987 | 850.00 | 165.6 | $140,760.00 |
| Dandeneau, Debra A. (Non-working Travel)* | BFR - 1987 | 425.00 | 10.2 | $4,335.00 |
| Drueke, Heiner | C - 1989 | 745.00 | 176.6 | $131,567.00 |
| Goldring, Stuart J. | T - 1982 | 900.00 | 4.2 | $3,780.00 |
| Grauke, Britta | L - 1997 | 745.00 | 79.0 | $58,855.00 |
| Harvey, Diane | BSL - 1991 | 790.00 | 3.3 | $2,607.00 |
| Hartmann, Uwe | C - 1994 | 745.00 | 1.2 | $894.00 |
| Kam, Michael K. | T - 1981 | 875.00 | 6.3 | $5,512.50 |
| Karotkin, Stephen | BFR - 1976 | 950.00 | 80.8 | $76,760.00 |
| Karotkin, Stephen (Non-working Travel)* | BFR - 1976 | 475.00 | 5.8 | $2,755.00 |
| Schmidt, Gerhard | C - 1982 | 1,165.00 | 89.0 | $103,685.00 |
| Singer, Randi W. | L - 1998 | 725.00 | 14.0 | $10,150.00 |
| Soto, Edward | L - 1978 | 875.00 | 15.1 | $13,212.50 |
| **Total Partners** | | | **838.5** | **$718,005.00** |

*Pursuant to Local Rule 2016-2(d)(viii), non-working travel is billed at 50 percent. Non-working travel is included in the Total Hours and Total Fees columns.

Department Legend: BFR = Business Finance & Restructuring; C = Corporate; L = Litigation; T = Tax

Charges for Services Rendered by Weil, Gotshal Manges LLP on Behalf of the Debtors
February 12, 2009 through March 31, 2009

**Associates:**

| Professional | Department/ Year Licensed | Hourly Rates | Total Hours | Total Fees |
|---|---|---|---|---|
| Alcantar, Jose R. | BFR - 2007 | 415.00 | 64.2 | 26,643.00 |
| Arons, Andrew | C - 2008 | 355.00 | 15.7 | 5,573.50 |
| Baechle, Silke | L - 2005 | 485.00 | 5.8 | 2,813.00 |
| Biernacki, Jakub | C - 2005 | 415.00 | 20.2 | 8,383.00 |
| Bookspan, Tracy K. | C - 2008 | 355.00 | 18.9 | 6,709.50 |
| Buchwaldt, Konrad V. | C - 1999 | 485.00 | 4.7 | 2,279.50 |
| Clark, Kathleen E. | C - 2007 | 415.00 | 9.2 | 3,818.00 |
| Coelho, Sara | BFR - 2006 | 465.00 | 265.2 | 123,318.00 |
| Coelho, Sara (Non-working Travel)* | BFR - 2006 | 232.50 | 5.1 | 1,185.75 |
| Crews, Kevin T. | C - 2008 | 355.00 | 10.3 | 3,656.50 |
| Deruelle, Paullette C. | L - 2001 | 630.00 | 79.7 | 50,211.00 |
| Eldar, Ofer | C - 2004 | 465.00 | 74.4 | 34,596.00 |
| Empting, Tobias | C - 2003 | 390.00 | 22.6 | 8,814.00 |
| Gartin, Randell J. | C - 2008 | 580.00 | 6.9 | 4,002.00 |
| Gelfand, Joshua S. | T - 2006 | 355.00 | 14.2 | 5,041.00 |
| Gerhardt, Jens | C - 2005 | 390.00 | 12.6 | 4,914.00 |
| Harmjanz, Jan D. | C - 1998 | 520.00 | 52.6 | 27,352.00 |
| Jordan, Robert F. | BFR - 2004 | 540.00 | 181.2 | 97,848.00 |
| Jordan, Robert F. (Non-working Travel)* | BFR - 2004 | 270.00 | 9.5 | 2,565.00 |
| Kuepker, Christian | T - 2001 | 620.00 | 1.0 | 620.00 |
| Laengin, Kerstin | C - 2004 | 485.00 | 54.6 | 26,481.00 |
| Lemmer, Elisa R. | BFR - 2000 | 640.00 | 0.2 | 128.00 |
| Lopez, Marianna S. | C - 2006 | 465.00 | 100.5 | 46,732.50 |
| Meyer, Jill D. | C - 2008 | 355.00 | 24.7 | 8,768.50 |
| Neugebauer, Christian Timm | L - 2003 | 390.00 | 96.8 | 37,752.00 |
| Ostroff, Eric W. | L - 2004 | 540.00 | 2.9 | 1,566.00 |
| Peterman, N. Damali | C - 2008 | 355.00 | 96.7 | 34,328.50 |
| Pohl, Joshua | T - 2006 | 465.00 | 4.4 | 2,046.00 |
| Pfeiffer, Mareike | L - 2005 | 325.00 | 8.2 | 2,665.00 |
| Ruegenberg, Guido | C - 1999 | 485.00 | 134.3 | 65,135.50 |
| Schmiady, Hendrik | C - 2004 | 325.00 | 161.6 | 52,520.00 |
| Simmons, Camisha | BFR - 2006 | 465.00 | 0.3 | 139.50 |
| Tauser, Kian | T - 2000 | 585.00 | 0.3 | 175.50 |
| Tseng, Conray C. | BFR - 2006 | 465.00 | 35.1 | 16,321.50 |
| Tseng, Conray C. (Non-working Travel)* | BFR - 2006 | 232.50 | 3.0 | 697.50 |
| Villanueva, Marcus E. | C - 2004 | 540.00 | 73.3 | 39,582.00 |
| Wolff, Jennifer M. | T - 2003 | 540.00 | 0.5 | 270.00 |
| Yancy, Allen T. | L - 2006 | 465.00 | 83.4 | 38,781.00 |
| Zborovsky, Evgeny | C - 2008 | 355.00 | 12.3 | 4,366.50 |
| Zerbinopoulos, Lauren L. | L - 2008 | 355.00 | 18.6 | 6,603.00 |
| Zimmerman, Thomas | C - 1999 | 660.00 | 47.5 | 31,350.00 |
| **Total Associates** | | | **1,833.2** | **836,752.25** |

*Pursuant to Local Rule 2016-2(d)(viii), non-working travel is billed at 50 percent. Non-working travel is included in the Total Hours and Total Fees columns.

Department Legend: BFR = Business Finance & Restructuring; C = Corporate; L = Litigation; T = Tax

Charges for Services Rendered by Weil, Gotshal & Manges LLP on Behalf of the Debtors
February 12, 2009 through March 31, 2009

**Paraprofessionals:**

| Professional | Department/ Years of Experience | Hourly Rates | Total Hours | Total Fees |
|---|---|---|---|---|
| Bauche, Ellen | LI - 10 | 155.00 | 3.4 | 527.00 |
| Bettini, Elio | LI - 20 | 125.00 | 0.1 | 12.50 |
| Brien, Michael | C - 15 | 190.00 | 13.1 | 2,489.00 |
| Benjamin, Justin | LSS - 5 | 190.00 | 0.8 | 152.00 |
| Chung, Candace | C - 1.5 | 160.00 | 4.6 | 736.00 |
| Cruz, Luis | LI - 11 | 135.00 | 1.0 | 135.00 |
| Frayle, Barbara | C - 19 | 210.00 | 3.8 | 798.00 |
| Fredrick, Frances | LI - 17 | 195.00 | 0.2 | 39.00 |
| Gaucin, Amorita | L - 6 | 180.00 | 1.7 | 306.00 |
| Koul, Yashomati B. | BFR - 3 | 180.00 | 80.0 | 14,400.00 |
| Lee, Kathleen | BFR - 13 | 245.00 | 3.3 | 808.50 |
| Litvack, David | Law Clerk | 225.00 | 4.7 | 1,057.50 |
| Marquez, Francheska | C - 8 | 200.00 | 10.5 | 2,100.00 |
| Matiteyahu, Gillad | BFR - 1 | 160.00 | 1.9 | 304.00 |
| Mills, Marvin | Law Clerk | 225.00 | 6.9 | 1,552.50 |
| Munich-Library | LI - -- | 185.00 | 0.1 | 18.50 |
| O'Connor, Colin | C - 8 | 230.00 | 3.0 | 690.00 |
| Pancham, Brenda | LI - 7 | 100.00 | 0.2 | 20.00 |
| Pasion, Luis L. | MCL - 31 | 140.00 | 2.0 | 280.00 |
| Prindle, Kaitlin C. | BFR - 1 | 180.00 | 56.9 | 10,242.00 |
| Pugh, Daniela M. | LI - 10 | 145.00 | 0.3 | 43.50 |
| Ribaudo, Mark | MCL - 27 | 170.00 | 1.6 | 272.00 |
| Rivera, David | MCL - 16 | 150.00 | 5.5 | 825.00 |
| Roth, Debra | C - 25 | 180.00 | 4.6 | 828.00 |
| Seavey, Lori A. | BFR - 18 | 205.00 | 110.3 | 22,611.50 |
| Smith, Odalys C. | L - 18 | 205.00 | 6.4 | 1,312.00 |
| Wilmer, Andrea | BFR - 9 | 160.00 | 0.5 | 80.00 |
| **Total Paraprofessionals** | | | **327.4** | **62,639.50** |

Department Legend:  BFR = Business Finance & Restructuring; C = Corporate; L = Litigation;
LI = Library; MCL = Managing Clerk; LSS = Litigation Support Services

Summary of Charges for Services Rendered by Weil, Gotshal & Manges LLP
February 12, 2009 through March 31, 2009

| Professional | Total Hours | Total Fees |
|---|---|---|
| Total Partner | 838.5 | $718,005.00 |
| Total Associate | 1,833.2 | $836,752.25 |
| Sub-Total for Attorneys | 2,671.7 | $1,554,757.25 |
| Total Paraprofessional | 327.4 | $62,639.50 |
| Total | 2,999.1 | $1,617,396.75 |
| | | |
| Blended Hourly Rate - Attorneys | | $581.94 |

Summary of Services by Work Code for Services Rendered by
Weil, Gotshal & Manges LLP on Behalf of Debtors
February 12, 2009 through March 31, 2009

| Work Code Category | Hours | Fees |
|---|---|---|
| German Restructuring | 327.5 | 171,432.00 |
| Case Administration | 182.2 | 44,968.50 |
| Asset Dispositions/363 Sales | 0.5 | 332.00 |
| Automatic Stay/Adequate Protection | 37.8 | 16,082.00 |
| Claims Issues/Analysis/Objections | 101.8 | 51,740.50 |
| DIP Financing | 546.2 | 362,643.00 |
| Employee/ERISA/Benefits Issues | 45.4 | 26,524.00 |
| Environmental Issues | 2.3 | 2,015.00 |
| Executory Contracts/Unexpired Leases/365 Issues | 179.5 | 69,675.50 |
| General Business Operations | 15.0 | 5,785.50 |
| General Case Strategy | 192.3 | 127,468.00 |
| Hearings and Court Matters | 82.4 | 49,376.00 |
| Hedging Issues | 53.1 | 26,783.50 |
| Insurance Issues | 4.3 | 1,784.50 |
| Miscellaneous Real Property Issues | 0.3 | 285.00 |
| Retention/Fee Apps: Ordinary Course Prof. | 51.9 | 11,677.00 |
| Retention/Fee Apps: Other Professionals | 45.5 | 22,440.50 |
| Schedules/Statement of Financial Affairs | 1.1 | 594.00 |
| Tax Issues | 14.8 | 9,656.50 |
| Unsecured Creditor Committee Issues/Meetings/Communications | 28.6 | 17,941.50 |
| Utility Issues | 464.9 | 246,349.50 |
| WG&M Retention/Billing/Fee Applications | 39.3 | 12,810.00 |
| Corporate (Including Corporate Governance) | 484.6 | 293,212.00 |
| Non-Bankruptcy Litigation | 64.2 | 34,282.50 |
| Non-Working Travel | 33.6 | 11,538.25 |
| Total | 2,999.1 | $ 1,617,396.75 |

Summary of Disbursements Incurred by Weil Gotshal & Manges LLP
for the Period February 12, 2009 through March 31, 2009

| Disbursement | Total | |
|---|---|---|
| Air Courier/Express Mail | $ | 263.99 |
| Business Meals/Meetings/Conferences | $ | 1,067.68 |
| Computerized Research | $ | 12,838.35 |
| Courier Services | $ | 121.32 |
| Court Reporting | $ | 49.09 |
| Domestic Travel | $ | 5,288.45 |
| Duplicating | $ | 2,611.90 |
| Duplicating Services - Velobinding, Color Copies, Spiral, Convenience | $ | 69.50 |
| Facsimile Copies (Outgoing) | $ | 9.00 |
| Local Transportation | $ | 194.24 |
| Postage | $ | 91.04 |
| Taxi Service - Legal | $ | 1,655.75 |
| Teleconference Charges | $ | 17.38 |
| Telephone-Credit/Collect/Third Party | $ | 0.50 |
| Grand Total | $ | 24,278.19 |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

```
----------------------------------------------------x
                                           :
In re                                      :   Chapter 11
                                           :
ALERIS INTERNATIONAL, INC., et al.,        :   Case No. 09-10478 (BLS)
                                           :
                                           :   (Jointly Administered)
           Debtors.                        :
                                           :
----------------------------------------------------x
```

## MONTHLY APPLICATION OF WEIL, GOTSHAL & MANGES LLP, AS ATTORNEYS FOR THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM FEBRUARY 12, 2009 THROUGH MARCH 31, 2009

Pursuant to sections 330 and 331 of title 11 of the United States Code (the

"***Bankruptcy Code***"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"***Bankruptcy Rules***"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of

the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), the United

States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of

Expenses Filed Under 11 U.S.C. § 330 issued by the Executive Office for United States Trustees

(the "***Guidelines***"), and the Court's order implementing certain procedures for the interim

compensation of professionals (the "***Administrative Order***")[1], Weil, Gotshal & Manges LLP

("***WG&M***"), counsel for Aleris International, Inc., and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "***Debtors***"[2]),

---

[1] Order Pursuant to Sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016 Implement Certain Procedures for the Interim Compensation and Reimbursement of Professional, dated March 11, 2009 [Docket No. 251].

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Aleris International, Inc. (8280), Alchem Aluminum Shelbyville Inc. (8122), Alchem

hereby files this monthly application (the "*Application*") for allowance of compensation for professional services rendered and for reimbursement of actual and necessary expenses incurred in connection with WG&M's representation of the Debtors for the period commencing February 12, 2009 through and including March 31, 2009 (the "*Compensation Period*"). In support of this Application, WG&M respectfully represents as follows:

## Summary of Professional Compensation and Reimbursement of Expenses Requested

1.     By this Application, WG&M requests allowance of $1,617,396.75 as compensation for professional services rendered during the Compensation Period and $24,278.19 as reimbursement for actual and necessary expenses incurred by WG&M during the Compensation Period. All services for which compensation is requested by WG&M were performed for or on behalf of the Debtors.

2.     During the Compensation Period, WG&M has received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between WG&M and any other person, other than members of the firm, for the

---

Aluminum, Inc. (5207), Aleris Aluminum Europe, Inc. (0921), Aleris Aluminum U.S. Sales Inc. (9536), Aleris Blanking and Rim Products, Inc. (7340), Aleris Light Gauge Products, Inc. (7311), Aleris Nevada Management, Inc. (2935), Aleris Ohio Management, Inc. (0637), Aleris, Inc. (6630), Alsco Holdings, Inc. (5535), Alsco Metals Corporation (7792), Alumitech of Cleveland, Inc. (1568), Alumitech of Wabash, Inc. (4425), Alumitech of West Virginia, Inc. (3237), Alumitech, Inc. (9351), AWT Properties, Inc. (5332), CA Lewisport, LLC (6561), CI Holdings, LLC (9484), Commonwealth Aluminum Concast, Inc (7844), Commonwealth Aluminum Lewisport, LLC (7736), Commonwealth Aluminum Metals, LLC (8491), Commonwealth Aluminum Sales Corporation (8512), Commonwealth Aluminum Tube Enterprises, LLC (7895), Commonwealth Aluminum, LLC (5039), Commonwealth Industries, Inc. (5741), ETS Schaefer Corporation (9350), IMCO Indiana Partnership L.P. (3840), IMCO International, Inc. (8362), IMCO Investment Company (5738), IMCO Management Partnership, L.P. (2738), IMCO Recycling of California, Inc. (0255), IMCO Recycling of Idaho Inc. (8990), IMCO Recycling of Illinois Inc. (7227), IMCO Recycling of Indiana Inc. (4357), IMCO Recycling of Michigan L.L.C. (5772), IMCO Recycling of Ohio Inc. (1405), IMCO Recycling of Utah Inc. (2330), IMCO Recycling Services Company (0589), IMSAMET, Inc. (7929), Rock Creek Aluminum, Inc. (3607), Silver Fox Holding Company (1188), and Wabash Alloys, L.L.C. (0708).

sharing of compensation to be received for services rendered in these cases.

        3.     The fees charged by WG&M in these cases are billed in accordance with its existing billing rates and procedures in effect during the Compensation Period. The rates WG&M charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases are the same rates WG&M charges for professional and paraprofessional services rendered in comparable non-bankruptcy related matters. Such fees are reasonably based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

        4.     WG&M maintains computerized records of the time spent by all WG&M attorneys and paraprofessionals in connection with its representation of the Debtors and non-debtor affiliates. Subject to redaction where necessary to preserve the attorney-client privilege, annexed hereto as Exhibits "A-1" through "A-25" are copies of WG&M's itemized time records for professionals and paraprofessionals performing services for the Debtors during the Compensation Period. All entries itemized in WG&M's time records comply with the requirements set forth in Local Rule 2016-2 and the Guidelines, including the use of separate matter numbers for different project types, as hereinafter described.

        5.     Annexed hereto as Exhibit "B" are WG&M's itemized records detailing expenses incurred on behalf of the Debtors during the Compensation Period. All entries itemized in WG&M's expense records comply with the requirements set forth in Local Rule 2016-2 and the Guidelines.

        6.     To the best of my knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, Local Rule 2016-2, the Guidelines, and the Administrative Order.

<u>Background</u>

7.    On February 12, 2009 (the "***Commencement Date***"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Further, in accordance with an Order of this Court, the Debtors' cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

8.    On February 20, 2009, the United States Trustee for the District of Delaware (the "***U.S. Trustee***") appointed the Official Committee of Unsecured Creditors (the "***Committee***").

9.    By order dated March 10, 2008 (the "***Retention Order***"),[3] the Court approved the employment and retention of WG&M as counsel for the Debtors. The Retention Order authorized WG&M to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Administrative Order.

10.    Similarly, by order dated July 14, 2008, the Court approved the employment and retention of Richards, Layton & Finger, P.A ("***RL&F***")[4] as co-counsel for the Debtors. WG&M and RL&F have divided responsibilities regarding representation of the

---

[3] Order Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure Authorizing the Employment and Retention of Weil, Gotshal & Manges LLP as Attorneys for the Debtors, *Nunc Pro Tunc* to the Commencement Date, dated March 10, 2009 [Docket No. 240]

[4] Order Authorizing the Retention and Employment of Richards, Layton & Finger, P A as Co-Counsel to the Debtors Nunc Pro Tunc to the Petition Date Pursuant to Section 327(a) of the Bankruptcy Code, dated March 10, 2009 [Docket No. 239].

Debtors and have made every effort to avoid and/or minimize unnecessary duplication of efforts in these chapter 11 cases.

## Summary of Services

11.     The following is a summary of the significant professional services rendered by WG&M during the Compensation Period  This summary is organized in accordance with the internal system of work codes set up by WG&M at the outset of these chapter 11 cases.[5] If a work code does not appear below, then WG&M did not bill time for that work code during the Compensation Period, but may bill time for that work code in the future.

(a)     German Restructuring (Work Code 0004)
Fees: $171,432.00; Total Hours: 327.5

- Addressing issues related to German non-debtor restructuring.

(b)     Case Administration (Work Code 0005)
Fees: $44,968.50; Total Hours: 182.2

- Performed general document review and maintained a contact list, a task list, a case calendar, a case docket of documents filed with the Court, an internal electronic document database, and a call log of initial inquiries relating to the Debtors' chapter 11 cases.

- Reviewed and addressed reporting requirements under Bankruptcy Rule 2015.3.

- Reviewed and addressed issues related to the Debtors' monthly operating reports.

(c)     Asset Dispositions/363 Sales (Work Code 0006)
Fees: $332.00; Total Hours: 0.5

- Reviewed, drafted, and responded to memos regarding disposition of obsolete equipment

- Correspondence regarding asset dispositions related to the St. Johns transaction.

---

[5] Exhibits "A-1" through "A-25" annexed hereto provide a more detailed description of the services provided, and reference should be made thereto for a complete recitation of such services.

(d)    <u>Automatic Stay/Adequate Protection (Work Code 0007)</u>
       Fees: $16,082.00; Total Hours: 37.8

- Prepared and sent letters regarding the automatic stay

- Drafted, reviewed, and revised motion to modify the automatic stay to allow certain setoffs.

- Reviewed and responded to request for relief from the automatic stay by James Renee.

(e)    <u>Claims Issues/Analysis/Objections (Work Code 0008)</u>
       Fees: $51,740.50; Total Hours: 101.8

- Drafted, reviewed, and revised customer programs motion

- Reviewed and analyzed certain claims, including, among others, reclamation claims and claims asserting priority status under section 503(b)(9) of the Bankruptcy Code.

- Drafted motion to establish certain claim settlement procedures

- Addressed vendor inquiries and related issues.

- Drafted, reviewed, and revised motion to establish deadline to file proofs of claim.

(f)    <u>DIP Financing (Work Code 0009)</u>
       Fees: $362,643.00; Total Hours: 546.2

- Researched and addressed issues related to DIP financing and the DIP facility.

- Communicated with the Debtors, non-debtor affiliates, lenders under the DIP facility, and the Committee regarding DIP financing and the DIP facility.

- Prepared for and participated in contested final hearing regarding approval of the DIP facility.

- Reviewed and revised final order approving the DIP facility.

- Reviewed and revised intercreditor agreement.

(g)    <u>Employee/ERISA/Benefits Issues (Work Code 0010)</u>
       Fees: $26,524.00; Total Hours: 45.4

- Conferred internally and with the Debtors regarding employee-related issues.

- Researched and addressed certain employee-related issues and obligations, including, among other things, severance and benefits.

(h) <u>Environmental Issues (Work Code 0011)</u>
Fees: $2,015.00; Total Hours: 2.3

- Reviewed and addressed environmental related issues, including a potential settlement with Environmental Protection Agency of certain environmental liabilities.

- Communicated with the Debtors and environmental counsel regarding such issues.

(i) <u>Executory Contracts/Unexpired Leases (Work Code 0013)</u>
Fees: $69,675.50; Total Hours: 179.5

- Reviewed and analyzed executory contracts and leases to determine, among other things, whether a lease is a financing agreement.

- Drafted, reviewed, and revised motion to reject certain leases and contracts.

- Drafted, reviewed, and revised motion to assume and assign certain leases and contracts.

(j) <u>General Business Operations (Work Code 0015)</u>
Fees: $5,785.50; Total Hours: 15 0

- Addressed issues related to cash management system.

- Reviewed and responded to inquiries regarding general business operations.

- Addressed public relations matters.

- Prepared audit response letter

(k) <u>General Case Strategy (Work Code 0016)</u>
Fees: $127,468.00; Total Hours: 192 3

- Reviewed and responded to e-mails, miscellaneous memos, and other correspondence regarding pending matters.

- Conducted regular team meetings regarding pending matters and general case strategy.

- Conferred with the Debtors, the Debtors' financial advisor, and the Debtors' restructuring advisors regarding strategy, next steps, and pending matters.

(l)     <u>Hearings and Court Matters (Work Code 0015)</u>
    Fees: $49,376.00; Total Hours: 82.4

- Prepared for and attended hearings on February 13, 2009, March 11, 2009, March 16, 2009, and March 25, 2009.

(m)     <u>Hedging Issues (Work Code 0016)</u>
    Fees: $26,783.50; Total Hours: 53.1

- Reviewed and addressed issues related to hedging agreements, forward contracts, and other derivatives.

- Reviewed International Securities and Derivatives Association Protocol for Aleris derivatives.

(n)     <u>Insurance Issues (Work Code 0019)</u>
    Fees: $1,784.50; Total Hours: 4.3

- Addressed insurance-related issues.

(o)     <u>Miscellaneous Real Property Issues (Work Code 0020)</u>
    Fees: $285.00; Total Hours: 0.3

- Conferred with the Debtors regarding mechanic's lien issues.

(p)     <u>Retention / Fee App: Ordinary Course Professional (Work Code 0022)</u>
    Fees: $11,677.00; Total Hours: 51.9

- Prepared and distributed affidavits, retention questionnaires, and other related materials to ordinary course professionals.

- Reviewed and filed applications for ordinary course professionals

(q)     <u>Retention/Fee Apps: Other Professionals (Work Code 0023)</u>
    Fees: $22,440.50; Total Hours: 45.5

- Prepared, reviewed, revised, and filed applications to retain Alvarez and Marsal NA, LLC, as the Debtors' restructuring advisor, Ernst & Young LLP, as the Debtors' auditors and tax advisors, PriceWaterhouseCooper LLP, as the Debtors' special tax advisors, and Baker & McKenzie LLP, as the Debtors' special counsel.

- Reviewed and responded to objections to the retention of Moelis & Company LLC, as the Debtors' financial advisors.

(r)     <u>Schedules/Statement of Financial Affairs (Work Code 0024)</u>
    Fees: $594.00; Total Hours: 1.1

- Drafted general notes to the schedules and statements of financial affairs.

- Conferred with the Debtors and the Debtors' restructuring advisors regarding the schedules and statements of financial affairs

(s)   Tax Issues (Work Code 0025)
      Fees: $9,656.50; Total Hours: 14.8

- Reviewed and addressed tax-related issues, including, among other things, net operating losses.

(t)   Unsecured Creditor Committee Issues/
      Meetings/Communications (Work Code 0026)
      Fees: $17,941.50; Total Hours: 28.6

- Prepared for and attended section 341 meeting.

- Prepared for and attended Committee formation meeting.

- Communicated with Committee's advisors regarding document and diligence requests, as well as pending and upcoming matters.

(u)   Utility Issues (Work Code 0027)
      Fees: $246,349.50; Total Hours: 464.9

- Researched and addressed utility-related issues.

- Negotiated various adequate assurance demands and settlements.

- Reviewed and revised escrow agreement for adequate assurance deposits.

- Reviewed various utility contracts.

- Prepared, reviewed, and revised settlement with Constellation.

(v)   WG&M Retention/Billing/Fee Application (Work Code 0028)
      Fees: $12,810.00; Total Hours: 39.3

- Updated conflicts list and reviewed conflicts check.

- Prepared and reviewed billing summary reports.

(w)   Corporate (Including Corporate Governance) (Work Code 0029)
      Fees: $293,212.00; Total Hours: 484.6

- Researched and addressed a number of corporate governance related issues and communicated with client regarding the same.

- Prepared and responded to certain actions commenced in Germany regarding the corporate governance of Aleris's non-debtor subsidiaries.

- Reviewed financial statements.

(x)     <u>Non-Bankruptcy Litigation (Work Code 0030)</u>
Fees: $34,282.50; Total Hours: 64.2

- Reviewed non-bankruptcy litigation.

- Prepared, reviewed, and filed motion to enjoin non-bankruptcy litigation against certain of the Debtors' employees.

(y)     <u>Non-Working Travel (Work Code 0031)</u>
Fees: $11,538.25; Total Hours: 33.6

- Time spent by WG&M traveling while representing the Debtors. In accordance with Local Rule 2016-2(d)(viii), WG&M billed the Debtors for one-half the total time that WG&M professionals spent on non-working travel.

- Non-working travel arose from attending hearings on February 13, 2009, March 11, 2009, March 16, 2009, and March 25, 2009 as well as the Committee formation and section 341 meetings.

12.     The foregoing professional services performed by WG&M were necessary and appropriate to the administration of the Debtors' chapter 11 cases. The professional services performed by WG&M were in the best interests of the Debtors and their estates and were provided without unnecessary duplication of effort or expense incurred by professionals and paraprofessionals employed by RL&F. Compensation for the foregoing services as requested is commensurate with the complexity, importance and nature of the problems, issues, or tasks involved. The professional services were performed with expedition and in an efficient manner.

13.     Many of the services performed by members, counsel, and associates of WG&M were rendered by the Business Finance and Restructuring Department ("*BF&R*"). WG&M has a preeminent practice in this area and enjoys a national reputation for its expertise in financial reorganizations and restructurings of troubled entities, with approximately 70 attorneys specializing in this area of law. WG&M has been actively involved in major chapter 11 cases, and currently represents or has represented the following debtors: LandSource Communities Development LLC; Vertis Holdings, Inc., PRC, LLC; Charys Holding Co., Inc. and Crochet &

Borel Services, Inc.; Sharper Image Corporation; Silicon Graphics, Inc.; Atkins Nutritionals, Inc.; Footstar, Inc.; New World Pasta Company; Parmalat USA Corp.; Loral Space & Communications Ltd.; TL Administration Corporation; Republic Engineered Product Holdings; WestPoint Stevens Inc.; Worldcom, Inc.; Adelphia Business Solutions, Inc.; Enron Corp.; APW Ltd.; Agway, Inc.; Formica Corp.; Global Crossing Ltd.; Kasper A.S.L., Ltd.; Ames Department Stores, Inc.; AI Realty Marketing of New York, Inc.; Pergament Home Centers, Inc.; Regal Cinemas, Inc.; Republic Technologies Int'l, LLC; Rhythms NetConnections Inc.; Sunbeam Corporation; Bethlehem Steel Corporation; Armstrong World Industries, Inc.; Genesis Health Services Corp.; Grand Union Corporation; Weiner's Stores; Carmike Cinemas, Inc.; DIMAC Marketing Corporation; Sun Healthcare Group, Inc.; United Companies Financial Corporation; Bruno's, Inc.; Consolidated Hydro, Inc.; G. Heileman Brewing Company, Inc.; Olympia & York Development Limited; R.H. Macy & Co., Inc.; Best Products Co., Inc.; I & II, P.A. Bergner & Co. Holding Company; The Drexel Burnham Lambert Group, Inc.; Eastern Air Lines, Inc.; Edison Brothers Stores, Inc. I & II; Texaco Inc.; and many others. As a consequence, WG&M brings to these cases a high level of expertise and experience that inures to the benefit of the Debtors and all parties in interest.

14.    Stephen Karotkin and Debra A. Dandeneau, partners of the BF&R department in WG&M's New York office, have been the principal partners responsible for the rendition of professional services to the Debtors and have expended substantial time in connection with these chapter 11 cases. WG&M has staffed these cases with a small core group of professionals to ensure efficiency and minimize costs. To this end, of the 2,999.1 hours billed by WG&M partners, counsel, associates, and paraprofessionals during the Compensation Period, approximately 76% of the total hours was billed by a core group of professionals comprised of six (6) partners, eleven (11) associates, and three (3) paraprofessionals.

15. Professional services performed by WG&M on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 2,999.1 recorded hours by WG&M's members, counsel, associates, and paraprofessionals. Of the aggregate time expended, 838.5 recorded hours were expended by partners of WG&M, 1,833.2 recorded hours were expended by associates, and 327.4 recorded hours were expended by paraprofessionals of WG&M.

16. During the Compensation Period, WG&M's hourly billing rates for attorneys ranged from $325 to $1,165.00 per hour. Allowance of compensation in the amount requested would result in a blended hourly rate for attorneys of approximately 581.94 (based on 2,671.7 recorded hours at WG&M's regular billing rates in effect at the time of the performance of services).

## Actual and Necessary Disbursements of WG&M

17. Annexed hereto as Exhibit "B" are WG&M's itemized records detailing actual and necessary expenses. WG&M requests allowance of actual and necessary expenses incurred by WG&M during the Compensation Period in the aggregate amount of $24,278.19.

18. WG&M's disbursement policies pass through all out of pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine. For example, with respect to duplication charges, WG&M charges $.10 per page because the actual cost is difficult to determine. Similarly, as it relates to computerized research, WG&M believes that it does not make a profit on that service as a whole although the cost of any particular search is difficult to ascertain. Other reimbursable expenses (whether the service is performed by WG&M in-house or through a third party vendor) include, but are not limited to, facsimiles, toll calls, overtime, overtime meals, deliveries, court costs, cost of food at meetings, transcript fees, travel, and clerk fees. Notably, WG&M charges all of its clients $1.00/page for outgoing

facsimile transmissions and does not charge its clients for incoming facsimile transmissions, and all travel expenses are billed at coach fare rates.

## Reservation

19. To the extent time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period but were not processed prior to the preparation of this Application, or WG&M has for any other reason not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Compensation Period, WG&M reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## Notice

20. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion has been provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) proposed counsel to the official committee of unsecured creditors; (iii) counsel to Deutsche Bank AG New York Branch, as administrative agent under the ABL Agreements, the Term Loan Agreements, and the Debtors' postpetition revolving and term credit facilities; (iv) all parties who have requested notice pursuant to Bankruptcy Rule 2002; and (v) counsel to Wilmington Trust Corporation, as trustee under the Indentures.

## Conclusion

WHEREFORE WG&M respectfully requests (i) allowance of compensation for professional services rendered to the Debtors during the Compensation Period in the amount of $1,617,396.75 (80% of which equals $1,293,917.40) and reimbursement for actual and necessary costs and expenses incurred by WG&M during the Compensation Period in the amount of $24,278.19, for a total of $1,641,674.94, (ii) that, in accordance with the Administrative Order,

the Court direct the Debtors to pay WG&M $1,318,195.59, representing 80% of the total amount of fees and 100% of the expenses allowed, (iii) that the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to WG&M's right to seek such further compensation for the full value of services performed and expenses incurred, and (iv) that the Court grant WG&M such other and further relief as is just

Dated:  April 29, 2009
        Wilmington, Delaware

                                        _____
                                        Stephen Karotkin
                                        Debra A. Dandeneau
                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, NY 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        ATTORNEYS FOR
                                        DEBTORS AND DEBTORS IN
                                        POSSESSION

## VERIFICATION

STATE OF NEW YORK      )
                             ) s.s.:
COUNTY OF NEW YORK   )

         Debra A. Dandeneau, after being duly sworn according to law, deposes and says as follows:

         1.     I am a member with the applicant firm, Weil, Gotshal & Manges LLP, and have been admitted to appear before this Court.

         2.     I have personally performed many of the legal services rendered by Weil, Gotshal & Manges LLP as counsel to the Debtors and am thoroughly familiar with the other work performed on behalf of the Debtors by the lawyers in the firm.

         3.     I have reviewed the foregoing Application, and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Local Rule 2016-2 and submit that the Application substantially complies with such rule.

                                     Debra A. Dandeneau, Esq.

SWORN TO AND SUBSCRIBED before
me this 29th day of April, 2009

_____
Notary Public
My Commission Expires:

ILUSION RODRIGUEZ
NOTARY PUBLIC, State of New York
No. 01RO6188069
Qualified in Kings County
Commission Expires June 02, 20 12