## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------x

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| ALERIS INTERNATIONAL, INC., *et al.*, | : | Case No. 09-10478 (BLS) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | **Re: Docket No. 1661** |

-------------------------------------------------------x

### NOTICE OF AFFIDAVITS OF PUBLICATION

PLEASE TAKE NOTICE that the above-captioned debtors and debtors in possession (collectively, the "Debtors"), have filed the attached **Affidavits of Publication** regarding the *Notice of Confirmation Hearing, Objection Deadline and Voting Deadline Regarding the Debtors' First Amended Plan* with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801.

Dated: April 23, 2010
      Wilmington, Delaware

Paul N. Heath (No. 3704)
L. Katherine Good (No. 5101)
Andrew C. Irgens (No. 5193)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Phone: (302) 651-7700
Fax: (302) 651-7701

-and-

Stephen Karotkin
Debra A. Dandeneau
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Phone: (212) 310-8000
Fax: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

# AFFIDAVIT OF PUBLICATION

State of New Jersey
ss:
Gloucester County

Frank Gargano, being duly sworn, on his oath, says he is an agent of the South Jersey Newspapers Co., publishers of the "*Gloucester County Times*", a newspaper printed and published at *Woodbury*, State and County aforesaid, and that a notice of which the annexed is a true copy, was published in said newspaper for a period of ___1___ time(s), once each week, successively commencing on the ___26___ day of ___March___ 2010, and ___continuing___ 2010.

_Frank Gargano, Publisher_

Sworn to and subscribed before
me this ___30___ day of ___March___ 2010

_Cynthia J. Frazier_

CYNTHIA J. FRAZIER
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires May 12, 2011.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| In re | ) Chapter 11 |
|---|---|
| ALERIS INTERNATIONAL, INC., *et al.*, | ) Case No. 09-10478 |
| Debtors. | ) (Jointly Administered) |

**NOTICE OF DEADLINE TO FILE CERTAIN REQUESTS**
**FOR PAYMENT OF ADMINISTRATIVE EXPENSES**
TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE FOLLOWING ENTITIES (each a "*U.S. Debtor*," and collectively, the "*U.S. Debtors*")

Aleris International, Inc.; Alchem Aluminum Shelbyville Inc.; Alchem Aluminum, Inc.; Aleris Aluminum Europe, Inc.; Aleris Aluminum U.S. Sales Inc.; Aleris Blanking and Rim Products, Inc.; Aleris Light Gauge Products, Inc.; Aleris Nevada Management, Inc.; Aleris Ohio Management, Inc.; Aleris, Inc.; Alsco Holdings, Inc.; Alsco Metals Corporation; Alumitech of Cleveland, Inc.; Alumitech of Wabash, Inc.; Alumitech of West Virginia, Inc.; Alumitech, Inc.; AWT Properties, Inc.; CA Lewisport, LLC; CI Holdings, LLC; Commonwealth Aluminum Concast, Inc.; Commonwealth Aluminum Lewisport, LLC; Commonwealth Aluminum Metals, LLC; Commonwealth Aluminum Sales Corporation; Commonwealth Aluminum Tube Enterprises, LLC; Commonwealth Aluminum, LLC; Commonwealth Industries, Inc.; ETS Schaefer Corporation; IMCO Indiana Partnership L.P.; IMCO International, Inc.; IMCO Investment Company; IMCO Management Partnership, L.P.; IMCO Recycling of California, Inc.; IMCO Recycling of Idaho Inc.; IMCO Recycling of Illinois Inc.; IMCO Recycling of Indiana Inc.; IMCO Recycling of Michigan L.L.C.; IMCO Recycling of Ohio Inc.; IMCO Recycling of Utah Inc.; IMCO Recycling Services Company; IMSAMET, Inc.; Rock Creek Aluminum, Inc.; Silver Fox Holding Company; Wabash Alloys L.L.C.

PLEASE TAKE NOTICE OF THE FOLLOWING:

On February 12, 2009, each of the U.S. Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

On March 12, 2010, the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") entered an order requiring all persons and entities that assert certain types of administrative expense arising under section 503(b)(1) of the Bankruptcy Code ("*Administrative Expense*") against any of the U.S. Debtors to file a proof of Administrative Expense by **5:00 p.m. (New York City Time) on Thursday May 20, 2010** (the "*Administrative Expense Bar Date*").

1. **WHO MUST FILE AN ADMINISTRATIVE EXPENSE CLAIM.** Only *certain holders of Administrative Expense claims must file a proof of Administrative Expense claim.* If you believe you have a claim against any of the U.S. Debtors that (i) arose after February 12, 2009, (ii) qualifies as an administrative expense under section 503(b)(1) of the Bankruptcy Code, *and* (iii) falls within any of the six categories described below, no matter how remote or contingent, you must file a request for payment on account of such Administrative Expense on or before the Administrative Expense Bar Date:

A. Any Administrative Expense representing personal injury, property damage, or other tort claims against any of the U.S. Debtors;

B. Any Administrative Expense for breach of an obligation – contractual, statutory or otherwise – by any of the U.S. Debtors, including any environmental liability (but other than any environmental liability with respect to property that is currently owned or operated by any of the U.S. Debtors);

C. Any Administrative Expense for amounts incurred by any of the U.S. Debtors after February 12, 2009 in the ordinary course of such U.S. Debtor's business if payment of such amounts is alleged to be overdue by at least 60 days;

D. Any Administrative Expense incurred by any of the U.S. Debtors outside the ordinary course of its business or on other than ordinary business terms, except to the extent the incurrence of such Administrative Expense claim was approved by the Bankruptcy Court (*e.g.*, the DIP ABL Claim, the New Money Term DIP Claims and the U.S. Roll-Up Term Loan Claims) or represents fees and expenses of professionals arising under sections 330, 331, or 503(b)(2)-(5) of the Bankruptcy Code;

E. Any Administrative Expense that would not ordinarily be reflected as a payable on the U.S. Debtors' books and records or as a liability on the U.S. Debtors' financial statements; or

F. Any Administrative Expense representing an employee claim against any of the U.S. Debtors, *other than* (i) a claim for wages, benefits, pension or retirement benefits or expense reimbursement by an employee who is employed by such U.S. Debtor as of the Administrative Expense Bar Date or (ii) a grievance claim under any collective bargaining agreement to which such U.S. Debtor is a party.

Claims of the type specified in A – F above are referred to in this Notice as "*Specified Administrative Expense Claims*." If you hold a Specified Administrative Expense Claim, *and* you have asserted the claim in an action commenced against and served on any of the U.S. Debtors on or before March 12, 2010, *and* you have asserted in that action that the U.S. Debtor's liability is predicated upon the operation of the U.S. Debtor's business after February 12, 2009 or otherwise have alleged that such liability should be accorded administrative expense status, then *you are not required to file* a proof of Specified Administrative Expense against such U.S. Debtor. *This is the only exception to the requirement that holders of Specified Administrative Expense Claims file a proof of such Specified Administrative Expense Claims by the Administrative Expense Bar Date.*

If you assert a claim under section 503(b)(9) of the Bankruptcy Code, the deadline for filing any such claim against the U.S. Debtors has passed, and the time has not been extended as a result of the Court's setting of an Administrative Expense Bar Date.

2. **WHEN AND WHERE TO FILE.** All Specified Administrative Expenses must be filed so as to be received no later than **5:00 P.M. (New York City Time), on or before Thursday, May 20, 2010** at the following address: **By Hand Delivery or By Mail:** Aleris Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

Kurtzman Carson Consultants LLC ("*KCC*") will *not* accept proofs of Specified Administrative Expenses by facsimile or any electronic means.

3. **WHAT TO FILE.** Each Specified Administrative Expense must conform substantially to the claim form that has been approved by the Bankruptcy Court. Such claim form may be obtained on the website established by the U.S. Debtors in connection with their chapter 11 cases, www.kccllc.net/aleris, or by contacting KCC at 866-381-9100. Such claim must be written in English, and any amounts claimed therein must be converted to United States dollars.

Any creditor who is required, but fails, to file a request for payment of a Specified Administrative Expense by **5:00 p.m. (New York City Time) on or before Thursday, May 20, 2010** (the Administrative Expense Bar Date) will be forever barred, estopped, and enjoined from asserting such Specified Administrative Expense against any of the U.S. Debtors, their respective estates, or any successors to the U.S. Debtors (including any reorganized U.S. Debtors), and the U.S. Debtors will be forever discharged from any and all indebtedness or liability with respect to such Specified Administrative Expense.

| RICHARDS, LAYTON & FINGER, P.A. | WEIL, GOTSHAL & MANGES LLP |
|---|---|
| One Rodney Square | 767 Fifth Avenue |
| P.O. Box 551 | New York, New York 10153 |
| Wilmington, Delaware 19899 | |

ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION

791276

---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| In re | ) Chapter 11 |
|---|---|
| ALERIS INTERNATIONAL, INC., *et al.*, | ) Case No. 09-10478 |
| Debtors. | ) (Jointly Administered) |

**NOTICE OF CONFIRMATION HEARING,**
**OBJECTION DEADLINE, AND VOTING**
**DEADLINE REGARDING THE DEBTORS'**
**FIRST AMENDED PLAN**

PLEASE TAKE NOTICE OF THE FOLLOWING:

**Approval of the Disclosure Statement.** On March 15, 2010, the United States Bankruptcy Court for the District of Delaware approved the proposed disclosure statement (the "*Disclosure Statement*") for the *First Amended Plan of Reorganization of Aleris International, Inc. and Its Affiliated Debtors, as Modified,* dated March 19, 2010 (Docket No. 1684) (as may be amended or further modified, the "*Plan*"). The Plan is attached to the Disclosure Statement as Exhibit "A." The affiliated debtors of Aleris International, Inc. are listed below (with Aleris International, Inc., each a "*Debtor*" and collectively, the "*Debtors*").

**Confirmation Hearing.** On Thursday May 13, 2010 at 9:30 a.m. (Eastern Daylight Time), the Honorable Judge Brennan L. Shannon will conduct a hearing (the "*Confirmation Hearing*") to consider confirmation of the Plan at the United States Bankruptcy Court for the District of Delaware, 6th Floor Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties other than by filing such modifications with the Court prior to the Confirmation Hearing or announcing any such modifications at the Confirmation Hearing.

**Objection Deadline.** The deadline to object to confirmation of the Plan is **Thursday April 29, 2010 at 4:00 p.m. (Eastern Daylight Time).** All objections must be filed with the Court and served upon the appropriate notice parties in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. A list of the "Notice Parties" is included in Exhibit "B" to the Disclosure Statement.

**Voting Deadline.** Votes to accept or reject the Plan must be *actually received* by the Debtors' voting agent by **Thursday April 29, 2010 at 5:00 p.m. (Pacific Daylight Time)** (the "*Voting Deadline*"). Before voting, please carefully review the voting procedures for the Plan (the "*Voting Procedures*"), which are attached to the Disclosure Statement as Exhibit "D."

**Copies of Documents.** A copy of the Disclosure Statement may be downloaded from http://www.kccllc.com/aleris or may be obtained by a written request to Aleris Claims Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo CA 90245.

The affiliated debtors of Aleris International, Inc. (8280) and the last four digits of their federal tax identification numbers are as follows:

Alchem Aluminum Shelbyville Inc. (8122); Alchem Aluminum, Inc. (5207); Aleris Aluminum Europe, Inc. (0921); Aleris Aluminum U.S. Sales Inc. (9556); Aleris Blanking and Rim Products, Inc. (7340); Aleris Deutschland Holding GmbH (3721); Aleris Light Gauge Products, Inc. (7311); Aleris Nevada Management, Inc. (2935); Aleris Ohio Management, Inc. (6637); Aleris, Inc. (6630); Alsco Holdings, Inc. (5535); Alsco Metals Corporation (7792); Alumitech of Cleveland, Inc. (1568); Alumitech of Wabash, Inc. (4425); Alumitech of West Virginia, Inc. (3237), Alumitech, Inc. (9351); AWT Properties, Inc. (5332); CA Lewisport, LLC (6561); CI Holdings, LLC (9484); Commonwealth Aluminum Concast, Inc. (7844); Commonwealth Aluminum Lewisport, LLC (7786); Commonwealth Aluminum Metals, LLC (8491); Commonwealth Aluminum Sales Corporation (8512); Commonwealth Aluminum Tube Enterprises, LLC (7895); Commonwealth Aluminum, LLC (5039); Commonwealth Industries, Inc. (5747); ETS Schaefer Corporation (9350); IMCO Indiana Partnership L.P. (3840); IMCO International, Inc. (8362); IMCO Investment Company (5738); IMCO Management Partnership, L.P. (2738); IMCO Recycling of California, Inc. (0255); IMCO Recycling of Idaho Inc. (8990); IMCO Recycling of Illinois Inc. (7727); IMCO Recycling of Indiana Inc. (4357); IMCO Recycling of Michigan L.L.C. (5772); IMCO Recycling of Ohio Inc. (1405); IMCO Recycling of Utah Inc. (2330); IMCO Recycling Services Company (0589); IMSAMET, Inc. (7929); Rock Creek Aluminum, Inc. (3607); Silver Fox Holding Company (1183); Wabash Alloys L.L.C. (0708)

| RICHARDS, LAYTON & FINGER, P.A. | WEIL, GOTSHAL & MANGES LLP |
|---|---|
| One Rodney Square | 767 Fifth Avenue |
| P.O. Box 551 | New York, New York 10153 |
| Wilmington, Delaware 19899 | |

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION

**AFFIDAVIT**

*Paste notice in this space*

THE STATE OF OHIO
County of Lorain

SS:

      I, the undersigned, being duly sworn, do upon my oath depose and say for the publishers of THE CHRONICLE TELEGRAM; that said newspaper is printed and published, and of general circulation in Lorain County; that said newspaper meets the requirements of Sections 7.12 and 5721.01 Ohio Revised Code as amended effective September 14, 1957, and that the notice, a copy of which is attached, was published on;

| **See Attached Proof** |
| :---: |

the     30th     day of     March, 2010     ,A.D.

_____
Legal Clerk, THE CHRONICLE TELEGRAM

Sworn to and subscribed before me

this     30th     day of     March, 2010

_____
Notary Public

Printer's Fees     _____

Notary Fees     _____

    _____

TOTAL     $ _____

**Receptionist/ Accounting Assistant**

Fire-Dex, a growing manufacture of Fire Fighting apparel has an opening for receptionist/ accounting. Qualified candidates must be detail oriented with strong Microsoft office experience, have good communication skills, and be flexible and willing to handle a wide variety of office duties. We offer a competitive salary 401K, medical & dental insurance, paid vacations & holidays in a non smoking environment.
Send resume & salary requirements to: 780 South Progress Dr., Medina, OH 44256 Attn: Dave

associates, in a mission driven environment.

**Contact Rob Berger**
330-483-3131
*Robert_Berger*
*@LCCA.com*
Visit us online at
*www.LCCA.com*
EOE/M/F/V/D
Job #14466



Life Care Center of Medina

sionals with retail/restaurant experience. The ideal candidate will have a positive attitude, be a self-starter, able to multi-task and looking for advancement opportunity. We offer a competitive starting salary based on experience plus:
• 5 Day Work Week
• Hospitalization
• Employee Discounts
• Opportunity for Advancement
• Paid Vacation
• 401(k)
Please mail your resume to ConSun Food Industries, Inc., 123 N. Gateway Blvd., Elyria, OH 44035, attention Jerry Lattimer, Fax to 440-323-6694 or email to hrdept@consunfood.com

★ ★ ★
**THE GAZETTE**

Applications are being accepted for

**MOTOR ROUTE DRIVERS**

6 day early morning delivery in the Medina County area

Apply at:
The Gazette
885 W. Liberty St.
Medina OH 44256
or
Call Terry
330-721-4096

ing an energetic person for our inside sales team. A great personality and a drive to succeed will ensure an exciting career with our team. This is an entry level position with a real opportunity to grow.
We are looking for:
• A pleasant telephone presence
• A strong desire to succeed
• A team player
• Ability to follow instructions and a program
Sales experience is helpful. We offer a good starting hourly wage and a great health and benefits package. The position is full time. Hourly wage up to $25,000 per year
**Resume to:**
*Sue@benchmark.us.com*

# Legals

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| ALERIS INTERNATIONAL, INC., *et al.*, | ) Case No. 09-10478 |
| Debtors. | ) (Jointly Administered) |

### NOTICE OF DEADLINE TO FILE CERTAIN REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSES

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE FOLLOWING ENTITIES (each a "*U.S. Debtor*," and collectively, the "*U.S. Debtors*"):

Aleris International, Inc.; Alchem Aluminum Shelbyville Inc.; Alchem Aluminum, Inc.; Aleris Aluminum Europe, Inc.; Aleris Blanking and Rim Products, Inc.; Aleris Light Gauge Products, Inc.; Aleris Nevada Management, Inc.; Aleris Ohio Management, Inc.; Aleris, Inc.; Alsco Holdings, Inc.; Alsco Metals Corporation; Alumitech of Cleveland, Inc.; Alumitech of Wabash, Inc.; Alumitech of West Virginia, Inc.; Alumitech, Inc.; AWT Properties, Inc.; CA Lewisport LLC; CI Holdings, LLC; Commonwealth Aluminum Concast, Inc.; Commonwealth Aluminum Lewisport, LLC; Commonwealth Aluminum Metals, LLC; Commonwealth Aluminum Sales Corporation; Commonwealth Aluminum Tube Enterprises, LLC; Commonwealth Aluminum, LLC; Commonwealth Industries, Inc.; ETS Schaefer Corporation; IMCO Indiana Partnership L.P.; IMCO International, Inc.; IMCO Investment Company; IMCO Management Partnership, L.P.; IMCO Recycling of California, Inc.; IMCO Recycling of Idaho Inc.; IMCO Recycling of Illinois Inc.; IMCO Recycling of Indiana Inc.; IMCO Recycling of Michigan L.L.C.; IMCO Recycling of Ohio Inc.; IMCO Recycling of Utah Inc.; IMCO Recycling Services Company; IMSAMET, Inc.; Rock Creek Aluminum, Inc.; Silver Fox Holding Company; Wabash Alloys, L.L.C.

PLEASE TAKE NOTICE OF THE FOLLOWING:

On February 12, 2009, each of the U.S. Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

On March 12, 2010, the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") entered an order requiring all persons and entities that assert certain types of administrative expenses arising under section 503(b)(1) of the Bankruptcy Code ("*Administrative Expenses*") against any of the U.S. Debtors to file a proof of Administrative Expense by 5:00 p.m. (New York City time) on Thursday May 20, 2010 (the "*Administrative Expense Bar Date*").

**1. WHO MUST FILE AN ADMINISTRATIVE EXPENSE CLAIM.** *Only certain holders of Administrative Expense claims must file a proof of Administrative Expense claim.* If you believe you have a claim against any of the U.S. Debtors that (i) arose after February 12, 2009, (ii) qualifies as an Administrative Expense under section 503(b)(1) of the Bankruptcy Code, and (iii) falls within any of the categories described below, no matter how remote or contingent, you must file a request for payment of an account of such Administrative Expense on or before the Administrative Expense Bar Date:

A. Any Administrative Expense representing personal injury, property damage, or other tort claims against any of the U.S. Debtors;

B. Any Administrative Expense for breach of an obligation – contractual, statutory or otherwise – by any of the U.S. Debtors, including any environmental liability (but other than any environmental liability with respect to property that is currently owned or operated by any of the U.S. Debtors);

C. Any Administrative Expense for amounts incurred by any of the U.S. Debtors after February 12, 2009 in the ordinary course of such U.S. Debtor's business if payment of such amounts is alleged to be overdue by at least 60 days;

D. Any Administrative Expense incurred by any of the U.S. Debtors outside the ordinary course of its business or on other than ordinary business terms, except to the extent the incurrence of such Administrative Expense claim was approved by the Bankruptcy Court (e.g., the DIP ABL Claim, the new Money Term DIP Claims and the U.S. Roll-Up Term Loan Claims) or represents fees and expenses of professionals arising under sections 330, 331, or 503(b)(2)-(5) of the Bankruptcy Code;

E. Any Administrative Expense that would not ordinarily be reflected as a payable on the U.S. Debtors' books and records or as a liability on the U.S. Debtors' financial statements; or

F. Any Administrative Expense representing an employee claim against any of the U.S. Debtors, *other than* (i) a claim for wages, benefits, pension or retirement benefits or expense reimbursement by an employee who is employed by such U.S. Debtor as of the Administrative Expense Bar Date or (ii) a severance claim under any collective bargaining agreement to which such U.S. Debtor is a party.

Claims of the type specified in A – F above are referred to in this Notice as "*Specified Administrative Expense Claims.*" If you hold a Specified Administrative Expense Claim, and you have asserted the claim in an action commenced against and served on any of the U.S. Debtors on or before **March 12, 2010**, *and* you have asserted in that action that the U.S. Debtor's liability is predicated upon the operation of the U.S. Debtor's business after February 12, 2009 or otherwise have alleged that such liability would be accorded administrative expense status, then you are *not* required to file a proof of Specified Administrative Expense against such U.S. Debtor. *This is the only exception to the requirement that holders of Specified Administrative Expense Claims file a proof of such Specified Administrative Expense Claims by the Administrative Expense Bar Date.*

*If you assert a claim under section 503(b)(9) of the Bankruptcy Code, the deadline for filing any such claim against the U.S. Debtors has passed, and the time has not been extended as a result of this court's setting of an Administrative Expense Bar Date.*

**2. WHEN AND WHERE TO FILE.** All Specified Administrative Expenses must be filed so as to be received no later than **5:00 P.M. (New York City Time), on or before Thursday, May 20, 2010** at the following address: **By Hand Delivery or By Mail:** Aleris Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

Kurtzman Carson Consultants LLC ("*KCC*") will not accept proofs of Specified Administrative Expenses by facsimile or any electronic means.

**3. WHAT TO FILE.** Each Specified Administrative Expense must conform substantially to the claim form that has been approved by the Bankruptcy Court. Such claim form may be obtained on the website established by the U.S. Debtors in connection with their chapter 11 cases, www.kcellc.net/aleris, or by contacting KCC at 866-381-9100. Such claim must be written in English, and any amounts claimed therein must be converted to United States dollars.

Any creditor who is required, but fails, to file a request for payment of a Specified Administrative Expense by 5:00 p.m. (New York City Time) on or before Thursday May 20, 2010 (the "Administrative Expense Bar Date) will be forever barred, estopped, and enjoined from asserting such Specified Administrative Expense against any of the U.S. Debtors, their respective estates, or any successors to the U.S. Debtors (including any reorganized U.S. Debtors), and the U.S. Debtors will be forever discharged from any and all indebtedness or liability with respect to such Specified Administrative Expense.

| | |
|---|---|
| CHARDS, LAYTON & FINGER, P.A. | WEIL, GOTSHAL & MANGES LLP |
| One Rodney Square | 767 Fifth Avenue |
| P.O. Box 551 | New York, New York 10153 |
| Wilmington, Delaware 19899 | |

**ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**

# Legals

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| ALERIS INTERNATIONAL, INC., *et al.*, | ) Case No. 09-10478 |
| Debtors. | ) (Jointly Administered) |

### NOTICE OF CONFIRMATION HEARING, OBJECTION DEADLINE, AND VOTING DEADLINE REGARDING THE DEBTORS' FIRST AMENDED PLAN

PLEASE TAKE NOTICE OF THE FOLLOWING:

**Approval of the Disclosure Statement.** On March 15, 2010, the United States Bankruptcy Court for the District of Delaware approved the proposed disclosure statement (the "*Disclosure Statement*") for the First Amended Plan of Reorganization of Aleris International, Inc. and its Affiliated Debtors, as Modified, dated March 19, 2010 [Docket No. 1684] (as may be amended or further modified, the "*Plan*"). The Plan is attached to the Disclosure Statement as Exhibit "A." The affiliated debtors of Aleris International, Inc. are listed below (with Aleris International, Inc., each a "*Debtor*" and collectively, the "*Debtors*").

**Confirmation Hearing.** On **Thursday May 13, 2010 at 9:30 a.m. (Eastern Daylight Time)**, the Honorable Judge Brennan L. Shannon will conduct a hearing (the "*Confirmation Hearing*") to consider confirmation of the Plan at the **United States Bankruptcy Court for the District of Delaware, 6th Floor Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801.** The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties other than by filing such modifications with the Court prior to the Confirmation Hearing or announcing any such modifications at the Confirmation Hearing.

**Objection Deadline.** The deadline to object to confirmation of the Plan is **Thursday April 29, 2010 at 4:00 a.m. (Eastern Daylight Time)**. All objections must be filed with the Court and served upon the appropriate notice parties in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. A list of the "Notice Parties" is included in Exhibit "B" to the Disclosure Statement.

**Voting Deadline.** Votes to accept or reject the Plan must be *actually received* by the Debtors' voting agent by **Thursday April 29, 2010 at 5:00 p.m. (Pacific Daylight Time) (the "*Voting Deadline*")**. Before voting, please carefully review the voting procedures for the Plan (the "*Voting Procedures*"), which are attached to the Disclosure Statement as Exhibit "D."

**Copies of Documents.** A copy of the Disclosure Statement may be downloaded from http://www.kcellc.com/aleris or may be obtained by a written request to Aleris Claims Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo CA 90245.

The affiliated debtors of Aleris International, Inc. (8280) and the last four digits of their federal tax identification numbers are as follows:

Alchem Aluminum Shelbyville Inc. (8122); Alchem Aluminum, Inc. (5207); Aleris Aluminum Europe, Inc. (0921); Aleris Aluminum U.S. Sales Inc. (9536); Aleris Blanking and Rim Products, Inc. (7340); Aleris Deutschland Holding GmbH (3721); Aleris Light Gauge Products, Inc. (7311); Aleris Nevada Management, Inc. (2935); Aleris Ohio Management, Inc. (0637); Aleris, Inc. (6630); Alsco Holdings, Inc. (5535); Alsco Metals Corporation (7792); Alumitech of Cleveland, Inc. (1568); Alumitech of Wabash, Inc. (4425); Alumitech of West Virginia, Inc. (3237); Alumitech, Inc. (9351); AWT Properties, Inc. (5332); CA Lewisport, LLC (6561); CI Holdings, LLC (9484); Commonwealth Aluminum Concast, Inc. (7844); Commonwealth Aluminum Lewisport, LLC (7736); Commonwealth Aluminum Metals, LLC (8491); Commonwealth Aluminum Sales Corporation (8512); Commonwealth Aluminum Tube Enterprises, LLC (7895); Commonwealth Aluminum, LLC (5039); Commonwealth Industries, Inc. (5741); ETS Schaefer Corporation (9350); IMCO Indiana Partnership L.P. (3840); IMCO International, Inc. (8362); IMCO Investment Company (5738); IMCO Management Partnership, L.P. (2738); IMCO Recycling of California, Inc. (0255); IMCO Recycling of Idaho Inc. (8990); IMCO Recycling of Illinois Inc. (7227); IMCO Recycling of Indiana Inc. (4357); IMCO Recycling of Michigan L.L.C. (5772); IMCO Recycling of Ohio Inc. (1405); IMCO Recycling of Utah Inc. (2330); IMCO Recycling Services Company (0589); IMSAMET, Inc. (7929); Rock Creek Aluminum, Inc. (3607); Silver Fox Holding Company (1188); Wabash Alloys, L.L.C. (0708)

| | |
|---|---|
| RICHARDS, LAYTON & FINGER, P.A. | WEIL, GOTSHAL & MANGES LLP |
| One Rodney Square | 767 Fifth Avenue |
| P.O. Box 551 | New York, New York 10153 |
| Wilmington, Delaware 19899 | |

**ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**

# THE ARIZONA REPUBLIC

STATE OF ARIZONA  
COUNTY OF MARICOPA  } SS.

Mark Gilmore, being first duly sworn, upon oath deposes and says: That he is a legal advertising representative of the Arizona Business Gazette, a newspaper of general circulation in the county of Maricopa, State of Arizona, published at Phoenix, Arizona, by Phoenix Newspapers Inc., which also publishes The Arizona Republic, and that the copy hereto attached is a true copy of the advertisement published in the said paper on the dates as indicated.

**The Arizona Republic**

**March 30, 2010**

Sworn to before me this  
30TH day of  
March A.D. 2010



Ondrea Sheppard  
Notary Public  
Maricopa County, Arizona  
My Comm. Expires 08-03-10

_____  
Notary Public

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re ) Chapter 11
ALERIS INTERNATIONAL, INC., et al., ) Case No. 09-10478
Debtors. ) (Jointly Administered)

**NOTICE OF DEADLINE TO FILE CERTAIN REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSES**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE FOLLOWING ENTITIES** (each a "*U.S. Debtor*," and collectively, the "*U.S. Debtors*"):

Aleris International, Inc.; Alchem Aluminum Shelbyville Inc.; Alchem Aluminum, Inc.; Aleris Aluminum Europe, Inc.; Aleris Aluminum U.S. Sales Inc.; Aleris Blanking and Rim Products, Inc.; Aleris Light Gauge Products, Inc.; Aleris Nevada Management, Inc.; Aleris Ohio Management, Inc.; Aleris, Inc.; Alsco Holdings, Inc.; Alsco Metals Corporation; Alumitech of Cleveland, Inc.; Alumitech of Wabash, Inc.; Alumitech of West Virginia, Inc.; Alumitech, Inc.; AWT Properties, Inc.; CA Lewisport, LLC; CI Holdings, LLC; Commonwealth Aluminum Concast, Inc.; Commonwealth Aluminum Lewisport, LLC; Commonwealth Aluminum Metals, LLC; Commonwealth Aluminum Sales Corporation; Commonwealth Aluminum Tube Enterprises, LLC; Commonwealth Aluminum, LLC; Commonwealth Industries, Inc.; ETS Schaefer Corporation; IMCO Indiana Partnership L.P.; IMCO International, Inc.; IMCO Investment Company; IMCO Management Partnership, L.P.; IMCO Recycling of California, Inc.; IMCO Recycling of Idaho Inc.; IMCO Recycling of Illinois Inc.; IMCO Recycling of Indiana Inc.; IMCO Recycling of Michigan L.L.C.; IMCO Recycling of Ohio Inc.; IMCO Recycling of Utah Inc.; IMCO Recycling Services Company; IMSAMET, Inc.; Rock Creek Aluminum, Inc.; Silver Fox Holding Company; Wabash Alloys, L.L.C.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On February 12, 2009, each of the U.S. Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

On March 12, 2010, the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") entered an order requiring all persons and entities that assert certain types of administrative expense arising under section 503(b)(1) of the Bankruptcy Code ("*Administrative Expenses*") against any of the U.S. Debtors to file a proof of Administrative Expense by 5:00 p.m. (New York City Time) on Thursday May 20, 2010 (the "*Administrative Expense Bar Date*").

1. **WHO MUST FILE AN ADMINISTRATIVE EXPENSE CLAIM.** Only certain holders of Administrative Expense claims must file a proof of Administrative Expense claim. If you believe you have a claim against any of the U.S. Debtors that (i) arose after February 12, 2009; (ii) qualifies as an administrative expense under section 503(b)(1) of the Bankruptcy Code; and (iii) falls within any of the six categories described below, no matter how remote or contingent, you must file a request for payment on account of such Administrative Expense on or before the Administrative Expense Bar Date:

A.  Any Administrative Expense representing personal injury, property damage, or other tort claims against any of the U.S. Debtors;

B.  Any Administrative Expense for breach of an obligation—contractual, statutory or otherwise—by any of the U.S. Debtors, including any environmental liability (but other than any environmental liability with respect to property that is currently owned or operated by any of the U.S. Debtors);

C.  Any Administrative Expense for amounts incurred by any of the U.S. Debtors after February 12, 2009 in the ordinary course of such U.S. Debtor's business if payment of such amounts is alleged to be overdue by at least 60 days;

D.  Any Administrative Expense incurred by any of the U.S. Debtors outside the ordinary course of its business or other than ordinary business terms, except to the extent the incurrence of such Administrative Expense claim was approved by the Bankruptcy Court (e.g., the DIP ABL Claim, the New Money Term DIP Claims and the U.S. Roll-Up Term Loan Claims) or represents fees and expenses of professionals arising under sections 330, 331, or 503(b)(2)-(5) of the Bankruptcy Code;

E.  Any Administrative Expense that would not ordinarily be reflected as a payable on the U.S. Debtors' books and records or as a liability on the U.S. Debtors' financial statements; or

F.  Any Administrative Expense representing an employee claim against any of the U.S. Debtors, other than (i) a claim for wages, benefits, pension or retirement benefits or expense reimbursement by an employee who is employed by such U.S. Debtor as of the Administrative Expense Bar Date or (ii) a grievance claim under any collective bargaining agreement to which such U.S. Debtor is a party.

"Claims of the type specified in A – F above are referred to in this Notice as "*Specified Administrative Expense Claims*." If you hold a Specified Administrative Expense Claim, and you have asserted the claim in an action commenced against and served on any of the U.S. Debtors on or before **March 12, 2010**, and you have asserted in that action that the U.S. Debtor's liability is predicated upon the operation of the U.S. Debtor's business after February 12, 2009 or otherwise have alleged that such liability should be accorded administrative expense status, then you are not required to file a proof of Specified Administrative Expense against such U.S. Debtor. This is the only exception to the requirement that holders of Specified Administrative Expense Claims file a proof of such Specified Administrative Expense Claims by the Administrative Expense Bar Date.

If you assert a claim under section 503(b)(9) of the Bankruptcy Code, the deadline for filing any such claim against the U.S. Debtors has passed, and the time has not been extended as a result of the Court's setting of an Administrative Expense Bar Date.

2. **WHEN AND WHERE TO FILE.** All Specified Administrative Expenses must be filed so as to be received no later than **5:00 P.M. (New York City Time), on or before Thursday, May 20, 2010 at the following address: By Hand-Delivery or By Mail:** Aleris Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

Kurtzman Carson Consultants LLC ("*KCC*") will not accept proofs of Specified Administrative Expenses by facsimile or other electronic means.

3. **WHAT TO FILE.** Each Specified Administrative Expense must conform substantially to the claim form that has been approved by the Bankruptcy Court. Such claim form may be obtained on the website established by the U.S. Debtors in connection with their chapter 11 cases, www.kccllc.net/aleris, or by contacting KCC at 866-381-9100. Such claim must be written in English, and any amounts claimed therein must be converted to United States dollars.

Any creditor who is required, but fails, to file a request for payment of a Specified Administrative Expense by 5:00 p.m. (New York City Time) on or before Thursday, May 20, 2010 (the Administrative Expense Bar Date) will be forever barred, estopped, and enjoined from asserting such Specified Administrative Expense against any of the U.S. Debtors, their respective estates, or any successors to the U.S. Debtors (including any reorganized U.S. Debtors), and the U.S. Debtors will be forever discharged from any and all indebtedness or liability with respect to such Specified Administrative Expense.

RICHARDS, LAYTON & FINGER, P.A.   WEIL, GOTSHAL & MANGES LLP
One Rodney Square                  767 Fifth Avenue
P.O. Box 551                       New York, New York 10153
Wilmington, Delaware 19899
**ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**

---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re ) Chapter 11
ALERIS INTERNATIONAL, INC., et al., ) Case No. 09-10478
INC., et al., ) (Jointly Administered)
Debtors. )

**NOTICE OF CONFIRMATION HEARING, OBJECTION DEADLINE, AND VOTING DEADLINE REGARDING THE DEBTORS' FIRST AMENDED PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Approval of the Disclosure Statement.** On March 15, 2010, the United States Bankruptcy Court for the District of Delaware approved the proposed disclosure statement (the "*Disclosure Statement*") for the First Amended Plan of Reorganization of Aleris International, Inc. and Its Affiliated Debtors, as Modified, dated March 19, 2010 [Docket No. 1684] (as may be amended or further modified, the "*Plan*"). The Plan is attached to the Disclosure Statement as Exhibit "A." The affiliated debtors of Aleris International, Inc. are listed below (with Aleris International, Inc., each a "*Debtor*" and collectively, the "*Debtors*").

**Confirmation Hearing.** On Thursday May 13, 2010 at 9:30 a.m. (Eastern Daylight Time), the Honorable Judge Brendan L. Shannon will conduct a hearing (the "*Confirmation Hearing*") to consider confirmation of the Plan at the United States Bankruptcy Court for the District of Delaware, 6th Floor Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties other than by filing such modifications with the Court prior to the Confirmation Hearing or announcing any such modifications at the Confirmation Hearing.

**Objection Deadline.** The deadline to object to confirmation of the Plan is Thursday April 29, 2010 at 4:00 p.m. (Eastern Daylight Time). All objections must be filed with the Court and served upon the appropriate notice parties in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. A list of the "Notice Parties" is included in Exhibit "B" to the Disclosure Statement.

**Voting Deadline.** To vote to accept or reject the Plan must be actually received by the Debtors' voting agent by **Thursday April 29, 2010 at 5:00 p.m. (Pacific Daylight Time)** (the "*Voting Deadline*"). Before voting, please carefully review the voting procedures for the Plan (the "*Voting Procedures*"), which are attached to the Disclosure Statement as Exhibit "D."

**Copies of Documents.** A copy of the Disclosure Statement may be downloaded from www.kccllc.net/aleris or may be obtained by a written request to Aleris Claims Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo CA 90245.

The affiliated debtors of Aleris International, Inc. (the [8280] and the last four digits of their federal tax identification numbers are as follows: Alchem Aluminum Shelbyville Inc. (8122); Alchem Aluminum, Inc. (5207); Aleris Aluminum Europe, Inc. (0921); Aleris Aluminum U.S. Sales Inc. (9536); Aleris Blanking and Rim Products, Inc. (7340); Aleris Deutschland Holding GmbH (3721); Aleris Light Gauge Products, Inc. (7311); Aleris Nevada Management, Inc. (2935); Aleris Ohio Management, Inc. (0637); Aleris, Inc. (6630); Alsco Holdings, Inc. (5535); Alsco Metals Corporation (2792); Alumitech of Cleveland, Inc. (1568); Alumitech of Wabash, Inc. (4425); Alumitech of West Virginia, Inc. (3237); Alumitech, Inc. (9351); AWT Properties, Inc. (5332); CA Lewisport, LLC (6561); CI Holdings, LLC (1698); Commonwealth Aluminum Concast, Inc. (7844); Commonwealth Aluminum Lewisport, LLC (7736); Commonwealth Aluminum Metals, LLC (8491); Commonwealth Aluminum Sales Corporation (8512); Commonwealth Aluminum Tube Enterprises, LLC (7895); Commonwealth Aluminum, LLC (5039); Commonwealth Industries, Inc. (5741); ETS Schaefer Corporation (9350); IMCO Indiana Partnership L.P. (3840); IMCO International, Inc. (3362); IMCO Investment Company (5738); IMCO Management Partnership, L.P. (2738); IMCO Recycling of California, Inc. (0255); IMCO Recycling of Idaho Inc. (8990); IMCO Recycling of Illinois Inc. (7227); IMCO Recycling of Indiana Inc. (4357); IMCO Recycling of Michigan L.L.C. (5772); IMCO Recycling of Ohio Inc. (1405); IMCO Recycling of Utah Inc. (2330); IMCO Recycling Services Company (0589); IMSAMET, Inc. (7929); Rock Creek Aluminum, Inc. (3607); Silver Fox Holding Company (1188); Wabash Alloys, L.L.C. (0708)

RICHARDS, LAYTON &        WEIL, GOTSHAL &
FINGER, P.A.              MANGES LLP
One Rodney Square         767 Fifth Avenue
P.O. Box 551             New York, New York
Wilmington, Delaware 19899   10153
**ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**

---

# ARIZONA REPUBLIC

} SS.

... first duly sworn, upon oath deposes ... a legal advertising representative of the Gazette, a newspaper of general ... unty of Maricopa, State of Arizona, ... x, Arizona, by Phoenix Newspapers ... ishes The Arizona Republic, and that ... ed is a true copy of the advertisement ... paper on the dates as indicated.

**The Arizona Republic**

Notary Public
Maricopa County, Arizona
My Comm. Expires 08-03-10

Notary Public

# AFFIDAVIT

STATE OF TEXAS               )
                                         ) ss:
CITY AND COUNTY OF DALLAS)

I, Erin Ostenson, being duly sworn, depose and say that I am the Advertising Clerk of the

Publisher of THE WALL STREET JOURNAL, a daily national newspaper of general

circulation throughout the United States, and that the Notice attached to this Affidavit has

been regularly published in THE WALL STREET JOURNAL for national distribution

for <u>one</u> insertion(s) on the following date(s): <u>March 29, 2010</u>; advertiser: <u>Aleris</u>

<u>International, Inc., et al.</u>; and that the foregoing statements are true and correct to the best

of my knowledge.

Sworn to before me this
<u>29th</u> day of <u>March, 2010</u>.



Notary Public

ALBERT FOX
Notary Public, State of Texas
My Commission Expires
February 15, 2012

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| ALERIS INTERNATIONAL, INC., et al., | Case No. 09-10478 |
| Debtors. | (Jointly Administered) |

**NOTICE OF DEADLINE TO FILE CERTAIN REQUESTS**
**FOR PAYMENT OF ADMINISTRATIVE EXPENSES**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE FOLLOWING ENTITIES** (each a "**U.S. Debtor**," and collectively, the "**U.S. Debtors**"): Aleris International, Inc.; Alchem Aluminum Shelbyville Inc.; Alchem Aluminum, Inc.; Aleris Aluminum Group, Inc.; Aleris Aluminum U.S. Sales Inc.; Aleris Blanking and Rim Products, Inc.; Aleris Light Gauge Products, Inc.; Aleris Nevada Management, Inc.; Aleris Ohio Management, Inc.; Aleris, Inc.; Alsco Holdings, Inc.; Alsco Metals Corporation; Alumitech of Cleveland, Inc.; Alumitech of Wabash, Inc.; Alumitech of West Virginia, Inc.; Alumitech, Inc.; AWT Properties, Inc.; CA Lewisport, LLC; CI Holdings, LLC; Commonwealth Aluminum Concast, Inc.; Commonwealth Aluminum Lewisport, LLC; Commonwealth Aluminum Metals, LLC; Commonwealth Aluminum Sales Corporation; Commonwealth Aluminum Tube Enterprises, LLC; Commonwealth Aluminum, LLC; Commonwealth Industries, Inc.; ETS Schaefer Corporation; IMCO Indiana Partnership L.P.; IMCO International, Inc.; IMCO Investment Company; IMCO Management Partnership, L.P.; IMCO Recycling of California, Inc.; IMCO Recycling of Idaho Inc.; IMCO Recycling of Illinois Inc.; IMCO Recycling of Indiana Inc.; IMCO Recycling of Michigan L.L.C.; IMCO Recycling of Ohio Inc.; IMCO Recycling of Utah Inc.; IMCO Recycling Services Company; IMSAMET, Inc.; Rock Creek Aluminum, Inc.; Silver Fox Holding Company; Wabash Alloys, L.L.C.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On February 12, 2009, each of the U.S. Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

On March 12, 2010, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order requiring all persons and entities that assert certain types of administrative expense arising under section 503(b)(1) of the Bankruptcy Code ("**Administrative Expense**") against any of the U.S. Debtors to file a proof of Administrative Expense by 5:00 p.m. (New York City Time) on Thursday May 20, 2010 (the "**Administrative Expense Bar Date**").

**1. WHO MUST FILE AN ADMINISTRATIVE EXPENSE CLAIM.** Only certain holders of Administrative Expense claims must file a proof of Administrative Expense claim. If you believe you have a claim against any of the U.S. Debtors that (i) arose after February 12, 2009, (ii) qualifies as an administrative expense under section 503(b)(1) of the Bankruptcy Code, and (iii) falls within any of the six categories described below, no matter how remote or contingent, you must file a request for payment on account of such Administrative Expense on or before the Administrative Expense Bar Date.

A. Any Administrative Expense representing personal injury, property damage, or other tort claims against any of the U.S. Debtors;

B. Any Administrative Expense for breach of an obligation – contractual, statutory or otherwise – by any of the U.S. Debtors, including any environmental liability (but other than any environmental liability with respect to property that is currently owned or operated by any of the U.S. Debtors);

C. Any Administrative Expense for amounts incurred by any of the U.S. Debtors after February 12, 2009 in the ordinary course of such U.S. Debtor's business if payment of such amounts is alleged to be overdue by at least 60 days;

D. Any Administrative Expense incurred by any of the U.S. Debtors outside the ordinary course of its business or on other than ordinary business terms, except to the extent the incurrence of such Administrative Expense claim was approved by the Bankruptcy Court (e.g., the DIP ABL Claim, the New Money Term DIP Claims and the U.S. Roll-Up Term Loan Claims) or represents fees and expenses of professionals arising under sections 330, 331, or 503(b)(2)-(5) of the Bankruptcy Code;

E. Any Administrative Expense that would not ordinarily be reflected as a payable on the U.S. Debtors' books and records or as a liability on the U.S. Debtors' financial statements; or

F. Any Administrative Expense representing an employee claim against any of the U.S. Debtors, other than (i) a claim for wages, benefits, pension or retirement benefits or expense reimbursement by an employee who is employed by such U.S. Debtor as of the Administrative Expense Bar Date or (ii) a grievance claim under any collective bargaining agreement to which such U.S. Debtor is a party.

Claims of the type specified in A – F above are referred to in this Notice as "**Specified Administrative Expense Claims**." If you hold a Specified Administrative Expense Claim, and you have asserted the claim in an action commenced against and served on any of the U.S. Debtors on or before March 12, 2010, and you have asserted in that action that the U.S. Debtor's liability is predicated upon the operation of the U.S. Debtor's business after February 12, 2009 or otherwise have alleged that such liability should be accorded administrative expense status, then you are not required to file a proof of Specified Administrative Expense against such U.S. Debtor. This is the only exception to the requirement that holders of Specified Administrative Expense Claims file a proof of such Specified Administrative Expense Claims by the Administrative Expense Bar Date.

If you assert a claim under section 503(b)(9) of the Bankruptcy Code, the deadline for filing any such claim against the U.S. Debtors has passed, and the time has not been extended as a result of the Court's setting of an Administrative Expense Bar Date.

**2. WHEN AND WHERE TO FILE.** All Specified Administrative Expenses must be filed so as to be received no later than 5:00 P.M. (New York City Time), on or before Thursday, May 20, 2010 at the following address: By Hand Delivery or By Mail: Aleris Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245. Kurtzman Carson Consultants LLC ("KCC") will not accept proofs of Specified Administrative Expenses by facsimile or any electronic means.

**3. WHAT TO FILE.** Each Specified Administrative Expense must conform substantially to the claim form that has been approved by the Bankruptcy Court. Such claim form may be obtained on the website established by the U.S. Debtors in connection with their chapter 11 cases, www.kccllc.net/aleris, or by contacting KCC at 866-381-9100. Such claim must be written in English, and any amounts claimed therein must be converted to United States dollars.

Any creditor who is required, but fails, to file a request for payment of a Specified Administrative Expense by 5:00 p.m. (New York City Time) on or before Thursday May 20, 2010 (the Administrative Expense Bar Date) will be forever barred, estopped, and enjoined from asserting such Specified Administrative Expense against any of the U.S. Debtors, their respective estates, or any successors to the U.S. Debtors (including any reorganized U.S. Debtors), and the U.S. Debtors will be forever discharged from any and all indebtedness or liability with respect to such Specified Administrative Expense.

| | |
|---|---|
| RICHARDS, LAYTON & FINGER, P.A. | WEIL, GOTSHAL & MANGES LLP |
| One Rodney Square | 767 Fifth Avenue |
| P.O. Box 551 | New York, New York 10153 |
| Wilmington, Delaware 19899 | |

ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION

---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| ALERIS INTERNATIONAL, INC., et al., | Case No. 09-10478 |
| Debtors. | (Jointly Administered) |

**NOTICE OF CONFIRMATION HEARING, OBJECTION DEADLINE, AND VOTING DEADLINE REGARDING THE DEBTORS' FIRST AMENDED PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Approval of the Disclosure Statement.** On March 15, 2010, the United States Bankruptcy Court for the District of Delaware approved the proposed disclosure statement (the "**Disclosure Statement**") for the First Amended Plan of Reorganization of Aleris Internationali, Inc. and its Affiliated Debtors, as Modified, dated March 19, 2010 (Docket No. 1684) (as may be amended or further modified, the "**Plan**"). The Plan is attached to the Disclosure Statement as Exhibit "A." The affiliated debtors of Aleris International, Inc. are listed below (with Aleris International, Inc., each a "**Debtor**" and collectively, the "**Debtors**").

**Confirmation Hearing.** On Thursday May 13, 2010 at 9:30 a.m. (Eastern Daylight Time), the Honorable Judge Brennan L. Shannon will conduct a hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan at the United States Bankruptcy Court for the District of Delaware, 6th Floor Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties other than by filing such modifications with the Court prior to the Confirmation Hearing or announcing any such modifications at the Confirmation Hearing.

**Objection Deadline.** The deadline to object to confirmation of the Plan is Thursday April 29, 2010 at 4:00 p.m. (Eastern Daylight Time). All objections must be filed with the Court and served upon the appropriate notice parties in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. A list of the "Notice Parties" is included in Exhibit "B" to the Disclosure Statement.

**Voting Deadline.** Votes to accept or reject the Plan must be actually received by the Debtors' voting agent by Thursday April 29, 2010 at 5:00 p.m. (Pacific Daylight Time) (the "**Voting Deadline**"). Before voting, please carefully review the voting procedures for the Plan (the "**Voting Procedures**"), which are attached to the Disclosure Statement as Exhibit "D."

**Copies of Documents.** A copy of the Disclosure Statement may be downloaded from http://www.kccllc.com/aleris or may be obtained by a written request to Aleris Claims Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo CA 90245.

The affiliated debtors of Aleris International, Inc. (8280) and the last four digits of their federal tax identification numbers are as follows: Alchem Aluminum Shelbyville Inc. (8122); Alchem Aluminum, Inc. (5207); Aleris Aluminum Europe, Inc. (0921); Aleris Aluminum U.S. Sales, Inc. (9536); Aleris Blanking and Rim Products, Inc. (7340); Aleris Deutschland Holding GmbH (3721); Aleris Light Gauge Products, Inc. (7311); Aleris Nevada Management, Inc. (2935); Aleris Ohio Management, Inc. (0637); Aleris, Inc. (6630); Alsco Holdings, Inc. (5535); Alsco Metals Corporation (7792); Alumitech of Cleveland, Inc. (1568); Alumitech of Wabash, Inc. (4425); Alumitech of West Virginia, Inc. (3237); Alumitech, Inc. (9351); AWT Properties, Inc. (5332); CA Lewisport, LLC (6561); CI Holdings, LLC (9484); Commonwealth Aluminum Concast, Inc. (7844); Commonwealth Aluminum Lewisport, LLC (7736); Commonwealth Aluminum Metals, LLC (8491); Commonwealth Aluminum Sales Corporation (8512); Commonwealth Aluminum Tube Enterprises, LLC (7895); Commonwealth Aluminum, LLC (5039); Commonwealth Industries, Inc. (5741); ETS Schaefer Corporation (9350); IMCO Indiana Partnership L.P. (3840); IMCO International, Inc. (8362); IMCO Investment Company (5728); IMCO Management Partnership, L.P. (2738); IMCO Recycling of California, Inc. (0255); IMCO Recycling of Idaho Inc. (8990); IMCO Recycling of Illinois Inc. (7227); IMCO Recycling of Indiana Inc. (4357); IMCO Recycling of Michigan L.L.C. (5772); IMCO Recycling of Ohio Inc. (1405); IMCO Recycling of Utah Inc. (2330); IMCO Recycling Services Company (0589); IMSAMET, Inc. (7929); Rock Creek Aluminum, Inc. (3607); Silver Fox Holding Company (1188); Wabash Alloys, L.L.C. (0708)

| | |
|---|---|
| RICHARDS, LAYTON & FINGER, P.A. | WEIL, GOTSHAL & MANGES LLP |
| One Rodney Square | 767 Fifth Avenue |
| P.O. Box 551 | New York, New York 10153 |
| Wilmington, Delaware 19899 | |

ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION

# AFFIDAVIT OF PUBLICATION

State of Washington,

Counties of King and Snohomish,

Kathy Baldwin, being duly sworn, says that he/she is an Authorized Agent of The Seattle Times Company, publisher of *The Seattle Times*, printed and published in Seattle, King County, State of Washington; that is a newspaper of general circulation in said County and State; that it has been approved as legal newspaper by order of the Superior Court of King County; that the annexed, being a display advertisement, was published in:

| Advertiser | Newspaper | Publication Date |
|---|---|---|
| Miller Advertising – Bankruptcy for Aleris International Inc, et. al. | Seattle Times | Ad# 4069586 dated Dated 3/29/10 Page C4 |

And not in supplement thereof, and is a true copy of the notice as it was printed and/or distributed in the regular and entire issue of said paper during all of said period, and that said newspaper was regularly distributed to its subscribers during all of said period.

*Kathy Baldwin*

Subscribed and sworn to before me on this __29 th__ day of __March__, 2010.

Notary Public in and for the State of Washington residing at Seattle.

legalads@seattletimes.com
legalads@seattletimes.com

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

In re ) Chapter 11
ALERIS INTERNATIONAL, INC., *et al.*, ) Case No. 09-10478
Debtors. ) (Jointly Administered)

### NOTICE OF DEADLINE TO FILE CERTAIN REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSES

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE FOLLOWING ENTITIES** (each a "*U.S. Debtor*," and collectively, the "*U.S. Debtors*"): Aleris International, Inc.; Alchem Aluminum Shelbyville Inc.; Alchem Aluminum, Inc.; Aleris Aluminum Europe, Inc.; Aleris Aluminum U.S. Sales Inc.; Aleris Blanking and Rim Products, Inc.; Aleris Light Gauge Products, Inc.; Aleris Nevada Management, Inc.; Aleris Ohio Management, Inc.; Aleris, Inc.; Alsco Holdings, Inc.; Alsco Metals Corporation; Alumitech of Cleveland, Inc.; Alumitech of Wabash, Inc.; Alumitech of West Virginia, Inc.; Alumitech, Inc.; AWT Properties, Inc.; CA Lewisport, LLC; CI Holdings, LLC; Commonwealth Aluminum Concast, Inc.; Commonwealth Aluminum Lewisport, LLC; Commonwealth Aluminum Metals, LLC; Commonwealth Aluminum Sales Corporation; Commonwealth Aluminum Tube Enterprises, LLC; Commonwealth Aluminum, LLC; Commonwealth Industries, Inc.; ETS Schaefer Corporation; IMCO Indiana Partnership L.P.; IMCO International, Inc.; IMCO Investment Company; IMCO Management Partnership, L.P.; IMCO Recycling of California, Inc.; IMCO Recycling of Idaho Inc.; IMCO Recycling of Illinois Inc.; IMCO Recycling of Indiana Inc.; IMCO Recycling of Michigan L.L.C.; IMCO Recycling of Ohio Inc.; IMCO Recycling of Utah Inc.; IMCO Recycling Services Company; IMSAMET, Inc.; Rock Creek Aluminum, Inc.; Silver Fox Holding Company; Wabash Alloys, L.L.C.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On February 12, 2009, each of the U.S. Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

On March 12, 2010, the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") entered an order requiring all persons and entities that assert certain types of administrative expense arising under section 503(b)(1) of the Bankruptcy Code ("*Administrative Expenses*") against any of the U.S. Debtors to file a proof of Administrative Expense by **5:00 p.m. (New York City Time) on Thursday May 20, 2010 (the "*Administrative Expense Bar Date*")**.

1. **WHO MUST FILE AN ADMINISTRATIVE EXPENSE CLAIM.** *Only certain holders of Administrative Expense claims must file a proof of Administrative Expense claim.* If you believe you have a claim against any of the U.S. Debtors that (i) arose after February 12, 2009, (ii) qualifies as an administrative expense under section 503(b)(1) of the Bankruptcy Code, *and* (iii) falls within any of the six categories described below, no matter how remote or contingent, you must file a request for payment on account of such Administrative Expense on or before the **Administrative Expense Bar Date**:

A. Any Administrative Expense representing personal injury, property damage, or other tort claims against any of the U.S. Debtors;

B. Any Administrative Expense for breach of an obligation – contractual, statutory or otherwise – by any of the U.S. Debtors, including any environmental liability (but other than any environmental liability with respect to property that is currently owned or operated by any of the U.S. Debtors;

C. Any Administrative Expense for amounts incurred by any of the U.S. Debtors after February 12, 2009 in the ordinary course of such U.S. Debtor's business if payment of such amounts is alleged to be overdue by at least 60 days;

D. Any Administrative Expense incurred by any of the U.S. Debtors outside the ordinary course of its business or on other than ordinary business terms, except to the extent the incurrence of such Administrative Expense claim was approved by the Bankruptcy Court (*e.g.,* the DIP ABL Claim, the New Money Term DIP Claims and the U.S. Roll-Up Term Loan Claims) or represents fees and expenses of professionals arising under sections 330, 331, or 503(b)(2)-(5) of the Bankruptcy Code;

E. Any Administrative Expense that would not ordinarily be reflected as a payable on the U.S. Debtors' books and records or as a liability on the U.S. Debtors' financial statements; or

F. Any Administrative Expense representing an employee claim against any of the U.S. Debtors, *other than* (i) a claim for wages, benefits, pension or retirement benefits or expense reimbursement by an employee who is employed by such U.S. Debtor as of the Administrative Expense Bar Date or (ii) a grievance claim under any collective bargaining agreement to which such U.S. Debtor is a party.

Claims of the type specified in A – F above are referred to in this Notice as "*Specified Administrative Expense Claims*." If you hold a Specified Administrative Expense Claim, *and* you have asserted the claim in an action commenced against and served on any of the U.S. Debtors on or before March 12, 2010, *and* you have asserted in that action that the U.S. Debtor's liability is predicated upon the operation of the U.S. Debtor's business after February 12, 2009 or otherwise have alleged that such liability should be accorded administrative expense status, then you are *not* required to file a proof of Specified Administrative Expense against such U.S. Debtor. *This is the only exception to the requirement that holders of Specified Administrative Expense Claims file a proof of such Specified Administrative Expense Claims by the Administrative Expense Bar Date.*

*If you assert a claim under section 503(b)(9) of the Bankruptcy Code, the deadline for filing any such claim against the U.S. Debtors has passed, and the time has not been extended as a result of the Court's setting of an Administrative Expense Bar Date.*

2. **WHEN AND WHERE TO FILE.** All Specified Administrative Expenses must be filed so as to be received no later than **5:00 P.M. (New York City Time), on or before Thursday, May 20, 2010** at the following address: By Hand Delivery or By Mail: Aleris Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

Kurtzman Carson Consultants LLC ("*KCC*") will not accept proofs of Specified Administrative Expenses by facsimile or any electronic means.

3. **WHAT TO FILE.** Each Specified Administrative Expense must conform substantially to the claim form that has been approved by the Bankruptcy Court. Such claim form may be obtained on the website established by the U.S. Debtors in connection with their chapter 11 cases, www.kccllc.net/aleris, or by contacting KCC at 866-381-9100. Such claim must be written in English, and any amounts claimed therein must be converted to United States dollars.

Any creditor who is required, but fails, to file a request for payment of a Specified Administrative Expense by 5:00 p.m. (New York City Time) on or before Thursday May 20, 2010 (the Administrative Expense Bar Date) will be forever barred, estopped, and enjoined from asserting such Specified Administrative Expense against any of the U.S. Debtors, their respective estates, or any successors to the U.S. Debtors (including any reorganized U.S. Debtors), and the U.S. Debtors will be forever discharged from any and all indebtedness or liability with respect to such Specified Administrative Expense.

RICHARDS, LAYTON & FINGER, P.A.   WEIL, GOTSHAL & MANGES LLP
One Rodney Square      767 Fifth Avenue
P.O. Box 551        New York, New York 10153
Wilmington, Delaware 19899

**ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**

---

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

In re ) Chapter 11
ALERIS INTERNATIONAL, INC., ) Case No. 09-10478
*et al.*, ) (Jointly Administered)
Debtors. )

### NOTICE OF CONFIRMATION HEARING, OBJECTION DEADLINE, AND VOTING DEADLINE REGARDING THE DEBTORS' FIRST AMENDED PLAN

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Approval of the Disclosure Statement.** On March 15, 2010, the United States Bankruptcy Court for the District of Delaware approved the proposed disclosure statement (the "*Disclosure Statement*") for the *First Amended Plan of Reorganization of Aleris International, Inc. and Its Affiliated Debtors, as Modified*, dated March 19, 2010 [Docket No. 1684] (as may be amended or further modified, the "*Plan*"). The Plan is attached to the Disclosure Statement as Exhibit "A." The affiliated debtors of Aleris International, Inc. are listed below (with Aleris International, Inc., each a "*Debtor*" and collectively, the "*Debtors*").

**Confirmation Hearing.** On Thursday May 13, 2010 at 9:30 a.m. (Eastern Daylight Time), the Honorable Judge Brennan L. Shannon will conduct a hearing (the "*Confirmation Hearing*") to consider confirmation of the Plan at the United States Bankruptcy Court for the District of Delaware, 6th Floor Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties other than by filing such modifications with the Court prior to the Confirmation Hearing or announcing any such modifications at the Confirmation Hearing.

**Objection Deadline.** The deadline to object to confirmation of the Plan is Thursday April 29, 2010 at 4:00 p.m. (Eastern Daylight Time). All objections must be filed with the Court and served upon the appropriate notice parties in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. A list of the "Notice Parties" is included in Exhibit "B" to the Disclosure Statement.

**Voting Deadline.** Votes to accept or reject the Plan must be *actually received* by the Debtors' voting agent by **Thursday April 29, 2010 at 5:00 p.m. (Pacific Daylight Time) (the "*Voting Deadline*")**. Before voting, please carefully review the voting procedures for the Plan (the "*Voting Procedures*"), which are attached to the Disclosure Statement as Exhibit "D."

**Copies of Documents.** A copy of the Disclosure Statement may be downloaded from http://www.kccllc.com/aleris or may be obtained by a written request to Aleris Claims Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo CA 90245.

The affiliated debtors of Aleris International, Inc. (8280) and the last four digits of their federal tax identification numbers are as follows:

Alchem Aluminum Shelbyville Inc. (8122); Alchem Aluminum, Inc. (5207); Aleris Aluminum Europe, Inc. (0921); Aleris Aluminum U.S. Sales Inc. (9536); Aleris Blanking and Rim Products, Inc. (7340); Aleris Deutschland Holding GmbH (3721); Aleris Light Gauge Products, Inc. (7311); Aleris Nevada Management, Inc. (2935); Aleris Ohio Management, Inc. (0637); Aleris, Inc. (6630); Alsco Holdings, Inc. (5535); Alsco Metals Corporation (7792); Alumitech of Cleveland, Inc. (1568); Alumitech of Wabash, Inc. (4425); Alumitech of West Virginia, Inc. (3237); Alumitech, Inc. (9351); AWT Properties, Inc. (5332); CA Lewisport, LLC (6561); CI Holdings, LLC (9484); Commonwealth Aluminum Concast, Inc. (7844); Commonwealth Aluminum Lewisport, LLC (7736); Commonwealth Aluminum Metals, LLC (8491); Commonwealth Aluminum Sales Corporation (8512); Commonwealth Aluminum Tube Enterprises, LLC (7895); Commonwealth Aluminum, LLC (5039); Commonwealth Industries, Inc. (5741); ETS Schaefer Corporation (9350); IMCO Indiana Partnership L.P. (3840); IMCO International, Inc. (8362); IMCO Investment Company (5738); IMCO Management Partnership, L.P. (2738); IMCO Recycling of California, Inc. (0255); IMCO Recycling of Idaho Inc. (8990); IMCO Recycling of Illinois Inc. (7227); IMCO Recycling of Indiana Inc. (4357); IMCO Recycling of Michigan L.L.C. (5773); IMCO Recycling of Ohio Inc. (1405); IMCO Recycling of Utah Inc. (2330); IMCO Recycling Services Company (0589); IMSAMET, Inc. (7929); Rock Creek Aluminum, Inc. (3607); Silver Fox Holding Company (1188); Wabash Alloys, L.L.C. (0708)

RICHARDS, LAYTON   WEIL, GOTSHAL
& FINGER, P.A.    & MANGES LLP
One Rodney Square    767 Fifth Avenue
P.O. Box 551     New York, New York 10153
Wilmington, Delaware 19899

**ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**



hard grounder
hit by Chicago
Cub Tyler Col-
นน nn ว11 น1
444 น mn 444

# ROANE NEWSPAPERS

| | | |
|---|---|---|
| Roane County News | Morgan County News | P.O. Box 610, 204 Franklin Street |
| Harriman Record | Rockwood Times | Kingston, TN 37763 |
| R.C. News-Record | Web Printing Plant | (865) 376-3481  FAX (865) 376-1945 |

TO   Miller Advertising Agency-Adam B. Levin

ADVERTISING   Display Legal

## PUBLISHER'S AFFIDAVIT

## State of Tennessee, Roane County

I, Johnny Teglas, make oath that the attached advertisement or notice was published in:

__X__ The Roane County News, tri-weekly newspaper published at Kingston

_____ The Harriman Record, a weekly newspaper published at Harriman

_____ The Rockwood Times, a weekly newspaper published at Rockwood

_____ The Morgan County News, a weekly newspaper published at Wartburg

in said county and state, and that the advertisement or notice
of  Bankruptcy Notice-Aleris International, Inc.

was published in said newspaper on the following dates: 3-29-10

and that the statement of account herewith is correct to the best of his
knowledge and belief

Signed ____John Teglas____

Subscribed and sworn to before me this 30th day of March, 2010

____Rebecca Frederick____
Notary Public
My commission expires April 12, 2011

REBECCA FREDERICK
STATE
OF
TENNESSEE
NOTARY
PUBLIC
ROANE COUNTY

## NOTICE OF DEADLINE TO FILE CERTAIN REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSES

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE FOLLOWING ENTITIES** (each a "*U.S. Debtor*," and collectively, the "*U.S. Debtors*"): Aleris International, Inc.; Alchem Aluminum Shelbyville Inc.; Alchem Aluminum, Inc.; Aleris Aluminum Europe, Inc.; Aleris Aluminum U.S. Sales Inc.; Aleris Blanking and Rim Products, Inc.; Aleris Light Gauge Products, Inc.; Aleris Nevada Management, Inc.; Aleris Ohio Management, Inc.; Aleris, Inc.; Alsco Holdings, Inc.; Alsco Metals Corporation; Alumitech of Cleveland, Inc.; Alumitech of Wabash, Inc.; Alumitech of West Virginia, Inc.; Alumitech, Inc.; AWT Properties, Inc.; CA Lewisport, LLC; CI Holdings, LLC; Commonwealth Aluminum Concast, Inc.; Commonwealth Aluminum Lewisport, LLC; Commonwealth Aluminum Metals, LLC; Commonwealth Aluminum Sales Corporation; Commonwealth Aluminum Tube Enterprises, LLC; Commonwealth Aluminum, LLC; Commonwealth Industries, Inc.; ETS Schaefer Corporation; IMCO Indiana Partnership L.P.; IMCO International, Inc.; IMCO Investment Company; IMCO Management Partnership, L.P.; IMCO Recycling of California, Inc.; IMCO Recycling of Idaho Inc.; IMCO Recycling of Illinois Inc.; IMCO Recycling of Indiana Inc.; IMCO Recycling of Michigan L.L.C.; IMCO Recycling of Ohio Inc.; IMCO Recycling of Utah Inc.; IMCO Recycling Services Company; IMSAMET, Inc.; Rock Creek Aluminum, Inc.; Silver Fox Holding Company; Wabash Alloys, L.L.C.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On February 12, 2009, each of the U.S. Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

On March 12, 2010, the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") entered an order requiring all persons and entities that assert certain types of administrative expense arising under section 503(b)(1) of the Bankruptcy Code ("*Administrative Expense*") against any of the U.S. Debtors to file a proof of Administrative Expense by 5:00 p.m. (New York City Time) on Thursday May 20, 2010 (the "*Administrative Expense Bar Date*").

**1. WHO MUST FILE AN ADMINISTRATIVE EXPENSE CLAIM.** Only certain holders of Administrative Expense claims must file a proof of Administrative Expense claim. If you believe you have a claim against any of the U.S. Debtors that (i) arose after February 12, 2009, (ii) qualifies as an administrative expense under section 503(b)(1) of the Bankruptcy Code, and (iii) falls within any of the six categories described below, no matter how remote or contingent, you must file a request for payment on account of such Administrative Expense on or before the Administrative Expense Bar Date:

A. Any Administrative Expense representing personal injury, property damage, or other tort claims against any of the U.S. Debtors;

B. Any Administrative Expense for breach of an obligation – contractual, statutory or otherwise – by any of the U.S. Debtors, including any environmental liability (but other than any environmental liability with respect to property that is currently owned or operated by any of the U.S. Debtors);

C. Any Administrative Expense for amounts incurred by any of the U.S. Debtors after February 12, 2009 in the ordinary course of such U.S. Debtor's business if payment of such amounts is alleged to be overdue by at least 60 days;

D. Any Administrative Expense incurred by any of the U.S. Debtors outside the ordinary course of its business or on other than ordinary business terms, except to the extent the incurrence of such Administrative Expense claim was approved by the Bankruptcy Court (e.g., the DIP ABL Claim, the New Money Term DIP Claims and the U.S. Roll-Up Term Loan Claims) or represents fees and expenses of professionals arising under sections 330, 331, or 503(b)(2)-(5) of the Bankruptcy Code;

E. Any Administrative Expense that would not ordinarily be reflected as a payable on the U.S. Debtors' books and records or as a liability on the U.S. Debtors' financial statements; or

F. Any Administrative Expense representing an employee claim against any of the U.S. Debtors, *other than* (i) a claim for wages, benefits, pension or retirement benefits or expense reimbursement by an employee who is employed by such U.S. Debtor as of the Administrative Expense Bar Date or (ii) a grievance claim under any collective bargaining agreement to which such U.S. Debtor is a party.

Claims of the type described in A – F above are referred to in this Notice as "*Specified Administrative Expense Claims*." If you hold a Specified Administrative Expense Claim and you have asserted the claim in an action commenced against and served on any of the U.S. Debtors on or before March 12, 2010, *and* you have asserted in that action that the U.S. Debtor's liability is predicated upon the operation of the U.S. Debtor's business after February 12, 2009 or otherwise have alleged that such liability should be accorded administrative expense status, then you are *not* required to file a proof of Specified Administrative Expense against such U.S. Debtor. *This is the only exception to the requirement that holders of Specified Administrative Expense Claims file a proof of such Specified Administrative Expense Claims by the Administrative Expense Bar Date.*

If you assert a claim under section 503(b)(9) of the Bankruptcy Code, the deadline for filing any such claim against the U.S. Debtors has passed, and the time has not been extended as a result of the Court's setting of an Administrative Expense Bar Date.

**2. WHEN AND WHERE TO FILE.** All Specified Administrative Expenses must be filed so as to be received no later than 5:00 P.M. (New York City Time), on or before Thursday May 20, 2010 at the following address: By Hand Delivery or By Mail: Aleris Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

Kurtzman Carson Consultants LLC ("*KCC*") will *not* accept proofs of Specified Administrative Expenses by facsimile or any electronic means.

**3. WHAT TO FILE.** Each Specified Administrative Expense must conform substantially to the claim form that has been approved by the Bankruptcy Court. Such claim form may be obtained on the website established by the U.S. Debtors in connection with their chapter 11 cases, www.kccllc.net/aleris, or by contacting KCC at 866-381-9100. Such claim must be written in English, and any amounts claimed therein must be converted to United States dollars.

Any creditor who is required, but fails, to file a request for payment of a Specified Administrative Expense by 5:00 p.m. (New York City Time) on or before Thursday May 20, 2010 (the Administrative Expense Bar Date) will be forever barred, estopped, and enjoined from asserting such Specified Administrative Expense against any of the U.S. Debtors, their respective estates, or any successors to the U.S. Debtors (including any reorganized U.S. Debtors), and the U.S. Debtors will be forever discharged from any and all indebtedness or liability with respect to such Specified Administrative Expense.

RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

**ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**

---

## NOTICE OF CONFIRMATION HEARING, OBJECTION DEADLINE, AND VOTING DEADLINE REGARDING THE DEBTORS' FIRST AMENDED PLAN

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Approval of the Disclosure Statement.** On March 15, 2010, the United States Bankruptcy Court for the District of Delaware approved the proposed disclosure statement (the "*Disclosure Statement*") for the *First Amended Plan of Reorganization of Aleris International, Inc. and its affiliated Debtors, as Modified*, dated March 19, 2010 [Docket No. 1684] (as may be amended or further modified, the "*Plan*"). The Plan is attached to the Disclosure Statement as Exhibit "A." The affiliated debtors of Aleris International, Inc. are listed below (with Aleris International, Inc., each a "*Debtor*" and collectively, the "*Debtors*").

**Confirmation Hearing.** On Thursday May 13, 2010 at 9:30 a.m. (Eastern Daylight Time), the Honorable Judge Brennan L. Shannon will conduct a hearing (the "*Confirmation Hearing*") to consider confirmation of the Plan at the United States Bankruptcy Court for the District of Delaware, 6th Floor Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties other than by filing such modifications with the Court prior to the Confirmation Hearing or announcing any such modifications at the Confirmation Hearing.

**Objection Deadline.** The deadline to object to confirmation of the Plan is Thursday April 29, 2010 at 4:00 p.m. (Eastern Daylight Time). All objections must be filed with the Court and served upon the appropriate notice parties in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. A list of the "Notice Parties" is included in Exhibit "B" to the Disclosure Statement.

**Voting Deadline.** Votes to accept or reject the Plan must be *actually received* by the Debtors' voting agent by Thursday April 29, 2010 at 5:00 p.m. (Pacific Daylight Time) (the "*Voting Deadline*"). Before voting, please carefully review the voting procedures for the Plan (the "*Voting Procedures*"), which are attached to the Disclosure Statement as Exhibit "D."

**Copies of Documents.** A copy of the Disclosure Statement may be downloaded from http://www.kccllc.com/aleris or may be obtained by a written request to Aleris Claims Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo CA 90245.

The affiliated debtors of Aleris International, Inc. (8280) and the last four digits of their federal tax identification numbers are as follows: Alchem Aluminum Shelbyville Inc. (8122); Alchem Aluminum, Inc. (5207); Aleris Aluminum Europe, Inc. (0921); Aleris Aluminum U.S. Sales Inc. (9536); Aleris Blanking and Rim Products, Inc. (7340); Aleris Deutschland Holding GmbH (3721); Aleris Light Gauge Products, Inc. (7311); Aleris Nevada Management, Inc. (2935); Aleris Ohio Management, Inc. (0637); Aleris, Inc. (6630); Alsco Holdings, Inc. (5535); Alsco Metals Corporation (7792); Alumitech of Cleveland, Inc. (1568); Alumitech of Wabash, Inc. (4425); Alumitech of West Virginia, Inc. (3237); Alumitech, Inc. (9351); AWT Properties, Inc. (3332); CA Lewisport, LLC (0561); CI Holdings, LLC (9484); Commonwealth Aluminum Concast, Inc. (7844); Commonwealth Aluminum Lewisport, LLC (7736); Commonwealth Aluminum Metals, LLC (8491); Commonwealth Aluminum Sales Corporation (8512); Commonwealth Aluminum Tube Enterprises, LLC (7895); Commonwealth Aluminum, LLC (3039); Commonwealth Industries, Inc. (5741); ETS Schaefer Corporation (9350); IMCO Indiana Partnership L.P. (3840); IMCO International, Inc. (8363); IMCO Investment Company (5738); IMCO Management Partnership, L.P. (2738); IMCO Recycling of California, Inc. (0255); IMCO Recycling of Idaho Inc. (8990); IMCO Recycling of Illinois Inc. (7227); IMCO Recycling of Indiana Inc. (4357); IMCO Recycling of Michigan L.L.C. (2772); IMCO Recycling of Ohio Inc. (1405); IMCO Recycling of Utah Inc. (2330); IMCO Recycling Services Company (0589); IMSAMET, Inc. (7929); Rock Creek Aluminum, Inc. (3667); Silver Fox Holding Company (1188); Wabash Alloys, L.L.C. (0708)

RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

**ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**

# RICHMOND TIMES-DISPATCH - InRich.Com-CENTRO
## MEDIA GENERAL OPERATIONS INC.

BILLING INQUIRES

P.O. BOX 85333

Richmond, Virginia 23293-0001

ADVERTISERBILLING@TIMESDISPATCH.COM

Telephone-804-649-6208

Fax: 804-649-6983

ADAM B. LEVIN
MILLER ADVERTISING
2458 N. RACINE 1ST FLOOR
CHICAGO, IL 60614

| ACCOUNT NUMBER |
|---|
| 3441914 |

| TODAY'S DATE |
|---|
| 03/29/10 |

| START | STOP | | DESCRIPTION | LINES | RUNS | COST |
|---|---|---|---|---|---|---|
| 03/29/10 | 03/29/10 | 1824777-0329 | LEGAL ALERIS INTERN | 6X8 | 1 | |

Publisher of
Richmond Times-Dispatch

This is to certify that the attached Preprint Ad
was published by Richmond Times Dispatch, in the City
of Richmond, State of Virginia, on the following dates:

3/29/2010

The first insertion being given....

3/29/2010

Sworn to and subscribed before to me this

Date: 3/31/10

_Beverly Foreman_
Notary Public

_Sheela Lloyd_
Supervisor

State of Virginia
City of Richmond
My Commission expires:

BEVERLY P. FOREMAN
Notary Public
Commonwealth of Virginia
222117
My Commission Expires Jan 31, 2014

**WHEN REMITTING PLEASE REFER TO YOUR CUSTOMER #**

| |
|---|
| 3441914 |

Legal Notices | Legal Ads | Legal Ads | Legal Ads | Legal Notices

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re ALERIS INTERNATIONAL, INC., *et al.*, Debtors. ) Chapter 11
) Case No. 09-10478
) (Jointly Administered)

### NOTICE OF DEADLINE TO FILE CERTAIN REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSES

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE FOLLOWING ENTITIES** (each a "*U.S. Debtor*," and collectively, the "*U.S. Debtors*"): Aleris International, Inc.; Alchem Aluminum Shelbyville Inc.; Alchem Aluminum, Inc.; Aleris Aluminum Europe, Inc.; Aleris Aluminum U.S. Sales Inc.; Aleris Blanking and Rim Products, Inc.; Aleris Light Gauge Products, Inc.; Aleris Nevada Management, Inc.; Aleris Ohio Management, Inc.; Aleris, Inc.; Alsco Holdings, Inc.; Alsco Metals Corporation; Alumitech of Cleveland, Inc.; Alumitech of Wabash, Inc.; Alumitech of West Virginia, Inc.; Alumitech, Inc.; AWT Properties, Inc.; CA Lewisport, LLC (CI Holdings, LLC; Commonwealth Aluminum Concast, Inc.; Commonwealth Aluminum Lewisport, LLC; Commonwealth Aluminum Metals, LLC; Commonwealth Aluminum Sales Corporation; Commonwealth Aluminum Tube Enterprises, LLC; Commonwealth Aluminum, LLC; Commonwealth Industries, Inc.; ETS Schaefer Corporation; IMCO Indiana Partnership L.P.; IMCO International, Inc.; IMCO Investment Company; IMCO Management Partnership, L.P.; IMCO Recycling of California, Inc.; IMCO Recycling of Idaho Inc.; IMCO Recycling of Illinois Inc.; IMCO Recycling of Indiana Inc.; IMCO Recycling of Michigan L.L.C.; IMCO Recycling of Ohio Inc.; IMCO Recycling of Utah Inc.; IMCO Recycling Services Company; IMSAMET, Inc.; Rock Creek Aluminum, Inc.; Silver Fox Holding Company; Wabash Alloys, L.L.C.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On February 12, 2009, each of the U.S. Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

On March 12, 2010, the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") entered an order requiring all persons and entities that assert certain types of administrative expenses arising under section 503(b)(1) of the Bankruptcy Code ("*Administrative Expense*") against any of the U.S. Debtors to file a proof of Administrative Expense by 5:00 p.m. (New York City Time) on **Thursday May 20, 2010** (the "*Administrative Expense Bar Date*").

1.  **WHO MUST FILE AN ADMINISTRATIVE EXPENSE CLAIM.** Only certain holders of *Administrative Expense claims must file a proof of Administrative Expense claim.* If you believe you have a claim against any of the U.S. Debtors that (i) arose after February 12, 2009, (ii) qualifies as an administrative expense under section 503(b)(1) of the Bankruptcy Code, *and* (iii) falls within any of the six categories described below, no matter how remote or contingent, you must file a request for payment on account of such Administrative Expense on or before the Administrative Expense Bar Date.

A.  Any Administrative Expense representing personal injury, property damage, or other tort claims against any of the U.S. Debtors;

B.  Any Administrative Expense for breach of an obligation – contractual, statutory or otherwise – by any of the U.S. Debtors, including any environmental liability (but other than any environmental liability with respect to property that is currently owned or operated by any of the U.S. Debtors);

C.  Any Administrative Expense for amounts incurred by any of the U.S. Debtors after February 12, 2009 in the ordinary course of such U.S. Debtor's business if payment of such amounts is alleged to be overdue by at least 60-days;

D.  Any Administrative Expense incurred by any of the U.S. Debtors outside the ordinary course of its business or on other than ordinary business terms, except to the extent the incurrence of such Administrative Expense claim was approved by the Bankruptcy Court (*e.g.*, the DIP ABL Claim, the New Money Term DIP Claims and the U.S. Roll-Up Term Loan Claims) or represents fees and expenses of professionals arising under sections 330, 331, or 503(b)(2)-(5) of the Bankruptcy Code;

E.  Any Administrative Expense that would not ordinarily be reflected as a payable on the U.S. Debtors' books and records or as a liability on the U.S. Debtors' financial statements; or

F.  Any Administrative Expense representing an employee claim against any of the U.S. Debtors, *other than* (i) a claim for wages, benefits, pension or retirement benefits or expense reimbursement by an employee who is employed by such U.S. Debtor or (ii) a claim arising under a collective bargaining agreement to which such U.S. Debtor is a party.

Claims of the type specified in A – F above are referred to in this Notice as "*Specified Administrative Expense Claims.*" If you hold a Specified Administrative Expense Claim, *and* you have asserted the claim in an action commenced against and served on any of the U.S. Debtors on or before **March 12, 2010,** *and* you have asserted in that action that the U.S. Debtor's liability is predicated upon the operation of the U.S. Debtor's business after February 12, 2009 or otherwise have alleged that such liability should be accorded administrative expense status, then you are *not* required to file a proof of Specified Administrative Expense against such U.S. Debtor. *This is the only exception to the requirement that holders of Specified Administrative Expense Claims file a proof of such Specified Administrative Expense Claims by the Administrative Expense Bar Date.*

*If you assert a claim under section 503(b)(9) of the Bankruptcy Code, the deadline for filing any such claim against the U.S. Debtors has passed, and the time has not been extended as a result of the Court's setting of an Administrative Expense Bar Date.*

2.  **WHEN AND WHERE TO FILE.** All Specified Administrative Expenses must be filed so as to be received no later than **5:00 P.M. (New York City Time), on or before Thursday, May 20, 2010** at the following address: **By Hand Delivery or By Mail:** Aleris Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

Kurtzman Carson Consultants LLC ("*KCC*") will *not* accept proofs of Specified Administrative Expenses by facsimile or any electronic means.

3.  **WHAT TO FILE.** Each Specified Administrative Expense must conform substantially to the claim form that has been approved by the Bankruptcy Court. Such claim form may be obtained on the website established by the U.S. Debtors in connection with their chapter 11 cases, www.kccllc. net/aleris, or by contacting KCC at 866-381-9100. Such claim must be written in English, and any amounts claimed therein must be converted to United States dollars.

Any creditor who is required, but fails, to file a request for payment of a Specified Administrative Expense by 5:00 p.m. (New York City Time) on or before Thursday May 20, 2010 (the Administrative Expense Bar Date) will be forever barred, estopped, and enjoined from asserting any successors to the U.S. Debtors (including any reorganized U.S. Debtors), and the U.S. Debtors will be forever discharged from any and all indebtedness or liability with respect to such Specified Administrative Expense.

RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION

---

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re ALERIS INTERNATIONAL, INC., *et al.*, Debtors. ) Chapter 11
) Case No. 09-10478
) (Jointly Administered)

### NOTICE OF CONFIRMATION HEARING, OBJECTION DEADLINE, AND VOTING DEADLINE REGARDING THE DEBTORS' FIRST AMENDED PLAN

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Approval of the Disclosure Statement.** On March 15, 2010, the United States Bankruptcy Court for the District of Delaware approved the proposed disclosure statement (the "*Disclosure Statement*") for the *First Amended Plan of Reorganization of Aleris International, Inc. and Its Affiliated Debtors, as Modified,* dated March 19, 2010 (Docket No. 1684] (as may be amended or further modified, the "*Plan*"). The Plan is attached to the Disclosure Statement as Exhibit "A." The affiliated debtors of Aleris International, Inc. are listed below (with Aleris International, Inc., each a "*Debtor*" and collectively, the "*Debtors*").

**Confirmation Hearing.** On **Thursday May 13, 2010 at 9:30 a.m. (Eastern Daylight Time)**, the Honorable Judge Brennan L. Shannon will conduct a hearing (the "*Confirmation Hearing*") to consider confirmation of the Plan at the **United States Bankruptcy Court for the District of Delaware, 6th Floor Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801.** The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties other than by filing such modifications with the Court prior to the Confirmation Hearing or announcing any such modifications at the Confirmation Hearing.

**Objection Deadline.** The deadline to object to confirmation of the Plan is **Thursday April 29, 2010 at 4:00 p.m. (Eastern Daylight Time)**. Objections must be filed with the Court and served upon the appropriate notice parties in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. A list of the "Notice Parties" is included in Exhibit "B" to the Disclosure Statement.

**Voting Deadline.** Votes to accept or reject the Plan must be *actually received* by the Debtors' voting agent by **Thursday April 29, 2010 at 5:00 p.m. (Pacific Daylight Time)** (the "*Voting Deadline*"). Before voting, please carefully review the voting procedures for the Plan (the "*Voting Procedures*"), which are attached to the Disclosure Statement as Exhibit "D."

**Copies of Documents.** A copy of the Disclosure Statement may be downloaded from http://www.kccllc.com/aleris or may be obtained by a written request to Aleris Claims Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo CA 90245.

The affiliated debtors of Aleris International, Inc. (8280) and the last four digits of their federal tax identification numbers are as follows:

Alchem Aluminum Shelbyville Inc. (8122); Alchem Aluminum, Inc. (5307); Aleris Aluminum Europe, Inc. (0921); Aleris Aluminum U.S. Sales Inc. (9536); Aleris Blanking and Rim Products, Inc. (7340); Aleris Deutschland Holding GmbH (3721); Aleris Light Gauge Products, Inc. (7311); Aleris Nevada Management, Inc. (2935); Aleris Ohio Management, Inc. (0637); Aleris, Inc. (6630); Alsco Holdings, Inc. (5535); Alsco Metals Corporation (7792); Alumitech of Cleveland, Inc. (1568); Alumitech of Wabash, Inc. (4425); Alumitech of West Virginia, Inc. (3237); Alumitech, Inc. (9351); AWT Properties, Inc. (5332); CA Lewisport, LLC (6561); CI Holdings, LLC (9484); Commonwealth Aluminum Concast, Inc. (7844); Commonwealth Aluminum Lewisport, LLC (7736); Commonwealth Aluminum Metals, LLC (8491); Commonwealth Aluminum Sales Corporation (4512); Commonwealth Aluminum Tube Enterprises, LLC (7895); Commonwealth Aluminum, LLC (5039); Commonwealth Industries, Inc. (5741); ETS Schaefer Corporation (9350); IMCO Indiana Partnership L.P. (5772); IMCO International, Inc. (8362); IMCO Investment Company (5738); IMCO Management Partnership, L.P. (2738); IMCO Recycling of California, Inc. (0255); IMCO Recycling of Idaho Inc. (8909); IMCO Recycling of Illinois Inc. (7227); IMCO Recycling of Indiana Inc. (4557); IMCO Recycling of Michigan L.L.C. (2330); IMCO Recycling of Ohio Inc. (1405); IMCO Recycling of Utah Inc. (2330); IMCO Recycling Services Company (0589); IMSAMET, Inc. (7929); Rock Creek Aluminum, Inc. (3607); Silver Fox Holding Company (1188); Wabash Alloys, L.L.C. (0708)

RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION

---

Legal Ads | Legal Notices | Legal Ads | Meetings / Coming Events

4803 West Broad, LLC trading as West Broad Shell, 4803 W. Broad Street, Richmond, Virginia 23230 is applying to the VIRGINIA DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL for a Wine and Beer Off Premises license to sell or manufacture alcoholic beverages. Dwarkesh Shah, Manager

**Public Notice - Environmental Permit**
**PURPOSE OF NOTICE** : To seek public comment

VIRGINIA

IN THE CIRCUIT COURT OF THE COUNTY OF HENRICO

tion.

**Ordinance No. 2010-53**
To amend City Code § 98-121, concerning the real estate tax rate, to increase the real estate tax rate from $1.20 per $100 of assessed value to $1.22 per $100 of assessed value for the tax

**RICHMOND TIMES-DISPATCH - InRich.Com-CENTRO**

MEDIA GENERAL OPERATIONS INC.

BILLING INQUIRES

P.O. BOX 85333

Richmond, Virginia 23293-0001

ADVERTISERBILLING@TIMESDISPATCH.COM

Telephone-804-649-6208

Fax: 804-649-6983

ADAM B. LEVIN
MILLER ADVERTISING
2458 N. RACINE 1ST FLOOR
CHICAGO,IL 60614

**ACCOUNT NUMBER**

3441914

**TODAY'S DATE**

03/29/10

| START | STOP | DESCRIPTION | LINES | RUNS | COST |
|-------|------|-------------|-------|------|------|
| 03/29/10 | 03/29/10 | 1824777-0329   LEGAL ALERIS INTERN | 6X8 | 1 | |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re ) Chapter 11
ALERIS INTERNATIONAL, INC., et al., ) Case No. 09-10478
Debtors. ) (Jointly Administered)

**NOTICE OF DEADLINE TO FILE CERTAIN REQUESTS**
**FOR PAYMENT OF ADMINISTRATIVE EXPENSES**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE FOLLOWING ENTITIES** (each a "*U.S. Debtor,*" and collectively, the "*U.S. Debtors*"):

Aleris International, Inc.; Alchem Aluminum Shelbyville Inc.; Alchem Aluminum, Inc.; Aleris Aluminum Europe, Inc.; Aleris Aluminum U.S. Sales Inc.; Aleris Blanking and Rim Products, Inc.; Aleris Light Gauge Products, Inc.; Aleris Nevada Management, Inc.; Aleris Ohio Management, Inc.; Aleris, Inc.; Alsco Holdings, Inc.; Alsco Metals Corporation; Alumitech of Cleveland, Inc.; Alumitech of Wabash, Inc.; Alumitech of West Virginia, Inc.; Alumitech, Inc.; AWT Properties, Inc.; CA Lewisport, LLC; CI Holdings, LLC; Commonwealth Aluminum Concast, Inc.; Commonwealth Aluminum Lewisport, LLC; Commonwealth Aluminum Metals, LLC; Commonwealth Aluminum Sales Corporation; Commonwealth Aluminum Tube Enterprises, LLC; Commonwealth Aluminum, LLC; Commonwealth Industries, Inc.; ETS Schaefer Corporation; IMCO Indiana Partnership L.P.; IMCO International, Inc.; IMCO Investment Company; IMCO Management Partnership, L.P.; IMCO Recycling of California, Inc.; IMCO Recycling of Idaho Inc.; IMCO Recycling of Indiana Inc.; IMCO Recycling of Indiana Inc.; IMCO Recycling of Michigan L.L.C.; IMCO Recycling of Ohio Inc.; IMCO Recycling of Utah Inc.; IMCO Recycling Services Company; IMSAMET, Inc.; Rock Creek Aluminum, Inc.; Silver Fox Holding Company; Wabash Alloys, L.L.C.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On February 12, 2009, each of the U.S. Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

On March 12, 2010, the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") entered an order requiring all persons and entities that assert certain types of administrative expense arising under section 503(b)(1) of the Bankruptcy Code ("*Administrative Expenses*") against any of the U.S. Debtors to file a proof of Administrative Expense by **5:00 p.m. (New York City Time) on Thursday May 20, 2010 (the "*Administrative Expense Bar Date*").**

1.  **WHO MUST FILE AN ADMINISTRATIVE EXPENSE CLAIM. Only certain holders of** *Administrative Expense claims must file a proof of Administrative Expense claim.* If you believe you have a claim against any of the U.S. Debtors that (i) arose after February 12, 2009, (ii) qualifies as an administrative expense under section 503(b)(1) of the Bankruptcy Code, and (iii) falls within any of the six categories described below, no matter how remote or contingent, you must file a request for payment on account of such Administrative Expense on or before the *Administrative Expense Bar Date:*

A.  Any Administrative Expense representing personal injury, property damage, or other tort claims against any of the U.S. Debtors;

B.  Any Administrative Expense for breach of an obligation – contractual, statutory or otherwise – by any of the U.S. Debtors, including any environmental liability (but other than any environmental liability with respect to property that is currently owned or operated by any of the U.S. Debtors);

C.  Any Administrative Expense for amounts incurred by any of the U.S. Debtors after February 12, 2009 in the ordinary course of such U.S. Debtor's business if payment of such amounts is alleged to be overdue by at least 60 days;

D.  Any Administrative Expense incurred by any of the U.S. Debtors outside the ordinary course of its business or on other than ordinary business terms, except to the extent the incurrence of such Administrative Expense claim was approved by the Bankruptcy Court (e.g., the DIP ABL Claim, the New Money Term DIP Claims and the U.S. Roll-Up Term Loan Claims) or represents fees and expenses of professionals arising under sections 330, 331, or 503(b)(2)-(5) of the Bankruptcy Code;

E.  Any Administrative Expense that would not ordinarily be reflected as a payable on the U.S. Debtors' books and records or as a liability on the U.S. Debtors' financial statements; or

F.  Any Administrative Expense representing an employee claim against any of the U.S. Debtors, *other than* (i) a claim for wages, benefits, pension or retirement benefits or expense reimbursement that is payable in the ordinary course and that the U.S. Debtor as of the U.S. Debtors outside the ordinary course of an employee who is employed by such U.S. Debtor as of the date filed with the Court and served upon a grievance claim under any collective bargaining agreement to which such U.S. Debtor is a party.

Claims of the type specified in A – F above are referred to in this Notice as "*Specified Administrative Expense Claims.*" If you hold a Specified Administrative Expense Claim, *and* you have asserted the claim in an action commenced against and served on any of the U.S. Debtors on or before March 12, 2010, *and* you have asserted in that action that the U.S. Debtor's liability is predicated upon the operation of the U.S. Debtor's business after February 12, 2009 or otherwise have alleged that such liability should be accorded administrative expense status, then you are *not* required to file a proof of Specified Administrative Expense against such U.S. Debtor. **This is the only exception to the requirement** *that holders of Specified Administrative Expense Claims file a proof of such Specified Administrative Expense Claims by the Administrative Expense Bar Date.*

*If you assert a claim under section 503(b)(9) of the Bankruptcy Code, the deadline for filing any such claim against the U.S. Debtors has passed, and the time has not been extended as a result of the Court's setting of an Administrative Expense Bar Date.*

2.  **WHEN AND WHERE TO FILE.** All Specified Administrative Expenses must be filed so as to be received no later than **5:00 P.M. (New York City Time), on or before Thursday, May 20, 2010** at the following address: **By Hand Delivery or By Mail: Aleris Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.** Kurtzman Carson Consultants LLC ("*KCC*") will not accept proofs of Specified Administrative Expenses by facsimile or any electronic means.

3.  **WHAT TO FILE.** Each Specified Administrative Expense must conform substantially to the claim form that has been approved by the Bankruptcy Court. Such claim form may be obtained on the website established by the U.S. Debtors in connection with their chapter 11 cases, www.kccllc.net/aleris, or by contacting KCC at 866-381-9100. Such claim must be written in English, and any amounts claimed therein must be converted to United States dollars.

Any creditor who is required, but fails, to file a request for payment of a Specified Administrative Expense by **5:00 p.m. (New York City Time) on or before Thursday May 20, 2010** will be forever barred, estopped, and enjoined from asserting such Specified Administrative Expense against any of the U.S. Debtors, their respective estates, or their successors to the U.S. Debtors (including any reorganized U.S. Debtors), and the U.S. Debtors'

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re ) Chapter 11
ALERIS INTERNATIONAL, ) Case No. 09-10478
INC., et al., ) (Jointly Administered)
Debtors. )

**NOTICE OF CONFIRMATION HEARING, OBJECTION**
**DEADLINE, AND VOTING DEADLINE REGARDING**
**THE DEBTORS' FIRST AMENDED PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Approval of the Disclosure Statement.** On March 15, 2010, the United States Bankruptcy Court for the District of Delaware approved the proposed disclosure statement (the "*Disclosure Statement*") for the *First Amended Plan of Reorganization of Aleris International, Inc. and Its Affiliated Debtors, as Modified,* dated March 19, 2010 (Docket No. 1684) (as may be amended or further modified, the "*Plan*"). The Plan is attached to the Disclosure Statement as Exhibit "A." The affiliated debtors of Aleris International, Inc. are listed below (with Aleris International, Inc., each a "*Debtor*" and collectively, the "*Debtors*").

**Confirmation Hearing.** On Thursday May 13, 2010 at 9:30 a.m. (Eastern Daylight Time), the Honorable Judge Brennan L. Shannon will conduct a hearing (the "*Confirmation Hearing*") to consider confirmation of the Plan at the United States Bankruptcy Court for the District of Delaware, 6th Floor Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties other than by filing such modifications with the Court prior to the Confirmation Hearing or announcing any such modifications at the Confirmation Hearing.

**Objection Deadline.** The deadline to object to confirmation of the Plan is Thursday April 29, 2010 at 4:00 p.m. (Eastern Daylight Time). All objections must be filed with the Court and served upon the appropriate notice parties in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. A list of the "Notice Parties" is included in Exhibit "D" to the Disclosure Statement.

**Voting Deadline.** Votes to accept or reject the Plan must be *actually received* by the Debtors' voting agent by **Thursday April 29, 2010 at 5:00 p.m. (Pacific Daylight Time) (the "*Voting Deadline*").** Before voting, please carefully review the voting procedures for the Plan (the "*Voting Procedures*"), which are attached to the Disclosure Statement as Exhibit "D."

**Copies of Documents.** A copy of the Disclosure Statement may be downloaded from http://www.kccllc.com/aleris or may be obtained by a written request to Aleris Claims Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo CA 90245.

The affiliated debtors of Aleris International, Inc. (8280) and the last four digits of their federal tax identification numbers are as follows:

Alchem Aluminum Shelbyville Inc. (8122); Alchem Aluminum, Inc. (5207); Aleris Aluminum Europe, Inc. (0921); Aleris Aluminum U.S. Sales Inc. (9536); Aleris Blanking and Rim Products, Inc. (7340); Aleris Deutschland Holding GmbH (0721); Aleris Light Gauge Products, Inc. (7311); Aleris Nevada Management, Inc. (2935); Aleris Ohio Management, Inc. (0637); Aleris, Inc. (6630); Alsco Holdings, Inc. (5535); Alsco Metals Corporation (7792); Alumitech of Cleveland, Inc. (1568); Alumitech of Wabash, Inc. (4425); Alumitech of West Virginia, Inc. (3237); Alumitech, Inc. (9351); AWT Properties, Inc. (5532); CA Lewisport, LLC (6561); CI Holdings, LLC (9484); Commonwealth Aluminum Concast, Inc. (7844); Commonwealth Aluminum Lewisport, LLC (7736); Commonwealth Aluminum Metals, LLC (8491); Commonwealth Aluminum Sales Corporation (8512); Commonwealth Aluminum Tube Enterprises, LLC (7895); Commonwealth Aluminum, LLC (5039); Commonwealth Industries, Inc. (5741); ETS Schaefer Corporation (9350); IMCO Indiana Partnership L.P. (3840); IMCO International, Inc. (8362); IMCO Investment Company (5738); IMCO Management Partnership, L.P. (2738); IMCO Recycling of California, Inc. (0255); IMCO Recycling of Idaho Inc. (8990); IMCO Recycling of Illinois Inc. (7727); IMCO Recycling of Indiana Inc. (4357); IMCO Recycling of Michigan L.L.C. (5772); IMCO Recycling of Ohio Inc. (1405); IMCO Recycling of Utah Inc. (2330); IMCO Recycling Services Company (0689); IMSAMET, Inc. (7929); Rock Creek Aluminum, Inc. (3607); Silver Fox Holding Company (1188); Wabash Alloys, L.L.C. (0708)

RICHARDS, LAYTON   WEIL, GOTSHAL

Supervisor

VERLY P. FOREMAN
Notary Public
Commonwealth of Virginia
222117
Commission Expires Jan 31, 2014

# AFFIDAVIT OF PUBLICATION

**NORTH CAROLINA.**
**Wake County.** ) Ss.



Before the undersigned, a Notary Public of Chatham County North Carolina, duly commissioned and authorized to administer oaths, affirmations, etc., personally appeared Debra Peebles, who, being duly sworn or affirmed, according to law, doth depose and say that she is Accounts Receivable Specialist of The News and Observer a corporation organized and doing business under the Laws of the State of North Carolina, and publishing a newspaper known as The News and Observer, in the City of Raleigh , Wake County and State aforesaid, the said newspaper in which such notice, paper, document, or legal advertisement was published was, at the time of each and every such publication, a newspaper meeting all of the requirements and qualifications of Section 1-597 of the General Statutes of North Carolina and was a qualified newspaper within the meaning of Section 1-597 of the General Statutes of North Carolina, and that as such she makes this affidavit; that she is familiar with the books, files and business of said corporation and by reference to the files of said publication the attached advertisement for MILLER ADVERTISING AGENCY IN was inserted in the aforesaid newspaper on dates as follows: 03/29/10

Account Number: 38833932

copied from the books and files of the aforesaid Corporation and publication.



_Debra Peebles, Accounts Receivable Specialist_
Wake County, North Carolina

Sworn or affirmed to, and subscribed before me, this 31 day of MARCH , 2010 AD by, Debra Peebles
In Testimony Whereof, I have hereunto set my hand and affixed my official seal, the day and year aforesaid.

_Janet Scroggs, Notary Public_

My commission expires 14th day of March 2014.

| | |
|---|---|
| *In re* ) Chapter 11 | |
| ALERIS INTERNATIONAL, INC., *et al.*, ) Case No. 09-10478 | |
| Debtors. ) (Jointly Administered) | |

## NOTICE OF DEADLINE TO FILE CERTAIN REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSES

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE FOLLOWING ENTITIES** (each a "*U.S. Debtor*," and collectively, the "*U.S. Debtors*"): Aleris International, Inc.; Alchem Aluminum Shelbyville Inc.; Alchem Aluminum, Inc.; Aleris Aluminum Europe, Inc.; Aleris Aluminum U.S. Sales Inc.; Aleris Blanking and Rim Products, Inc.; Aleris Light Gauge Products, Inc.; Aleris Nevada Management, Inc.; Aleris Ohio Management, Inc.; Aleris Deutschland Holding GmbH; Alsco Holdings, Inc.; Alsco Metals Corporation; Alumitech of Cleveland, Inc.; Alumitech of Wabash, Inc.; Alumitech of West Virginia, Inc.; Alumitech, Inc.; AWT Properties, Inc.; CA Lewisport, LLC; CI Holdings, LLC; Commonwealth Aluminum Concast, Inc.; Commonwealth Aluminum Lewisport, LLC; Commonwealth Aluminum Metals, LLC; Commonwealth Aluminum Sales Corporation; Commonwealth Aluminum Tube Enterprises, LLC; Commonwealth Aluminum, LLC; Commonwealth Industries, Inc.; ETS Schaefer Corporation; IMCO Indiana Partnership L.P.; IMCO International, Inc.; IMCO Investment Company; IMCO Management Partnership, L.P.; IMCO Recycling of California, Inc.; IMCO Recycling of Idaho Inc.; IMCO Recycling of Illinois Inc.; IMCO Recycling of Indiana Inc.; IMCO Recycling of Michigan L.L.C.; IMCO Recycling of Ohio Inc.; IMCO Recycling of Utah Inc.; IMCO Recycling Services Company; IMSAMET, Inc.; Rock Creek Aluminum, Inc.; Silver Fox Holding Company; Wabash Alloys, L.L.C.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On February 12, 2009, each of the U.S. Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

On March 12, 2010, the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") entered an order requiring all persons and entities that assert certain types of administrative expense arising under section 503(b)(1) of the Bankruptcy Code ("*Administrative Expense*") against any of the U.S. Debtors to file a proof of Administrative Expense by 5:00 p.m. (New York City Time) on **Thursday May 20, 2010 (the "*Administrative Expense Bar Date*").**

**1. WHO MUST FILE AN ADMINISTRATIVE EXPENSE CLAIM.** *Only certain holders of Administrative Expense claims must file a proof of Administrative Expense claim.* If you believe you have a claim against any of the U.S. Debtors that (i) arose after February 12, 2009 (ii) qualifies as an administrative expense under section 503(b)(1) of the Bankruptcy Code, and (iii) falls within any of the six categories described below, no matter how remote or contingent, you must file a request for payment on account of such Administrative Expense on or before the Administrative Expense Bar Date:

A. Any Administrative Expense representing personal injury, property damage, or other tort claims against any of the U.S. Debtors;

B. Any Administrative Expense for breach of an obligation – contractual, statutory or otherwise – by any of the U.S. Debtors, including any environmental liability (but other than any environmental liability with respect to property that is currently owned or operated by any of the U.S. Debtors);

C. Any Administrative Expense for amounts incurred by any of the U.S. Debtors after February 12, 2009 in the ordinary course of such U.S. Debtor's business if payment of such amounts is alleged to be overdue by at least 60 days;

D. Any Administrative Expense incurred by any of the U.S. Debtors outside the ordinary course of its business or on other than ordinary business terms, except to the extent the incurrence of such Administrative Expense claim was approved by the Bankruptcy Court (e.g., the DIP ABL Claim, the New Money Term DIP Claims and the U.S. Roll-Up Term Loan Claims) or represents fees and expenses of professionals retained under sections 330, 331, or 503(b)(2)-(5) of the Bankruptcy Code;

E. Any Administrative Expense that would not ordinarily be reflected as a payable on the U.S. Debtors' books and records or as a liability on the U.S. Debtors' financial statements; or

F. Any Administrative Expense representing an employee claim against any of the U.S. Debtors, *other than* (i) a claim for wages, benefits, pension or retirement benefits or expense reimbursement by an employee who is employed by such U.S. Debtor as of the Administrative Expense Bar Date or (ii) a grievance claim under any collective bargaining agreement to which such U.S. Debtor is a party.

Claims of the type specified in A – F above are referred to in this Notice as "*Specified Administrative Expense Claims.*" If you hold a Specified Administrative Expense Claim, *and* you have asserted the claim in an action commenced against and served on any of the U.S. Debtors on or before **March 12, 2010,** *and* you have asserted in that action that the U.S. Debtor's liability is predicated upon the operation of the U.S. Debtor's business after February 12, 2009 or otherwise have alleged that such liability should be accorded administrative expense status, then you are *not* required to file a proof of Specified Administrative Expense against such U.S. Debtor. *This is the only exception to the requirement that holders of Specified Administrative Expense Claims file a proof of such Specified Administrative Expense Claims by the Administrative Expense Bar Date.*

*If you assert a claim under section 503(b)(9) of the Bankruptcy Code, the deadline for filing any such claim against the U.S. Debtors has passed, and the time has not been extended as a result of the Court's setting of an Administrative Expense Bar Date.*

**2. WHEN AND WHERE TO FILE.** All Specified Administrative Expenses must be filed so as to be received no later than 5:00 P.M. (New York City Time), on or before **Thursday, May 20, 2010** at the following address: **By Hand Delivery or By Mail:** Aleris Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

Kurtzman Carson Consultants LLC ("*KCC*") will *not* accept proofs of Specified Administrative Expenses by facsimile or any electronic means.

**3. WHAT TO FILE.** Each Specified Administrative Expense must conform substantially to the claim form that has been approved by the Bankruptcy Court. Such claim form may be obtained on the website established by the U.S. Debtors in connection with their chapter 11 cases, www.kccllc.net/aleris, or by contacting KCC at 866-381-9100. Such claim must be written in English, and any amounts claimed therein must be converted to United States dollars.

**Any creditor who is required, but fails, to file a request for payment of a Specified Administrative Expense by 5:00 p.m. (New York City Time) on or before Thursday May 20, 2010 (the Administrative Expense Bar Date) will be forever barred, estopped, and enjoined from asserting such Specified Administrative Expense against any of the U.S. Debtors, their respective estates, or any successors to the U.S. Debtors (including any reorganized U.S. Debtors), and the U.S. Debtors will be forever discharged from any and all indebtedness or liability with respect to such Specified Administrative Expense.**

| | |
|---|---|
| RICHARDS, LAYTON & FINGER, P.A. | WEIL, GOTSHAL & MANGES LLP |
| One Rodney Square | 767 Fifth Avenue |
| P.O. Box 551 | New York, New York 10153 |
| Wilmington, Delaware 19899 | |

ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION

---

| | |
|---|---|
| *In re* ) Chapter 11 | |
| ALERIS INTERNATIONAL, ) Case No. 09-10478 | |
| INC., *et al.*, ) (Jointly | |
| Debtors. ) Administered) | |

## NOTICE OF CONFIRMATION HEARING, OBJECTION DEADLINE, AND VOTING DEADLINE REGARDING THE DEBTORS' FIRST AMENDED PLAN

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Approval of the Disclosure Statement.** On March 15, 2010, the United States Bankruptcy Court for the District of Delaware approved the proposed disclosure statement (the "*Disclosure Statement*") for the *First Amended Plan of Reorganization of Aleris International, Inc. and Its Affiliated Debtors, as Modified*, dated March 19, 2010 [Docket No. 1684] (as may be amended or further modified, the "*Plan*"). The Plan is attached to the Disclosure Statement as Exhibit "A." The affiliated debtors of Aleris International, Inc., each a "*Debtor*" and collectively, the "*Debtors*").

**Confirmation Hearing.** On Thursday May 13, 2010 at **9:30 a.m. (Eastern Daylight Time),** the Honorable Judge Brennan L. Shannon will conduct a hearing (the "*Confirmation Hearing*") to consider confirmation of the Plan at the United States Bankruptcy Court for the District of Delaware, 6th Floor Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties other than by filing such modifications with the Court prior to the Confirmation Hearing or announcing any such modifications at the Confirmation Hearing.

**Objection Deadline.** The deadline to object to confirmation of the Plan is **Thursday April 29, 2010 at 4:00 p.m. (Eastern Daylight Time).** All objections must be filed with the Court and served upon the appropriate notice parties in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. A list of the "Notice Parties" is included in Exhibit "B" to the Disclosure Statement.

**Voting Deadline.** Votes to accept or reject the Plan must be *actually received* by the Debtors' voting agent by **Thursday April 29, 2010 at 5:00 p.m. (Pacific Daylight Time)** (the "*Voting Deadline*"). Before voting, please carefully review the voting procedures for the Plan (the "*Voting Procedures*"), which are attached to the Disclosure Statement as Exhibit "D."

**Copies of Documents.** A copy of the Disclosure Statement may be downloaded from http://www.kccllc.com/aleris or may be obtained by a written request to Aleris Claims Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo CA 90245.

The affiliated debtors of Aleris International, Inc. (8280) and the last four digits of their federal tax identification numbers are as follows: Alchem Aluminum Shelbyville Inc. (8122); Alchem Aluminum, Inc. (5207); Aleris Aluminum Europe, Inc. (0921); Aleris Aluminum U.S. Sales Inc. (9536); Aleris Blanking and Rim Products, Inc. (7340); Aleris Deutschland Holding GmbH (3721); Aleris Light Gauge Products, Inc. (7311); Aleris Nevada Management, Inc. (2935); Aleris Ohio Management, Inc. (0637); Aleris, Inc. (6630); Alsco Holdings, Inc. (5535); Alsco Metals Corporation (7792); Alumitech of Cleveland, Inc. (1568); Alumitech of Wabash, Inc. (4425); Alumitech of West Virginia, Inc. (2237); Alumitech, Inc. (9351); AWT Properties, Inc. (5332); CA Lewisport, LLC (6561); CI Holdings, LLC (9484); Commonwealth Aluminum Concast, Inc. (7844); Commonwealth Aluminum Lewisport, LLC (7736); Commonwealth Aluminum Metals, LLC (8491); Commonwealth Aluminum Sales Corporation (8512); Commonwealth Aluminum Tube Enterprises, LLC (7895); Commonwealth Aluminum, LLC (5039); Commonwealth Industries, Inc. (5741); ETS Schaefer Corporation (9350); IMCO Indiana Partnership L.P. (3840); IMCO International, Inc. (8362); IMCO Investment Company (5738); IMCO Management Partnership, L.P. (2738); IMCO Recycling of California, Inc. (0255); IMCO Recycling of Idaho Inc. (8990); IMCO Recycling of Illinois Inc. (7227); IMCO Recycling of Indiana Inc. (4357); IMCO Recycling of Michigan L.L.C. (5772); IMCO Recycling of Ohio Inc. (1405); IMCO Recycling of Utah Inc. (2330); IMCO Recycling Services Company (0589); IMSAMET, Inc. (7929); Rock Creek Aluminum, Inc. (3607); Silver Fox Holding Company (1188); Wabash Alloys, L.L.C. (0708)

| | |
|---|---|
| RICHARDS, LAYTON | WEIL, GOTSHAL |
| & FINGER, P.A. | & MANGES LLP |
| One Rodney Square | 767 Fifth Avenue |
| P.O. Box 551 | New York, New York |
| Wilmington, Delaware 19899 | 10153 |

ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION

# AFFIDAVIT OF PUBLICATION

**NORTH CAROLINA.**
**Wake    County.** ) Ss.

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

In re ) Chapter 11
ALERIS INTERNATIONAL, INC., *et al.*, ) Case No. 09-10478
Debtors. ) (Jointly Administered)

### NOTICE OF DEADLINE TO FILE CERTAIN REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSES

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE FOLLOWING ENTITIES** (each a "*U.S. Debtor*," and collectively, the "*U.S. Debtors*"): Aleris International, Inc.; Alchem Aluminum Shelbyville Inc.; Alchem Aluminum, Inc.; Aleris Aluminum Europe, Inc.; Aleris Aluminum U.S. Sales Inc.; Aleris Blanking and Rim Products, Inc.; Aleris Light Gauge Products, Inc.; Aleris Nevada Management, Inc.; Aleris Ohio Management, Inc.; Aleris, Inc.; Alsco Holdings, Inc.; Alsco Metals Corporation; Alumitech of Cleveland, Inc.; Alumitech of Wabash, Inc.; Alumitech of West Virginia, Inc.; Alumitech, Inc.; AWT Properties, Inc.; CA Lewisport, LLC; CI Holdings, LLC; Commonwealth Aluminum Concast, Inc.; Commonwealth Aluminum Lewisport, LLC; Commonwealth Aluminum Metals, LLC; Commonwealth Aluminum Sales Corporation; Commonwealth Aluminum Tube Enterprises, LLC; Commonwealth Aluminum, LLC; Commonwealth Industries, Inc.; ETS Schaefer Corporation; IMCO Indiana Partnership L.P.; IMCO International, Inc.; IMCO Investment Company; IMCO Management Partnership, L.P.; IMCO Recycling of California, Inc.; IMCO Recycling of Idaho Inc.; IMCO Recycling of Illinois Inc.; IMCO Recycling of Indiana Inc.; IMCO Recycling of Michigan L.L.C.; IMCO Recycling of Ohio Inc.; IMCO Recycling of Utah Inc.; IMCO Recycling Services Company; IMSAMET, Inc.; Rock Creek Aluminum, Inc.; Silver Fox Holding Company; Wabash Alloys, L.L.C.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On February 12, 2009, each of the U.S. Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

On March 12, 2010, the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") entered an order requiring all persons and entities that assert certain types of administrative expense arising under section 503(b)(1) of the Bankruptcy Code ("*Administrative Expense*") against any of the U.S. Debtors to file a proof of Administrative Expense by **5:00 p.m. (New York City Time) on Thursday May 20, 2010** (the "*Administrative Expense Bar Date*").

**1. WHO MUST FILE AN ADMINISTRATIVE EXPENSE CLAIM.** *Only certain holders of Administrative Expense claims must file a proof of Administrative Expense claim.* If you believe you have a claim against any of the U.S. Debtors (i) arose after February 12, 2009; (ii) qualifies as an administrative expense under section 503(b)(1) of the Bankruptcy Code, *and* (iii) falls within any of the six categories described below, no matter how remote or contingent, you must file a request for payment on account of such Administrative Expense on or before the Administrative Expense Bar Date:

A. Any Administrative Expense representing personal injury, property damage, or other tort claims against any of the U.S. Debtors;

B. Any Administrative Expense for breach of an obligation – contractual, statutory or otherwise – by any of the U.S. Debtors, including any environmental liability (but other than any environmental liability with respect to property that is currently owned or operated by any of the U.S. Debtors);

C. Any Administrative Expense for amounts incurred by any of the U.S. Debtors after February 12, 2009 in the ordinary course of such U.S. Debtor's business if payment of such amounts is alleged to be overdue by at least 60 days;

D. Any Administrative Expense incurred by any of the U.S. Debtors outside the ordinary course of its business or on other than ordinary business terms, except to the extent the incurrence of such Administrative Expense claim was approved by the Bankruptcy Court (e.g., the DIP ABL Claim, the New Money Term DIP Claims and the U.S. Roll-Up Term Loan Claims) or represents fees and expenses of professionals arising under sections 330, 331, or 503(b)(2)-(5) of the Bankruptcy Code;

E. Any Administrative Expense that would not ordinarily be reflected as a payable on the U.S. Debtors' books and records or as a liability on the U.S. Debtors' financial statements; or

F. Any Administrative Expense representing an employee claim against any of the U.S. Debtors, *other than* (i) a claim for wages, benefits, pension or retirement benefits or expense reimbursement by an employee who is employed by such U.S. Debtor as of the Administrative Expense Bar Date or (ii) a grievance claim under any collective bargaining agreement to which such U.S. Debtor is a party.

Claims of the type specified in A – F above are referred to in this Notice as "*Specified Administrative Expense Claims.*" If you hold a Specified Administrative Expense Claim, *and* you have asserted the claim in an action commenced against and served on any of the U.S. Debtors on or before **March 12, 2010**, *and* you have asserted in that action that the U.S. Debtor's liability is predicated upon the operation of the U.S. Debtor's business after February 12, 2009 or otherwise have alleged that such liability would be accorded administrative expense status, then you are *not required* to file a proof of Specified Administrative Expense Claim against such U.S. Debtor. *This is the only exception to the requirement that holders of Specified Administrative Expense Claims file a proof of such Specified Administrative Expense Claims by the Administrative Expense Bar Date.*

*If you assert a claim under section 503(b)(9) of the Bankruptcy Code, the deadline for filing any such claim against the U.S. Debtors has passed, and the time has not been extended as a result of the Court's setting of an Administrative Expense Bar Date.*

**2. WHEN AND WHERE TO FILE.** All Specified Administrative Expenses must be filed so as to be received no later than **5:00 P.M. (New York City Time), on or before Thursday, May 20, 2010** at the following address: By Hand Delivery or By Mail: Aleris Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

Kurtzman Carson Consultants LLC ("*KCC*") will not accept proofs of Specified Administrative Expenses by facsimile or other electronic means.

**3. WHAT TO FILE.** Each Specified Administrative Expense must conform substantially to the claim form that has been approved by the Bankruptcy Court. Such claim form may be obtained on the website established by the U.S. Debtors in connection with their chapter 11 cases, www.kccllc.net/aleris, or by contacting KCC at 866-381-9100. Such claim must be written in English, and any amounts claimed therein must be converted to United States dollars.

*Any creditor who is required, but fails, to file a request for payment of a Specified Administrative Expense by 5:00 p.m. (New York City Time) on or before Thursday May 20, 2010 (the Administrative Expense Bar Date) will be forever barred, estopped, and enjoined from asserting such Specified Administrative Expense against any of the U.S. Debtors, their respective estates, or any successors to the U.S. Debtors (including any reorganized U.S. Debtors), and the U.S. Debtors will be forever discharged from any and all indebtedness or liability with respect to such Specified Administrative Expense.*

RICHARDS, LAYTON & FINGER, P.A.     WEIL, GOTSHAL & MANGES LLP
One Rodney Square                   767 Fifth Avenue
P.O. Box 551                        New York, New York 10153
Wilmington, Delaware 18899
**ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

In re ) Chapter 11
ALERIS INTERNATIONAL, ) Case No. 09-10478
INC., *et al.*, ) (Jointly
Debtors. ) Administered)

### NOTICE OF CONFIRMATION HEARING, OBJECTION DEADLINE, AND VOTING DEADLINE REGARDING THE DEBTORS' FIRST AMENDED PLAN

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Approval of the Disclosure Statement.** On March 15, 2010, the United States Bankruptcy Court for the District of Delaware approved the proposed disclosure statement (the "*Disclosure Statement*") for the *First Amended Plan of Reorganization of Aleris International, Inc. and Its Affiliated Debtors, as Modified*, dated March 19, 2010 [Docket No. 1684] (as may be amended or further modified, the "*Plan*"). The Plan is attached to the Disclosure Statement as Exhibit "A." The affiliated debtors of Aleris International, Inc. are listed below (with Aleris International, Inc., each a "*Debtor*" and collectively, the "*Debtors*").

**Confirmation Hearing.** On **Thursday May 13, 2010 at 9:30 a.m. (Eastern Daylight Time)**, the Honorable Judge Brennan L. Shannon will conduct a hearing (the "*Confirmation Hearing*") to consider confirmation of the Plan at the United States Bankruptcy Court for the District of Delaware, 6th Floor Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties other than by filing such modifications with the Court prior to the Confirmation Hearing or announcing any such modifications at the Confirmation Hearing.

**Objection Deadline.** The deadline to object to confirmation of the Plan is **Thursday April 29, 2010 at 4:00 p.m. (Eastern Daylight Time)**. All objections must be filed with the Court and served upon the appropriate notice parties in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. A list of the "Notice Parties" is included in Exhibit "B" to the Disclosure Statement.

**Voting Deadline.** Votes to accept or reject the Plan must be *actually received* by the Debtors' voting agent by **Thursday April 29, 2010 at 5:00 p.m. (Pacific Daylight Time)** (the "*Voting Deadline*"). Before voting, please carefully review the voting procedures for the Plan (the "*Voting Procedures*"), which are attached to the Disclosure Statement as Exhibit "D."

**Copies of Documents.** A copy of the Disclosure Statement may be downloaded from http://www.kccllc.com/aleris or may be obtained by a written request to Aleris Claims Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo CA 90245.

The affiliated debtors of Aleris International, Inc. (8280) and the last four digits of their federal tax identification numbers are as follows: Alchem Aluminum Shelbyville Inc. (8712); Alchem Aluminum, Inc. (5207); Aleris Aluminum Europe, Inc. (0921); Aleris Aluminum U.S. Sales Inc. (9536); Aleris Blanking and Rim Products, Inc. (7340); Aleris Deutschland Holding GmbH (3211); Aleris Light Gauge Products, Inc. (7311); Aleris Nevada Management, Inc. (2935); Aleris Ohio Management, Inc. (0637); Aleris, Inc. (6630); Alsco Holdings, Inc. (5535); Alsco Metals Corporation (7792); Alumitech of Cleveland, Inc. (1568); Alumitech of Wabash, Inc. (4425); Alumitech of West Virginia, Inc. (3237); Alumitech, Inc. (9351); AWT Properties, Inc. (5332); CA Lewisport, LLC (6581); CI Holdings, LLC (8492); Commonwealth Aluminum Concast, Inc. (7844); Commonwealth Aluminum Lewisport, LLC (7736); Commonwealth Aluminum Metals, LLC (8491); Commonwealth Aluminum Sales Corporation (8512); Commonwealth Aluminum Tube Enterprises, LLC (7895); Commonwealth Aluminum, LLC (5039); Commonwealth Industries, Inc. (5741); ETS Schaefer Corporation (9350); IMCO Indiana Partnership L.P. (3840); IMCO International, Inc. (8362); IMCO Investment Company (5738); IMCO Management Partnership, L.P. (2738); IMCO Recycling of California, Inc. (0255); IMCO Recycling of Illinois Inc. (8990); IMCO Recycling of Illinois Inc. (7227); IMCO Recycling of Indiana Inc. (4357); IMCO Recycling of Michigan L.L.C. (5772); IMCO Recycling of Ohio Inc. (1405); IMCO Recycling of Utah Inc. (2330); IMCO Recycling Services Company (0589); IMSAMET, Inc. (7929); Rock Creek Aluminum, Inc. (3607); Silver Fox Holding Company (1183); Wabash Alloys, L.L.C. (0708)

RICHARDS, LAYTON     WEIL, GOTSHAL
& FINGER, P.A.       & MANGES LLP
One Rodney Square    767 Fifth Avenue
P.O. Box 551         New York, New York
Wilmington, Delaware 18899     10153
**ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**

...tary Public of Chatham ...ioned and authorized to ...rsonally appeared Debra ...irmed, according to law, ...ts Receivable Specialist ...ion organized and doing ... of North Carolina, and ... News and Observer, in ...nty and State aforesaid, ...ice, paper, document, or ... at the time of each and ...er meeting all of the ... Section 1-597 of the ... and was a qualified ...ion 1-597 of the General ...s such she makes this ...books, files and business ...e to the files of said ...ment for    MILLER ...inserted in the aforesaid ...10

...ration and publication.

...vable Specialist

...cribed before me, this ...Debra Peebles ...hereunto set my hand ...d year aforesaid.

...ay of March 2014.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re                                   ) Chapter 11
ALERIS INTERNATIONAL, INC.,             ) Case No. 09-10478
et al.,                                 ) (Jointly Administered)
        Debtors.                        )

NOTICE OF CONFIRMATION HEARING, OBJECTION
DEADLINE, AND VOTING DEADLINE REGARDING
THE DEBTORS' FIRST AMENDED PLAN

PLEASE TAKE NOTICE OF THE FOLLOWING:

Approval of the Disclosure Statement. On March 15, 2010, the United States Bankruptcy Court for the District of Delaware approved the proposed disclosure statement (the "Disclosure Statement") for the First Amended Plan of Reorganization of Aleris International, Inc. and its Affiliated Debtors, as Modified (dated March 19, 2010 [Docket No. 1684] (as may be amended or further modified, the "Plan"). The Plan is attached to the Disclosure Statement as Exhibit "A." The affiliated debtors of Aleris International, Inc. are listed below (with Aleris International, Inc., each a "Debtor" and collectively, the "Debtors").

Confirmation Hearing. On Thursday May 13, 2010 at 9:30 a.m. (Eastern Daylight Time), the Honorable Judge Brennan L. Shannon will conduct a hearing (the "Confirmation Hearing") to consider confirmation of the Plan at the United States Bankruptcy Court for the District of Delaware, 6th Floor Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties other than by filing such modifications with the Court prior to the Confirmation Hearing or announcing any such modifications at the Confirmation Hearing.

Objection Deadline. The deadline to object to confirmation of the Plan is Thursday April 29, 2010 at 4:00 p.m. (Eastern Daylight Time). All objections must be filed with the Court and served upon the appropriate notice parties in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. A list of the "Notice Parties" is included in Exhibit "B" to the Disclosure Statement.

Voting Deadline. Votes to accept or reject the Plan must be actually received by the Debtors' voting agent by Thursday April 29, 2010 at 5:00 p.m. (Pacific Daylight Time) (the "Voting Deadline"). Before voting, please carefully review the voting procedures for the Plan (the "Voting Procedures"), which are attached to the Disclosure Statement as Exhibit "D."

Copies of Documents. A copy of the Disclosure Statement may be downloaded from http://www.kccllc.complaleris or may be obtained by a written request to Aleris Claims Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo CA 90245.

The affiliated debtors of Aleris International, Inc. (8280) and the last four digits of their federal tax identification numbers are as follows:

Alchem Aluminum Shelbyville Inc. (8122); Alchem Aluminum, Inc. (5207); Aleris Aluminum Europe, Inc. (8921); Aleris Aluminum U.S. Sales Inc. (9536); Aleris Blanking and Rim Products, Inc. (7340); Aleris Deutschland Holding GmbH (2721); Aleris Light Gauge Products, Inc. (7311); Aleris Nevada Management, Inc. (8552); Aleris Ohio Management, Inc. (6637); Aleris, Inc. (6630); Aleris Holdings, Inc. (5535); Alsco Metals Corporation (7792); Alumitech of Cleveland, Inc. (1568); Alumitech of West Virginia, Inc. (3237); Wabash, Inc. (6425); Alumitech of West Virginia, Inc. (3332); CA Lewisport, LLC (6561); CI Holdings, LLC (9484); Commonwealth Aluminum Concast, Inc. (7644); Commonwealth Aluminum Lewisport, LLC (7736); Commonwealth Aluminum Metals, LLC (8491); Commonwealth Aluminum Sales Corporation (8132); Commonwealth Aluminum Tube Enterprises, LLC (7895); Commonwealth Aluminum, LLC (5039); Commonwealth Industries, Inc. (5741); ETS Schaefer Corporation (0950); IMCO Indiana Partnership, L.P (8940); IMCO Recycling of Illinois Inc. (7227); IMCO Recycling of Indiana Inc. (6357); IMCO Recycling of Idaho Inc. (6990); IMCO Recycling of Illinois Inc. (4185); IMCO Recycling of Indiana Inc. (6357); IMCO Recycling Services Company (6589); IMSAMET, Inc. (7929); Rock Creek Aluminum, Inc. (5607); Silver Fox Holding Company (1188); Wabash Alloys, L.L.C. (0708)

RICHARDS, LAYTON          WEIL, GOTSHAL
& FINGER, P.A.            & MANGES LLP
One Rodney Square         767 Fifth Avenue
P.O. Box 551              New York, New York 10153
Wilmington, Delaware 19899
        ATTORNEYS FOR THE DEBTORS
        AND DEBTORS IN POSSESSION

---

AFFIDAVIT

LaPorte County)
State of Indiana) SS:

Personally appeared before me, a notary public in and for said county and state, the undersigned Jennifer Richardson, who being duly sworn says that she is of competent age and is Assistant Business Manager of the LaPorte Herald-Argus, a daily newspaper which for at least five (5) consecutive years has been published in the city of LaPorte, county of LaPorte, State of Indiana, and which during that time, has been a newspaper of general circulation, printed in the English language and entered, authorized and accepted by the post office department of the United States of America as mailable matter of the second-class as defined by the Act of Congress of the United States of March 3, 1879 and that the printed matter attached hereto is a true copy, which was duly published and online 1 time(s), the date of publication being as follows: March 29, 2010

_____
Affiant

Before me, a Notary Public in and for said county, this 29th day of March, 2010.

_____
My commission expires April 28, 2016

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re　　　　　　　　　　　) Chapter 11
ALERIS INTERNATIONAL, INC., *et al.*,　) Case No. 09-10478
　　　Debtors.　　　　　　　) (Jointly Administered)

## NOTICE OF DEADLINE TO FILE CERTAIN REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSES

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE FOLLOWING ENTITIES** (each a "*U.S. Debtor*," and collectively, the "*U.S. Debtors*"): Aleris International, Inc.; Alchem Aluminum Shelbyville Inc.; Alchem Aluminum, Inc.; Aleris Aluminum Europe, Inc.; Aleris Aluminum U.S. Sales Inc.; Aleris Blanking and Rim Products, Inc.; Aleris Light Gauge Products, Inc.; Aleris Nevada Management, Inc.; Aleris Ohio Management, Inc.; Aleris, Inc.; Alsco Holdings, Inc.; Alsco Metals Corporation; Alumitech of Cleveland, Inc.; Alumitech of Wabash, Inc.; Alumitech of West Virginia, Inc.; Alumitech, Inc.; AWT Properties, Inc.; CA Lewisport, LLC; CI Holdings, LLC; Commonwealth Aluminum Concast, Inc.; Commonwealth Aluminum Lewisport, LLC; Commonwealth Aluminum Metals, LLC; Commonwealth Aluminum Sales Corporation; Commonwealth Aluminum Tube Enterprises, LLC; Commonwealth Aluminum, LLC; Commonwealth Industries, Inc.; ETS Schaefer Corporation; IMCO Indiana Partnership L.P.; IMCO International, Inc.; IMCO Investment Company; IMCO Management Partnership, L.P.; IMCO Recycling of California, Inc.; IMCO Recycling of Idaho Inc.; IMCO Recycling of Illinois Inc.; IMCO Recycling of Indiana Inc.; IMCO Recycling of Michigan L.L.C.; IMCO Recycling of Ohio Inc.; IMCO Recycling of Utah Inc.; IMCO Recycling Services Company; IMSAMET, Inc.; Rock Creek Aluminum, Inc.; Silver Fox Holding Company; Wabash Alloys, L.L.C.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On February 12, 2009, each of the U.S. Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

On March 12, 2010, the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") entered an order requiring all persons and entities that assert certain types of administrative expense arising under section 503(b)(1) of the Bankruptcy Code ("*Administrative Expense*") against any of the U.S. Debtors to file a proof of Administrative Expense by **5:00 p.m.** (**New York City Time**) on **Thursday May 20, 2010** (the "*Administrative Expense Bar Date*").

**1. WHO MUST FILE AN ADMINISTRATIVE EXPENSE CLAIM.** *Only certain holders of Administrative Expense claims must file a proof of Administrative Expense claim.* If you believe you have a claim against any of the U.S. Debtors that (i) arose after February 12, 2009, (ii) qualifies as an administrative expense under section 503(b)(1) of the Bankruptcy Code, *and* (iii) falls within any of the six categories described below, no matter how remote or contingent, you must file a request for payment on account of such Administrative Expense on or before the Administrative Expense Bar Date:

　A. Any Administrative Expense representing personal injury, property damage, or other tort claims against any of the U.S. Debtors;

　B. Any Administrative Expense for breach of an obligation – contractual, statutory or otherwise – by any of the U.S. Debtors, including any environmental liability (but other than any environmental liability with respect to property that is currently owned or operated by any of the U.S. Debtors);

　C. Any Administrative Expense for amounts incurred by any of the U.S. Debtors after February 12, 2009 in the ordinary course of such U.S. Debtor's business if payment of such amounts is alleged to be overdue by at least 60 days;

　D. Any Administrative Expense incurred by any of the U.S. Debtors outside the ordinary course of its business or on other than ordinary business terms, except to the extent the incurrence of such Administrative Expense claim was approved by the Bankruptcy Court (*e.g.*, the DIP ABL Claim, the New Money Term DIP Claims and the U.S. Roll-Up Term Loan Claims) or represents fees and expenses of professionals arising under sections 330, 331, or 503(b)(2)-(5) of the Bankruptcy Code;

　E. Any Administrative Expense that would not ordinarily be reflected as a payable on the U.S. Debtors' books and records or as a liability on the U.S. Debtors' financial statements; or

　F. Any Administrative Expense representing an employee claim against any of the U.S. Debtors, *other than* (i) a claim for wages, benefits, pension or retirement benefits or expense reimbursement by an employee who is employed by such U.S. Debtor as of the Administrative Expense Bar Date or (ii) a grievance claim under any collective bargaining agreement to which such U.S. Debtor is a party.

Claims of the type specified in A – F above are referred to in this Notice as "*Specified Administrative Expense Claims.*" If you hold a Specified Administrative Expense Claim, *and* you have asserted the claim in an action commenced against and served on any of the U.S. Debtors on or before **March 12, 2010,** *and* you have asserted in that action that the U.S. Debtor's liability is predicated upon the operation of the U.S. Debtor's business after February 12, 2009 or otherwise have alleged that such liability should be accorded administrative expense status, then you are *not* required to file a proof of Specified Administrative Expense against such U.S. Debtor. *This is the only exception to the requirement that holders of Specified Administrative Expense Claims file a proof of such Specified Administrative Expense Claims by the Administrative Expense Bar Date.*

*If you assert a claim under section 503(b)(9) of the Bankruptcy Code, the deadline for filing any such claim against the U.S. Debtors has passed, and the time has not been extended as a result of the Court's setting of an Administrative Expense Bar Date.*

**2. WHEN AND WHERE TO FILE.** All Specified Administrative Expenses must be filed so as to be received no later than **5:00 P.M. (New York City Time)**, **on or before Thursday, May 20, 2010** at the following address: **By Hand Delivery or By Mail:** Aleris Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

Kurtzman Carson Consultants LLC ("*KCC*") will *not* accept proofs of Specified Administrative Expenses by facsimile or any electronic means.

**3. WHAT TO FILE.** Each Specified Administrative Expense must conform substantially to the claim form that has been approved by the Bankruptcy Court. Such claim form may be obtained **on the website established by the U.S. Debtors in connection with their chapter 11 cases, www. kcclic.net/aleris,** or by contacting KCC at 866-381-9100. Such claim must be written in English, and any amounts claimed therein must be converted to United States dollars.

Any creditor who is required, but fails, to file a request for payment of a **Specified Administrative Expense by 5:00 p.m.** (**New York City Time**) **on or before Thursday May 20, 2010** (**the Administrative Expense Bar Date**) will be forever barred, estopped, and enjoined from asserting such Specified Administrative Expense against any of the U.S. Debtors, their respective estates, or any successors to the U.S. Debtors (including any reorganized U.S. Debtors), and the U.S. Debtors will be forever discharged from any and all indebtedness or liability with respect to such Specified Administrative Expense.

RICHARDS, LAYTON & FINGER, P.A.　　WEIL, GOTSHAL & MANGES LLP
One Rodney Square　　　　　　　767 Fifth Avenue
P.O. Box 551　　　　　　　　　New York, New York 10153
Wilmington, Delaware 19899

**ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**

---

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re　　　　　　　　　　　) Chapter 11
ALERIS INTERNATIONAL, INC.,　) Case No. 09-10478
*et al.*,　　　　　　　　　　) (Jointly Administered)
　　　Debtors.　　　　　　　)

## NOTICE OF CONFIRMATION HEARING, OBJECTION DEADLINE, AND VOTING DEADLINE REGARDING THE DEBTORS' FIRST AMENDED PLAN

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Approval of the Disclosure Statement.** On March 15, 2010, the United States Bankruptcy Court for the District of Delaware approved the proposed disclosure statement (the "*Disclosure Statement*") for the *First Amended Plan of Reorganization of Aleris International, Inc. and its Affiliated Debtors, as Modified,* dated March 19, 2010 [Docket No. 1684] (as may be amended or further modified, the "*Plan*"). The Plan is attached to the Disclosure Statement as Exhibit "A." The affiliated debtors of Aleris International, Inc. are listed below (with Aleris International, Inc., each a "*Debtor*" and collectively, the "*Debtors*").

**Confirmation Hearing.** On **Thursday May 13, 2010** at **9:30 a.m. (Eastern Daylight Time),** the Honorable Judge Brennan L. Shannon will conduct a hearing (the "*Confirmation Hearing*") to consider confirmation of the Plan at the **United States Bankruptcy Court for the District of Delaware, 6th Floor Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801.** The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties other than by filing such modifications with the Court prior to the Confirmation Hearing or announcing any such modifications at the Confirmation Hearing.

**Objection Deadline.** The deadline to object to confirmation of the Plan is **Thursday April 29, 2010 at 4:00 p.m.** (**Eastern Daylight Time**). All objections must be filed with the Court and served upon the appropriate notice parties in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. A list of the "Notice Parties" is included in Exhibit "B" to the Disclosure Statement.

**Voting Deadline.** Votes to accept or reject the Plan must be *actually received* by the Debtors' voting agent by **Thursday April 29, 2010 at 5:00 p.m.** (**Pacific Daylight Time**) (**the "Voting Deadline"**). Before voting, please carefully review the voting procedures for the Plan (the "*Voting Procedures*"), which are attached to the Disclosure Statement as Exhibit "D."

**Copies of Documents.** A copy of the Disclosure Statement may be downloaded from http://www.kcclic.com/aleris or may be obtained by a written request to Aleris Claims Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo CA 90245.

The affiliated debtors of Aleris International, Inc. (8280) and the last four digits of their federal tax identification numbers are as follows:

Alchem Aluminum Shelbyville Inc. (8122); Alchem Aluminum, Inc. (5207); Aleris Aluminum Europe, Inc. (0921); Aleris Aluminum U.S. Sales Inc. (9536); Aleris Blanking and Rim Products, Inc. (7340); Aleris Deutschland Holding GmbH (3721); Aleris Light Gauge Products, Inc. (7311), Aleris Nevada Management, Inc. (2935); Aleris Ohio Management, Inc. (0637), Aleris, Inc. (6630); Alsco Holdings, Inc. (5535); Alsco Metals Corporation (7792); Alumitech of Cleveland, Inc. (1568); Alumitech of Wabash, Inc. (4425); Alumitech of West Virginia, Inc. (3237); Alumitech, Inc. (9351); AWT Properties, Inc. (5332); CA Lewisport, LLC (7736); CI Holdings, LLC (9484); Commonwealth Aluminum Concast, Inc. (7844); Commonwealth Aluminum Lewisport, LLC (7736); Commonwealth Aluminum Metals, LLC (8491); Commonwealth Aluminum Sales Corporation (8512); Commonwealth Aluminum Tube Enterprises, LLC (7895); Commonwealth Aluminum, LLC (5039); Commonwealth Industries, Inc. (5741); ETS Schaefer Corporation (9350); IMCO Indiana Partnership L.P. (3840); IMCO International, Inc. (8362); IMCO Investment Company (5738); IMCO Management Partnership, L.P. (2738); IMCO Recycling of California, Inc. (0255); IMCO Recycling of Idaho Inc. (8990); IMCO Recycling of Illinois Inc. (7227); IMCO Recycling of Indiana Inc. (4357); IMCO Recycling of Michigan L.L.C. (5772); IMCO Recycling of Ohio Inc. (1405); IMCO Recycling of Utah Inc. (2330); IMCO Recycling Services Company (0589); IMSAMET, Inc. (7929); Rock Creek Aluminum, Inc. (3607); Silver Fox Holding Company (1188); Wabash Alloys, L.L.C. (0708)

RICHARDS, LAYTON　　　WEIL, GOTSHAL
& FINGER, P.A.　　　　& MANGES LLP
One Rodney Square　　　767 Fifth Avenue
P.O. Box 551　　　　　New York, New York 10153
Wilmington, Delaware 19899

**ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**


RCH　SCORE A SUPER NEW CAR BUY　NIELSEN PRE-DRIVEN OUTLET

# The Gadsden Times

401 Locust Street, P O Box 188 Gadsden, AL 35901
(205)549-2000 In State Watts Line:1-800-762-2464

STATE OF ALABAMA

ETOWAH COUNTY

Before me, Karen McBrayer, a Notary Public, and in for said County, in said state, personally appeared Vivian Jordan, who is known to me, and who, after being by me duly sworn, deposes and says under oath as follows:

That she is an employee of The Gadsden Times, a newspaper published in said County, in said State, and authorized under the laws of the State of Alabama to carry advertising. That as such employee, she has knowledge of facts hereinafter stated, and that she is authorized by said newspaper, to make this affidavit:

That there is attached to said affidavit legal advertising of the _Legal Notice_ which was printed in The Gadsden Times in its regularly circulated editions on _March 29_ ,2010 and that the clipping attached to this affidavit constitutes an exact and true copy of said advertisement as it appeared in The Gadsden Times on dates shown above.

Cost of advertising $_____

Subscribed and sworn to by me on this the _29th_ day of _March_, 20_10_ .

_____

Subscribed and sworn to before me on this the _29th_ day of _March_, 20_10_ .

_Karen McBrayer_
NOTARY PUBLIC
My commission expires_____
_May 8, 2013_

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re } Chapter 11
ALERIS INTERNATIONAL, INC., *et al.*, } Case No. 09-10478
    Debtors. } (Jointly Administered)

**NOTICE OF DEADLINE TO FILE CERTAIN REQUESTS**
**FOR PAYMENT OF ADMINISTRATIVE EXPENSES**

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE FOLLOWING ENTITIES (each a "*U.S. Debtor*," and collectively, the "*U.S. Debtors*"): Aleris International, Inc.; Alchem Aluminum Shelbyville Inc.; Alchem Aluminum, Inc.; Aleris Aluminum Europe, Inc.; Aleris Aluminum U.S. Sales Inc.; Aleris Blanking and Rim Products, Inc.; Aleris Light Gauge Products, Inc.; Aleris Nevada Management, Inc.; Aleris Ohio Management, Inc.; Aleris, Inc.; Alsco Holdings, Inc.; Alsco Metals Corporation; Alumitech of Cleveland, Inc.; Alumitech of Wabash, Inc.; Alumitech of West Virginia, Inc.; Alumitech, Inc.; AWT Properties, Inc.; CA Lewisport, LLC; CI Holdings, LLC; Commonwealth Aluminum Concast, Inc.; Commonwealth Aluminum Lewisport, LLC; Commonwealth Aluminum Metals, LLC; Commonwealth Aluminum Sales Corporation; Commonwealth Aluminum Tube Enterprises, LLC; Commonwealth Aluminum, LLC; Commonwealth Industries, Inc.; ETS Schaefer Corporation; IMCO Indiana Partnership L.P.; IMCO International, Inc.; IMCO Investment Company; IMCO Management Partnership, L.P.; IMCO Recycling of California, Inc.; IMCO Recycling of Idaho Inc.; IMCO Recycling of Illinois Inc.; IMCO Recycling of Indiana Inc.; IMCO Recycling of Michigan L.L.C.; IMCO Recycling of Ohio Inc.; IMCO Recycling of Utah Inc.; IMCO Recycling Services Company; IMSAMET, Inc.; Rock Creek Aluminum, Inc.; Silver Fox Holding Company; Wabash Alloys, L.L.C.

PLEASE TAKE NOTICE OF THE FOLLOWING:

On February 12, 2009, each of the U.S. Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

On March 12, 2010, the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") entered an order requiring all persons and entities that assert certain types of administrative expense arising under section 503(b)(1) of the Bankruptcy Code ("*Administrative Expense*") against any of the U.S. Debtors to file a proof of Administrative Expense by 5:00 p.m. (New York City Time) on Thursday May 20, 2010 (the "*Administrative Expense Bar Date*").

1. **WHO MUST FILE AN ADMINISTRATIVE EXPENSE CLAIM**. *Only certain holders of Administrative Expense claims must file a proof of Administrative Expense claim.* If you believe you have a claim against any of the U.S. Debtors that (i) arose after February 12, 2009, (ii) qualifies as an administrative expense under section 503(b)(1) of the Bankruptcy Code, and (iii) falls within any of the six categories described below, no matter how remote or contingent, you must file a request for payment on account of such Administrative Expense on or before the Administrative Expense Bar Date:

A. Any Administrative Expense representing personal injury, property damage, or other tort claims against any of the U.S. Debtors;

B. Any Administrative Expense for breach of an obligation – contractual, statutory or otherwise – by any of the U.S. Debtors, including any environmental liability (but other than any environmental liability with respect to property that is currently owned or operated by any of the U.S. Debtors);

C. Any Administrative Expense for amounts incurred by any of the U.S. Debtors after February 12, 2009 in the ordinary course of such U.S. Debtor's business if payment of such amounts is alleged to be overdue by at least 60 days;

D. Any Administrative Expense incurred by any of the U.S. Debtors outside the ordinary course of its business or to other than ordinary business terms, except to the extent the incurrence of such Administrative Expense claim was approved by the Bankruptcy Court (e.g., the DIP ABL Claim, the New Money Term DIP Claims and the U.S. Roll-Up Term Loan Claims) or represents fees and expenses of professionals arising under sections 330, 331, or 503(b)(2)-(5) of the Bankruptcy Code;

E. Any Administrative Expense that would not ordinarily be reflected as a payable on the U.S. Debtors' books and records or as a liability on the U.S. Debtors' financial statements; or

F. Any Administrative Expense representing an employee claim against any of the U.S. Debtors, *other than* (i) a claim for wages, benefits, pension or retirement benefits or expense reimbursement by an employee who is employed by such U.S. Debtor as of the Administrative Expense Bar Date or (ii) a grievance claim under any collective bargaining agreement to which such U.S. Debtor is a party.

Claims of the type specified in A – F above are referred to in this Notice as "*Specified Administrative Expense Claims*." If you hold a Specified Administrative Expense Claim, *and* you have asserted the claim in an action commenced against and served on any of the U.S. Debtors on or before March 12, 2010, *and* you have asserted in that action that the U.S. Debtor's liability is predicated upon the operation of the U.S. Debtor's business after February 12, 2009 or otherwise have alleged that such liability should be accorded administrative expense status, then you are *not* required to file a proof of Specified Administrative Expense against such U.S. Debtor. *This is the only exception to the requirement that holders of Specified Administrative Expense Claims file a proof of such Specified Administrative Expense Claims by the Administrative Expense Bar Date.*

If you assert a claim under section 503(b)(9) of the Bankruptcy Code, the deadline for filing any such claim against the U.S. Debtors has passed, and the time has not been extended as a result of the Court's setting of an Administrative Expense Bar Date.

2. **WHEN AND WHERE TO FILE**. All Specified Administrative Expenses must be filed so as to be received no later than 5:00 P.M. (New York City Time), on or before Thursday, May 20, 2010 at the following address: By Hand Delivery or By Mail: Aleris Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

Kurtzman Carson Consultants LLC ("*KCC*") will not accept proofs of Specified Administrative Expense by facsimile or other electronic means.

3. **WHAT TO FILE**. Each Specified Administrative Expense must conform substantially to the claim form that has been approved by the Bankruptcy Court. Such claim form may be obtained on the website established by the U.S. Debtors in connection with their chapter 11 cases, www.kccllc.net/aleris, or by contacting KCC at 866-381-9100. Such claim must be written in English, and any amounts claimed therein must be converted to United States dollars.

Any creditor who is required, but fails, to file a request for payment of a Specified Administrative Expense by 5:00 p.m. (New York City Time) on or before Thursday May 20, 2010 (the Administrative Expense Bar Date) will be forever barred, estopped, and enjoined from asserting such Specified Administrative Expense against any of the U.S. Debtors, their respective estates, or any successors to the U.S. Debtors (including any reorganized U.S. Debtors), and the U.S. Debtors will be forever discharged from any and all indebtedness or liability with respect to such Specified Administrative Expense.

RICHARDS, LAYTON & FINGER, P.A.           WEIL, GOTSHAL & MANGES LLP
One Rodney Square                          767 Fifth Avenue
P.O. Box 551                               New York, New York 10153
Wilmington, Delaware 19899

ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION

---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re } Chapter 11
ALERIS INTERNATIONAL, } Case No. 09-10478
INC., *et al.*, } (Jointly
    Debtors. } Administered)

**NOTICE OF CONFIRMATION HEARING,**
**OBJECTION DEADLINE, AND VOTING**
**DEADLINE REGARDING THE DEBTORS' FIRST**
**AMENDED PLAN**

PLEASE TAKE NOTICE OF THE FOLLOWING:

Approval of the Disclosure Statement. On March 15, 2010, the United States Bankruptcy Court for the District of Delaware approved the proposed disclosure statement (the "*Disclosure Statement*") for the *First Amended Plan of Reorganization of Aleris International, Inc. and Its Affiliated Debtors, as Modified*, dated March 19, 2010 [Docket No. 1684] (as may be amended or further modified, the "*Plan*"). The Plan is attached to the Disclosure Statement as Exhibit "A." The affiliated debtors of Aleris International, Inc. are listed below (with Aleris International, Inc. are listed below (with Aleris International, Inc., each a "*Debtor*" and collectively, the "*Debtors*").

Confirmation Hearing. On Tuesday May 13, 2010 at 9:30 a.m. (Eastern Daylight Time), the Honorable Judge Brennan L. Shannon will conduct a hearing (the "*Confirmation Hearing*") to consider confirmation of the Plan at the United States Bankruptcy Court for the District of Delaware, 6th Floor Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties other than by filing such modifications with the Court prior to the Confirmation Hearing or announcing any such modifications at the Confirmation Hearing.

Objection Deadline. The deadline to object to confirmation of the Plan is Thursday April 29, 2010 at 4:00 p.m. (Eastern Daylight Time). All objections must be filed with the Court and served upon the appropriate notice parties in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. A list of the "Notice Parties" is included in Exhibit "B" to the Disclosure Statement.

Voting Deadline. Votes to accept or reject the Plan must be *actually received* by the Debtors' voting agent by Thursday April 29, 2010 at 5:00 p.m. (Pacific Daylight Time) (the "*Voting Deadline*"). Before voting, please carefully review the voting procedures for the Plan (the "*Voting Procedures*"), which are attached to the Disclosure Statement as Exhibit "D."

Copies of Documents. A copy of the Disclosure Statement may be downloaded from http://www.kccllc.com/aleris or may be obtained by a written request to Aleris Claims Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo CA 90245.

The affiliated debtors of Aleris International, Inc. (2280) and the last four digits of their federal tax identification numbers are as follows:

Alchem Aluminum Shelbyville Inc. (8122); Alchem Aluminum, Inc. (5207); Aleris Aluminum Europe, Inc. (0921); Aleris Aluminum U.S. Sales Inc. (9536); Aleris Blanking and Rim Products, Inc. (7340); Aleris Deutschland Holding GmbH (3721); Aleris Light Gauge Products, Inc. (7311); Aleris Nevada Management, Inc. (2935); Aleris Ohio Management, Inc. (0637); Aleris, Inc. (6630); Alsco Holdings, Inc. (5535); Alsco Metals Corporation (7792); Alumitech of Cleveland, Inc. (1568); Alumitech of Wabash, Inc. (4425); Alumitech of West Virginia, Inc. (3237); Alumitech, Inc. (9351); AWT Properties, Inc. (5332); CA Lewisport, LLC (6561); CI Holdings, LLC (9484); Commonwealth Aluminum Concast, Inc. (7844); Commonwealth Aluminum Lewisport, LLC (7736); Commonwealth Aluminum Metals, LLC (8491); Commonwealth Aluminum Sales Corporation (8512); Commonwealth Aluminum Tube Enterprises, LLC (7895); Commonwealth Aluminum, LLC (5039); Commonwealth Industries, Inc. (5741); ETS Schaefer Corporation (9350); IMCO Indiana Partnership L.P. (3840); IMCO International, Inc. (8362); IMCO Investment Company (5738); IMCO Management Partnership, L.P. (2733); IMCO Recycling of California, Inc. (0255); IMCO Recycling of Idaho Inc. (8990); IMCO Recycling of Illinois Inc. (7227); IMCO Recycling of Indiana Inc. (4357); IMCO Recycling of Michigan L.L.C. (5772); IMCO Recycling of Ohio Inc. (1405); IMCO Recycling of Utah Inc. (2330); IMCO Recycling Services Company (0589); IMSAMET, Inc. (7929); Rock Creek Aluminum, Inc. (3607); Silver Fox Holding Company (1188); Wabash Alloys, L.L.C. (0708)

RICHARDS, LAYTON          WEIL, GOTSHAL
& FINGER, P.A.            & MANGES LLP,
One Rodney Square         767 Fifth Avenue
P.O. Box 551              New York, New York
Wilmington, Delaware 19899   10153

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION

# AFFIDAVIT OF PUBLICATION

STATE OF TEXAS

COUNTY OF DALLAS

Before me, a Notary Public in and for Dallas County, this day personally appeared
Whitney Lewis, Advertising Representative for the DALLAS MORNING NEWS, being
duly sworn by oath, states the attached advertisement of:

<div align="center">Aleris International</div>

as published in The Dallas Morning News on:

<div align="center">March 29, 2010</div>

(Whitney Lewis)

Sworn to and subscribed before me this                    March 30, 2010

(Notary Public)

LYNDA F. BLACK
Notary Public, State of Texas
My Commission Expires
May 27, 2013

**Legal Notices**   **Legal Notices**   **Legal Notices**   **Legal Notices**   **Legal Notices**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re       ) Chapter 11
ALERIS INTERNATIONAL, INC., *et al.*,   ) Case No. 09-10478
Debtors.   ) (Jointly Administered)

### NOTICE OF DEADLINE TO FILE CERTAIN REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSES

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE FOLLOWING ENTITIES (each a "*U.S. Debtor*," and collectively, the "*U.S. Debtors*"): Aleris International, Inc.; Alchem Aluminum Shelbyville, Inc.; Alchem Aluminum, Inc.; Aleris Aluminum Europe, Inc.; Aleris Aluminum U.S. Sales Inc.; Aleris Blanking and Rim Products, Inc.; Aleris Light Gauge Products, Inc.; Aleris Nevada Management, Inc.; Aleris Ohio Management, Inc.; Aleris, Inc.; Alsco Holdings, Inc.; Alsco Metals Corporation; Alumitech of Cleveland, Inc.; Alumitech of Wabash, Inc.; Alumitech of West Virginia, Inc.; Alumitech, Inc.; AWT Properties, Inc.; CA Lewisport, LLC; CI Holdings, LLC; Commonwealth Aluminum Concast, Inc.; Commonwealth Aluminum Lewisport, LLC; Commonwealth Aluminum Metals, LLC; Commonwealth Aluminum Sales Corporation; Commonwealth Aluminum Tube Enterprises, LLC; Commonwealth Aluminum, LLC; Commonwealth Industries, Inc.; ETS Schaefer Corporation; IMCO Indiana Partnership L.P.; IMCO International, Inc.; IMCO Investment Company; IMCO Management Partnership, L.P.; IMCO Recycling of California, Inc.; IMCO Recycling of Idaho Inc.; IMCO Recycling of Illinois Inc.; IMCO Recycling of Indiana Inc.; IMCO Recycling of Michigan L.L.C.; IMCO Recycling of Ohio Inc.; IMCO Recycling of Utah Inc.; IMCO Recycling Services Company; IMSAMET, Inc.; Rock Creek Aluminum, Inc.; Silver Fox Holding Company; Wabash Alloys, L.L.C.

PLEASE TAKE NOTICE OF THE FOLLOWING:

On February 12, 2009, each of the U.S. Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

On March 12, 2010, the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") entered an order requiring all persons and entities that assert certain types of administrative expense arising under section 503(b)(1) of the Bankruptcy Code ("*Administrative Expense*") against any of the U.S. Debtors to file a proof of Administrative Expense by 5:00 p.m. (New York City Time) on Thursday May 20, 2010 (the "*Administrative Expense Bar Date*").

**1. WHO MUST FILE AN ADMINISTRATIVE EXPENSE CLAIM.** *Only certain holders of Administrative Expense claims must file a proof of Administrative Expense claim.* If you believe you have a claim against any of the U.S. Debtors that (i) arose after February 12, 2009; (ii) qualifies as an administrative expense under section 503(b)(1) of the Bankruptcy Code, *and* (iii) falls within any of the six categories described below, no matter how remote or contingent, you must file a request for payment on account of such Administrative Expense on or before the Administrative Expense Bar Date:

A. Any Administrative Expense representing personal injury, property damage, or other tort claims against any of the U.S. Debtors;

B. Any Administrative Expense for breach of an obligation – contractual, statutory or otherwise – by any of the U.S. Debtors, including any environmental liability (but other than any environmental liability with respect to property that is currently owned or operated by any of the U.S. Debtors);

C. Any Administrative Expense for amounts incurred by any of the U.S. Debtors after February 12, 2009 in the ordinary course of such U.S. Debtor's business if payment of such amounts is alleged to be overdue by at least 60 days;

D. Any Administrative Expense incurred by any of the U.S. Debtors outside the ordinary course of its business or on other than ordinary business terms, except to the extent the incurrence of such Administrative Expense claim was approved by the Bankruptcy Court (e.g., the DIP ABL Claim, the New Money Term DIP Claims and the U.S. Roll-Up Term Loan Claims) or represents fees and expenses of professionals arising under sections 330, 331, or 503(b)(2)-(5) of the Bankruptcy Code;

E. Any Administrative Expense that would not ordinarily be reflected as a payable on the U.S. Debtors' books and records or as a liability on the U.S. Debtors' financial statements; or

F. Any Administrative Expense representing an employee claim against any of the U.S. Debtors, *other than* (i) a claim for wages, benefits, pension or retirement benefits of expense reimbursement by an employee who is employed by such U.S. Debtor as of the Administrative Expense Bar Date or (ii) a grievance claim under any collective bargaining agreement to which such U.S. Debtor is a party.

Claims of the type specified in A – F above are referred to in this Notice as "*Specified Administrative Expense Claims.*" If you hold a Specified Administrative Expense Claim, and you have asserted the claim in an action commenced against and served on any of the U.S. Debtors on or before March 12, 2010, *and* you have asserted in that action that the U.S. Debtor's liability is predicated upon the operation of the U.S. Debtor's business after February 12, 2009 or otherwise have alleged that such liability should be accorded administrative expense status, then you are not required to file a proof of Specified Administrative Expense against such U.S. Debtor. *This is the only exception to the requirement that holders of Specified Administrative Expense Claims file a proof of such Specified Administrative Expense Claims by the Administrative Expense Bar Date.*

*If you assert a claim under section 503(b)(9) of the Bankruptcy Code, the deadline for filing any such claim against the U.S. Debtors has passed, and the time has not been extended as a result of the Court's setting of an Administrative Expense Bar Date.*

**2. WHEN AND WHERE TO FILE.** All Specified Administrative Expenses must be filed so as to be received no later than 5:00 P.M. (New York City Time), on or before Thursday, May 20, 2010 at the following address: By Hand Delivery or By Mail: Aleris Claims Processing, c/o Kurtzman Carson Consultants LLC; 2335 Alaska Avenue, El Segundo, CA 90245.

Kurtzman Carson Consultants LLC ("*KCC*") will *not* accept proofs of Specified Administrative Expenses by facsimile or any electronic means.

**3. WHAT TO FILE.** Each Specified Administrative Expense must conform substantially to the claim form that has been approved by the Bankruptcy Court. Such claim form may be obtained on the website established by the U.S. Debtors in connection with their chapter 11 cases, www.kccllc.net/aleris, or by contacting KCC at 866-381-9100. Such claim must be written in English, and any amounts claimed therein must be converted to United States dollars.

Any creditor who is required, but fails, to file a request for payment of a Specified Administrative Expense by 5:00 p.m. (New York City Time) on or before Thursday May 1, 2010 (the Administrative Expense Bar Date) will be forever barred, estopped, and joined from asserting such Specified Administrative Expense against any of the U.S. Debtors, their respective estates, or any successors to the U.S. Debtors (including any organized U.S. Debtors), and the U.S. Debtors will be forever discharged from any and all indebtedness with respect to such Specified Administrative Expense.

RICHARDS, LAYTON & FINGER, P.A.    WEIL, GOTSHAL & MANGES LLP
One Rodney Square     767 Fifth Avenue
P.O. Box 551     New York, New York 10153
Wilmington, Delaware 19899
ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION

---

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re      ) Chapter 11
ALERIS INTERNATIONAL, INC., *et al.*,   ) Case No. 09-10478
INC., *et al.*,   ) (Jointly
Debtors.   ) Administered)

### NOTICE OF CONFIRMATION HEARING, OBJECTION DEADLINE, AND VOTING DEADLINE REGARDING THE DEBTORS' FIRST AMENDED PLAN

PLEASE TAKE NOTICE OF THE FOLLOWING:

**Approval of the Disclosure Statement.** On March 15, 2010, the United States Bankruptcy Court for the District of Delaware approved the proposed disclosure statement (the "*Disclosure Statement*") for the *First Amended Plan of Reorganization of Aleris International, Inc. and Its Affiliated Debtors, as Modified*, dated March 19, 2010 [Docket No. 1684] (as may be amended or further modified, the "*Plan*"). The Plan is attached to the Disclosure Statement as Exhibit "A." The affiliated debtors of Aleris International, Inc. are listed below (with Aleris International, Inc., each a "*Debtor*" and collectively, the "*Debtors*").

**Confirmation Hearing.** On Thursday May 13, 2010 at 9:30 a.m. (Eastern Daylight Time), the Honorable Judge Brennan L. Shannon will conduct a hearing (the "*Confirmation Hearing*") to consider confirmation of the Plan at the United States Bankruptcy Court for the District of Delaware, 6th Floor Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties other than by filing such modifications with the Court prior to the Confirmation Hearing or announcing any such modifications at the Confirmation Hearing.

**Objection Deadline.** The deadline to object to confirmation of the Plan is Thursday April 29, 2010 at 4:00 p.m. (Eastern Daylight Time). All objections must be filed with the Court and served upon the appropriate notice parties in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. A list of the "Notice Parties" is included in Exhibit "B" to the Disclosure Statement.

**Voting Deadline.** Votes to accept or reject the Plan must be *actually received* by the Debtors' voting agent by Thursday April 29, 2010 at 5:00 p.m. (Pacific Daylight Time) (the "*Voting Deadline*"). Before voting, please carefully review the voting procedures for the Plan (the "*Voting Procedures*"), which are attached to the Disclosure Statement as Exhibit "D."

**Copies of Documents.** A copy of the Disclosure Statement may be downloaded from http://www.kccllc.com/aleris or may be obtained by a written request to Aleris Claims Processing c/o Kurtzman Carson Consultants LLC; 2335 Alaska Avenue, El Segundo CA 90245.

The affiliated debtors of Aleris International, Inc. (8280) and the last four digits of their federal tax identification numbers are as follows:

Alchem Aluminum Shelbyville Inc. (8122); Alchem Aluminum, Inc. (5207); Aleris Aluminum Europe, Inc. (0921); Aleris Aluminum U.S. Sales Inc. (9536); Aleris Blanking and Rim Products, Inc. (7340); Aleris Deutschland Holding GmbH (3711); Aleris Light Gauge Products, Inc. (7311); Aleris Nevada Management, Inc. (2935); Aleris Ohio Management, Inc. (0637); Aleris, Inc. (6630); Alsco Holdings, Inc. (5535); Alsco Metals Corporation (7792); Alumitech of Cleveland, Inc. (1568); Alumitech of Wabash, Inc. (4425); Alumitech of West Virginia, Inc. (3237); Alumitech, Inc. (9351); AWT Properties, Inc. (5332); CA Lewisport, LLC (6561); CI Holdings, LLC (9484); Commonwealth Aluminum Concast, Inc. (7844); Commonwealth Aluminum Lewisport, LLC (7736); Commonwealth Aluminum Metals, LLC (8491); Commonwealth Aluminum Sales Corporation (8512); Commonwealth Aluminum Tube Enterprises, LLC (7895); Commonwealth Aluminum, LLC (9039); Commonwealth Industries, Inc. (5741); ETS Schaefer Corporation (9350); IMCO Indiana Partnership L.P. (3840); IMCO International, Inc. (8362); IMCO Investment Company (5738); IMCO Management Partnership, L.P. (2738); IMCO Recycling of California, Inc. (0255); IMCO Recycling of Idaho Inc. (8990); IMCO Recycling of Illinois Inc. (7727); IMCO Recycling of Indiana Inc. (4357); IMCO Recycling of Michigan L.L.C. (5972); IMCO Recycling of Ohio Inc. (1405); IMCO Recycling of Utah Inc. (3330); IMCO Recycling Services Company (0589); IMSAMET, Inc. (7929); Rock Creek Aluminum, Inc. (3607); Silver Fox Holding Company (1188); Wabash Alloys, L.L.C. (0708)

RICHARDS, LAYTON    WEIL, GOTSHAL
& FINGER, P.A.     & MANGES LLP
One Rodney Square     767 Fifth Avenue
P.O. Box 551     New York, New York
Wilmington, Delaware 19899   10153
ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION

## State of Ohio ss.

Cuyahoga County

I, **Joan Wheeler**, being duly sworn, do upon my oath, depose and say that I am <u>a ACCOUNTS RECEIVABLE REPRESENTATIVE</u> of The Plain Dealer Publishing company, publisher of The Plain Dealer, a newspaper printed in said county, and general circulation in Ashtabula, Geauga, Lake, Lorain, Medina, Portage, Summit and Trumbull counties, in addition to said county; the requirements of Section 7/12 of the Revised Code of Ohio as amended September 14, 1957, relating to publication and distribution are fulfilled by said newspaper; and the advertisement attached was published in said newspaper on the following day, or days in a type size larger than agate. Insertion dates as follows:

*March 29, 2010*

Sworn to and subscribed before me this day of *March 29 10*

*Joan Wheeler*

*Brenda Jordan*

Notary Public
**Brenda G. Jordan**
**Notary Public, State of Ohio**
**Recorded in Cuyahoga County**
**My Commission Expires 09/04/11**

Legal Notices | Legal Notices | Legal Notices | Legal Notices | Legal Notices

---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re ALERIS INTERNATIONAL, INC., *et al.*, Debtors. ) Chapter 11
) Case No. 09-10478
) (Jointly Administered)

**NOTICE OF DEADLINE TO FILE CERTAIN REQUESTS**
**FOR PAYMENT OF ADMINISTRATIVE EXPENSES**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE FOLLOWING ENTITIES** (each a "*U.S. Debtor*," and collectively, the "*U.S. Debtors*"): Aleris International, Inc.; Alchem Aluminum Shelbyville Inc.; Alchem Aluminum, Inc.; Aleris Aluminum Europe, Inc.; Aleris Aluminum U.S. Sales Inc.; Aleris Blanking and Rim Products, Inc.; Aleris Light Gauge Products, Inc.; Aleris Nevada Management, Inc.; Aleris Ohio Management, Inc.; Aleris, Inc.; Alsco Holdings, Inc.; Alsco Metals Corporation; Alumitech of Cleveland, Inc.; Alumitech of Wabash, Inc.; Alumitech of West Virginia, Inc.; Alumitech, Inc.; AWT Properties, Inc.; CA Lewisport, LLC; CI Holdings, LLC; Commonwealth Aluminum Concast, Inc.; Commonwealth Aluminum Lewisport, LLC; Commonwealth Aluminum Metals, LLC; Commonwealth Aluminum Sales Corporation; Commonwealth Aluminum, LLC; Commonwealth Industries, Inc.; ETS Schaefer Corporation; IMCO Indiana Partnership L.P.; IMCO International, Inc.; IMCO Investment Company; IMCO Management Partnership, L.P.; IMCO Recycling of California, Inc.; IMCO Recycling of Idaho Inc.; IMCO Recycling of Illinois Inc.; IMCO Recycling of Indiana Inc.; IMCO Recycling of Michigan L.L.C.; IMCO Recycling of Ohio Inc.; IMCO Recycling of Utah Inc.; IMCO Recycling Services Company; IMSAMET, Inc.; Rock Creek Aluminum, Inc.; Silver Fox Holding Company; Wabash Alloys, L.L.C.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On February 12, 2009, each of the U.S. Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

On March 12, 2010, the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") entered an order requiring all persons and entities that assert certain types of administrative expenses arising under section 503(b)(1) of the Bankruptcy Code ("*Administrative Expense*") against any of the U.S. Debtors to file a proof of Administrative Expense by **5:00 p.m. (New York City Time) on Thursday May 20, 2010 (the "*Administrative Expense Bar Date*")**.

1. **WHO MUST FILE AN ADMINISTRATIVE EXPENSE CLAIM**: *Only certain holders of Administrative Expense claims must file a proof of Administrative Expense claim.* If you believe you have a claim against any of the U.S. Debtors that (i) arose after February 12, 2009, (ii) qualifies as an administrative expense under section 503(b)(1) of the Bankruptcy Code, and (iii) falls within any of the six categories described below, no matter how remote or contingent, you must file a request for payment on account of such Administrative Expense on or before the Administrative Expense Bar Date:

A. Any Administrative Expense representing personal injury, property damage, or other tort claims against any of the U.S. Debtors;

B. Any Administrative Expense for breach of an obligation – contractual, statutory or otherwise – by any of the U.S. Debtors, including any environmental liability that arose after February 12, 2009, and any loss with respect to property that is currently owned or operated by any of the U.S. Debtors);

C. Any Administrative Expense for amounts incurred by any of the U.S. Debtors after February 12, 2009 in the ordinary course of such U.S. Debtor's business if payment of such amounts is alleged to be overdue by at least 60 days;

D. Any Administrative Expense incurred by any of the U.S. Debtors outside the ordinary course of its business or on other than ordinary business terms, except to the extent the incurrence of such Administrative Expense claim was approved by the Bankruptcy Court (e.g., the DIP ABL Claim, the New Money Term DIP Claims and the U.S. Roll-Up Term Loan Claims) or represents fees and expenses of professionals arising under sections 330, 331, or 503(b)(2)-(5) of the Bankruptcy Code;

E. Any Administrative Expense that would not ordinarily be reflected as a payable on the U.S. Debtors' books and records or as a liability on the U.S. Debtors' financial statements; or

F. Any Administrative Expense representing an employee claim against any of the U.S. Debtors, *other than* (i) a claim for wages, benefits, pension or retirement benefits or expense reimbursement by an employee who is employed by such U.S. Debtor as of the Administrative Expense Bar Date or (ii) a grievance claim under any collective bargaining agreement to which such U.S. Debtor is a party.

Claims of the type specified in A – F above are referred to in this Notice as "*Specified Administrative Expense Claims.*" If you hold a Specified Administrative Expense Claim, and you have asserted the claim in an action commenced against and served on any of the U.S. Debtors on or before March 12, 2010, *and* you have asserted in that action that the U.S. Debtor's liability is predicated upon the operation of the U.S. Debtor's business after February 12, 2009 or otherwise have alleged that such liability should be accorded administrative expense status, then you are not required to file a proof of Specified Administrative Expense against such U.S. Debtor. *This is the only exception to the requirement that holders of Specified Administrative Expense Claims file a proof of such Specified Administrative Expense Claims by the Administrative Expense Bar Date.*

*If you assert a claim under section 503(b)(9) of the Bankruptcy Code, the deadline for filing any such claim against the U.S. Debtors has passed, and the time has not been extended as a result of the Court's setting of an Administrative Expense Bar Date.*

2. **WHEN AND WHERE TO FILE.** All Specified Administrative Expenses must be filed so as to be received no later than **5:00 P.M. (New York City Time), on or before Thursday, May 20, 2010** at the following address: **By Hand Delivery or By Mail:** Aleris Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245. Kurtzman Carson Consultants LLC ("*KCC*") will not accept proofs of Specified Administrative Expenses by facsimile or any electronic means.

3. **WHAT TO FILE.** Each Specified Administrative Expense must conform substantially to the claim form that has been approved by the Bankruptcy Court. Such claim form may be obtained on the website established by the U.S. Debtors in connection with their chapter 11 cases, www.kccllc.net/aleris, or by contacting KCC at 866-381-9100. Such claim must be written in English, and any amounts claimed therein must be converted to United States dollars.

Any creditor who is required, but fails, to file a request for payment of a Specified Administrative Expense by **5:00 p.m. (New York City Time) on or before Thursday May 20, 2010** (the Administrative Expense Bar Date) will be forever barred, estopped, and enjoined from asserting such Specified Administrative Expense against any of the U.S. Debtors, their respective estates, or any successors to the U.S. Debtors (including any reorganized U.S. Debtors), and the U.S. Debtors will be forever discharged from any and all indebtedness or liability with respect to such Specified Administrative Expense.

RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

**ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**

---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re ALERIS INTERNATIONAL, INC., *et al.*, Debtors. ) Chapter 11
) Case No. 09-10478
) (Jointly Administered)

**NOTICE OF CONFIRMATION HEARING, OBJECTION DEADLINE, AND VOTING DEADLINE REGARDING THE DEBTORS' FIRST AMENDED PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Approval of the Disclosure Statement.** On March 15, 2010, the United States Bankruptcy Court for the District of Delaware approved the proposed disclosure statement (the "*Disclosure Statement*") for the *First Amended Plan of Reorganization of Aleris International, Inc. and Its Affiliated Debtors, as Modified,* dated March 19, 2010 [Docket No. 1684] (as may be amended or further modified, the "*Plan*"). The Plan is attached to the Disclosure Statement as Exhibit "A." The affiliated debtors of Aleris International, Inc. are listed below (with Aleris International, Inc., each a "*Debtor*" and collectively, the "*Debtors*").

**Confirmation Hearing.** On Thursday May 13, 2010 at 9:30 a.m. (Eastern Daylight Time), the Honorable Judge Brennan L. Shannon will conduct a hearing (the "*Confirmation Hearing*") to consider confirmation of the Plan at the United States Bankruptcy Court for the District of Delaware, 6th Floor Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties other than by filing such modifications with the Court prior to the Confirmation Hearing or announcing any such modifications at the Confirmation Hearing.

**Objection Deadline.** The deadline to object to confirmation of the Plan is **Thursday April 29, 2010 at 4:00 p.m. (Eastern Daylight Time)**. All objections must be filed with the Court and served upon the appropriate notice parties in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. A list of the "Notice Parties" is included in Exhibit "B" to the Disclosure Statement.

**Voting Deadline.** Votes to accept or reject the Plan must be *actually received* by the Debtors' voting agent by **Thursday April 29, 2010 at 5:00 p.m. (Pacific Daylight Time)** (the "*Voting Deadline*"). Before voting, please carefully review the voting procedures for the Plan (the "*Voting Procedures*"), which are attached to the Disclosure Statement as Exhibit "D."

**Copies of Documents.** A copy of the Disclosure Statement may be downloaded from http://www.kccllc.com/aleris or may be obtained by a written request to Aleris Claims Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo CA 90245.

The affiliated debtors of Aleris International, Inc. (8280) and the last four digits of their federal tax identification numbers are as follows:

Alchem Aluminum Shelbyville Inc. (8123); Alchem Aluminum, Inc. (5207); Aleris Aluminum Europe, Inc. (0921); Aleris Aluminum U.S. Sales Inc. (9536); Aleris Blanking and Rim Products, Inc. (7340); Aleris Deutschland Holding GmbH (3721); Aleris Light Gauge Products, Inc. (7311); Aleris Nevada Management, Inc. (2935); Aleris Ohio Management, Inc. (0637); Aleris, Inc. (6630); Alsco Holdings, Inc. (5535); Alsco Metals Corporation (7792); Alumitech of Cleveland, Inc. (1568); Alumitech of Wabash, Inc. (4425); Alumitech of West Virginia, Inc. (3237); Alumitech, Inc. (9351); AWT Properties, Inc. (5332); CA Lewisport, LLC (6561); CI-Holdings, LLC (9484); Commonwealth Aluminum Concast, Inc. (7844); Commonwealth Aluminum Lewisport, LLC (7736); Commonwealth Aluminum Metals, LLC (8491); Commonwealth Aluminum Sales Corporation (8512); Commonwealth Aluminum Tube Enterprises, LLC (7895); Commonwealth Aluminum, LLC (6359); Commonwealth Industries, Inc. (5741); ETS Schaefer Corporation (9350); IMCO Indiana Partnership L.P. (3840); IMCO International, Inc. (8362); IMCO Investment Company (5738); IMCO Management Partnership, L.P. (2738); IMCO Recycling of California, Inc. (0255); IMCO Recycling of Idaho Inc. (8990); IMCO Recycling of Illinois Inc. (7227); IMCO Recycling of Indiana Inc. (4357); IMCO Recycling of Michigan L.L.C. (5772); IMCO Recycling of Ohio Inc. (1405); IMCO Recycling of Utah Inc. (2330); IMCO Recycling Services Company (0589); IMSAMET, Inc. (7929); Rock Creek Aluminum, Inc. (2607); Silver Fox Holding Company (1188); Wabash Alloys, L.L.C. (0708)

RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

**ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**

Published by News Publishing LLC



# DAILY NEWS

813 College St.          P.O. Box 90012          Bowling Green, KY 42102-9012

AFFIDAVIT OF PUBLICATION

Adam B. Levin
Miller Advertising Agency Inc.
2458 N. Racine, 1st Floor
Chicago, IL 60614

RE: NOTICE OF INSERTION

To Whom It May Concern:

This is to certify that on **Monday, March 29, 2010, a LEGAL NOTICE FOR UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE** ran in the Daily News, a publication in and for the County of Warren, City of Bowling Green, State of Kentucky.

I further certify that all of the foregoing facts are true on such date aforesaid.

Dated this 13th day of April, 2010.

*Tuffey L. Creason*

Subscribed and sworn to before me this 13th day of April, 2010.

My Commission Expires: June 14, 2011.

*Holly Melissa McPherson*
Notary Public, KY State-At-Large

Serving Southern Kentucky Since 1854

(270) 781-1700 • Fax: (270) 781-0726 • News Fax: (270) 783-3237

WKCT - AM 930 • WDNS - FM 93.3
The Number One Radio Voices of the Daily News

In re ) Chapter 11
ALERIS INTERNATIONAL, INC., *et al.*, ) Case No. 09-10478
    Debtors. ) (Jointly Administered)

## NOTICE OF DEADLINE TO FILE CERTAIN REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSES

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE FOLLOWING ENTITIES (each a "*U.S. Debtor*," and collectively, the "*U.S. Debtors*"):

Aleris International, Inc.; Alchem Aluminum Shelbyville Inc.; Alchem Aluminum, Inc.; Aleris Aluminum Europe, Inc.; Aleris Aluminum U.S. Sales Inc.; Aleris Blanking and Rim Products, Inc.; Aleris Light Gauge Products, Inc.; Aleris Nevada Management, Inc.; Aleris Ohio Management, Inc.; Aleris, Inc.; Alsco Holdings, Inc.; Alsco Metals Corporation; Alumitech of Cleveland, Inc.; Alumitech of Wabash, Inc.; Alumitech of West Virginia, Inc.; Alumitech, Inc.; AWT Properties, Inc.; CA Lewisport, LLC; CI Holdings, LLC; Commonwealth Aluminum Concast, Inc.; Commonwealth Aluminum Lewisport, LLC; Commonwealth Aluminum Metals, LLC; Commonwealth Aluminum Sales Corporation; Commonwealth Aluminum Tube Enterprises, LLC; Commonwealth Aluminum, LLC; Commonwealth Industries, Inc.; ETS Schaefer Corporation; IMCO Indiana Partnership L.P.; IMCO International, Inc.; IMCO Investment Company; IMCO Management Partnership, L.P.; IMCO Recycling of California, Inc.; IMCO Recycling of Idaho Inc.; IMCO Recycling of Illinois Inc.; IMCO Recycling of Indiana Inc.; IMCO Recycling of Michigan L.L.C.; IMCO Recycling of Ohio Inc.; IMCO Recycling of Utah Inc.; IMCO Recycling Services Company; IMSAMET, Inc.; Rock Creek Aluminum, Inc.; Silver Fox Holding Company; Wabash Alloys, L.L.C.

PLEASE TAKE NOTICE OF THE FOLLOWING:

On February 12, 2009, each of the U.S. Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

On March 12, 2010, the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") entered an order requiring all persons and entities that assert certain types of administrative expense arising under section 503(b)(1) of the Bankruptcy Code ("*Administrative Expense*") against any of the U.S. Debtors to file a proof of Administrative Expense by 5:00 p.m. (New York City Time) on Thursday May 20, 2010 (the "*Administrative Expense Bar Date*").

1. **WHO MUST FILE AN ADMINISTRATIVE EXPENSE CLAIM.** *Only certain holders of an Administrative Expense claims must file a proof of Administrative Expense claim.* If you believe you have a claim against any of the U.S. Debtors that (i) arose after February 12, 2009, (ii) qualifies as an administrative expense under section 503(b)(1) of the Bankruptcy Code, *and* (iii) falls within any of the six categories described below, no matter how remote or contingent, you must file a request for payment on account of such Administrative Expense on or *before* the Administrative Expense Bar Date:

A. Any Administrative Expense representing personal injury, property damage, or other tort claims against any of the U.S. Debtors;

B. Any Administrative Expense for breach of an obligation – contractual, statutory or otherwise – by any of the U.S. Debtors, including any environmental liability (but other than any environmental liability with respect to property that is currently owned or operated by any of the U.S. Debtors);

C. Any Administrative Expense for amounts incurred by any of the U.S. Debtors after February 12, 2009 in the ordinary course of such U.S. Debtor's business if payment of such amounts is alleged to be overdue by at least 60 days;

D. Any Administrative Expense incurred by any of the U.S. Debtors outside the ordinary course of its business or on other than ordinary business terms, except to the extent the incurrence of such Administrative Expense claim was approved by the Bankruptcy Court (*e.g.*, the DIP ABL Claim, the New Money Term DIP Claims and the U.S. Roll-Up Term Loan Claims) or represents fees and expenses of professionals arising under sections 330, 331, or 503(b)(2)-(5) of the Bankruptcy Code;

E. Any Administrative Expense that would not ordinarily be reflected as a payable on the U.S. Debtors' books and records or as a liability on the U.S. Debtors' financial statements; or

F. Any Administrative Expense representing an employee claim against any of the U.S. Debtors, *other than* (i) a claim for wages, benefits, pension or retirement benefits or expense reimbursement by an employee who is employed by such U.S. Debtor as of the Administrative Expense Bar Date or (ii) a grievance claim under any collective bargaining agreement to which such U.S. Debtor is a party.

Claims of the type specified in A - F above are referred to in this Notice as "*Specified Administrative Expense Claims*." If you hold a Specified Administrative Expense Claim, and you have asserted the claim in an action commenced against and served on any of the U.S. Debtors on or before **March 12, 2010**, *and* you have asserted in that action that the U.S. Debtor's liability is predicated upon the operation of the U.S. Debtor's business after February 12, 2009 or otherwise have alleged that such liability should be accorded administrative expense status, then you are *not* required to file a proof of Specified Administrative Expense against such U.S. Debtor. *This is the only exception to the requirement that holders of Specified Administrative Expense Claims file a proof of such Specified Administrative Expense Claims by the Administrative Expense Bar Date.*

If you assert a claim under section 503(b)(9) of the Bankruptcy Code, the deadline for filing any such claim against the U.S. Debtors has passed, and the time has not been extended as a result of the Court's setting of an Administrative Expense Bar Date.

2. **WHEN AND WHERE TO FILE.** All Specified Administrative Expenses must be filed so as to be received no later than **5:00 P.M.** (New York City Time), on or before **Thursday, May 20, 2010** at the following address: **By Hand Delivery or By Mail:** Aleris Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

Kurtzman Carson Consultants LLC ("*KCC*") will not accept proofs of Specified Administrative Expenses by facsimile or any electronic means.

3. **WHAT TO FILE.** Each Specified Administrative Expense must conform substantially to the claim form that has been approved by the Bankruptcy Court. Such claim form may be obtained on the website established by the U.S. Debtors in connection with their chapter 11 cases, www.kccllc.net/aleris, or by contacting KCC at 866-381-9100. Such claim must be written in English, and any amounts claimed therein must be converted to United States dollars.

Any creditor who is required, but fails, to file a request for payment of a Specified Administrative Expense by **5:00 p.m.** (New York City Time) on or before **Thursday, May 20, 2010** (the Administrative Expense Bar Date) will be forever barred, estopped, and enjoined from asserting such Specified Administrative Expense against any of the U.S. Debtors, their respective estates, or any successors to the U.S. Debtors (including any reorganized U.S. Debtors), and the U.S. Debtors will be forever discharged from any and all indebtedness or liability with respect to such Specified Administrative Expense.

RICHARDS, LAYTON & FINGER, P.A.    WEIL, GOTSHAL & MANGES LLP
One Rodney Square    767 Fifth Avenue
P.O. Box 551    New York, New York 10153
Wilmington, Delaware 19899

ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION

---

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re ) Chapter 11
ALERIS INTERNATIONAL, ) Case No. 09-104
INC., *et al.*, ) (Jointly
    Debtors. ) Administered)

## NOTICE OF CONFIRMATION HEARING, OBJECTION DEADLINE, AND VOTING DEADLINE REGARDING THE DEBTORS' FIRST AMENDED PLAN

PLEASE TAKE NOTICE OF THE FOLLOWING:

**Approval of the Disclosure Statement.** On May 15, 2010, the United States Bankruptcy Court for the District of Delaware approved the proposed disclosure statement (the "*Disclosure Statement*") for the *First Amended Plan of Reorganization of Aleris International, Inc. and Its Affiliated Debtors, as Modified*, dated March 19, 2010 [Docket No. 1684] (as may be amended or further modified, the "*Plan*"). The Plan attached to the Disclosure Statement as Exhibit "A." The affiliated debtors of Aleris International, Inc. are listed below (with Aleris International, Inc., each a "*Debtor*" and collectively, the "*Debtors*").

**Confirmation Hearing.** On Thursday May 1, 2010 at 9:30 a.m. (Eastern Daylight Time), the Honorable Judge Brennan L. Shannon will conduct a hearing (the "*Confirmation Hearing*") to consider confirmation of the Plan at the United States Bankruptcy Court for the District of Delaware, 6th Floor Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties other than by filing such modifications with the Court prior to the Confirmation Hearing or announcing any such modifications at the Confirmation Hearing.

**Objection Deadline.** The deadline to object to confirmation of the Plan is **Thursday April 29, 2010 at 4:00 p.m.** (Eastern Daylight Time). All objections must be filed with the Court and served upon the appropriate notice parties in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. A list of the "Notice Parties" is included in Exhibit "B" to the Disclosure Statement.

**Voting Deadline.** Votes to accept or reject the Plan must be *actually received* by the Debtors' voting agent by **Thursday April 29, 2010** at **5:00 p.m.** (Pacific Daylight Time) (the "*Voting Deadline*"). Before voting, please carefully review the voting procedures for the Plan (the "*Voting Procedures*"), which are attached to the Disclosure Statement as Exhibit "D."

**Copies of Documents.** A copy of the Disclosure Statement may be downloaded from http://www.kccllc.com/aleris or may be obtained by a written request to Aleris Claims Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo CA 90245.

The affiliated debtors of Aleris International, Inc. (8280) and the last four digits of their federal tax identification numbers are as follows: Alchem Aluminum Shelbyville Inc. (8122); Alchem Aluminum, Inc. (5207); Aleris Aluminum Europe, Inc. (0921); Aleris Aluminum U.S. Sales Inc. (9536); Aleris Blanking and Rim Products, Inc. (7340); Aleris Deutschland Holding GmbH (3721); Aleris Light Gauge Products, Inc. (7311); Aleris Nevada Management, Inc. (2935); Aleris Ohio Management, Inc. (0637); Aleris, Inc. (6630); Alsco Holdings, Inc. (5535); Alsco Metals Corporation (7792); Alumitech of Cleveland, Inc. (1568); Alumitech of Wabash, Inc. (4425); Alumitech of West Virginia, Inc. (3237); Alumitech, Inc. (9351); AWT Properties, Inc. (5332); CA Lewisport, LLC (6561); CI Holdings, LLC (9484); Commonwealth Aluminum Concast, Inc. (7844); Commonwealth Aluminum Lewisport, LLC (7736); Commonwealth Aluminum Metals, LLC (8491); Commonwealth Aluminum Sales Corporation (8512); Commonwealth Aluminum Tube Enterprises, LLC (7895); Commonwealth Aluminum, LLC (5039); Commonwealth Industries, Inc. (5741); ETS Schaefer Corporation (9350); IMCO Indiana Partnership L.P. (3840); IMCO International, Inc. (8362); IMCO Investment Company (5738); IMCO Management Partnership, L.P. (2739); IMCO Recycling of California, Inc. (0255); IMCO Recycling of Idaho Inc. (8990); IMCO Recycling of Illinois Inc. (7227); IMCO Recycling of Indiana Inc. (4357); IMCO Recycling of Michigan L.L.C. (5772); IMCO Recycling of Ohio Inc. (1405); IMCO Recycling of Utah Inc. (2330); IMCO Recycling Services Company (0589); IMSAMET, Inc. (7929); Rock Creek Aluminum, Inc. (3607); Silver Fox Holding Company (1183); Wabash Alloys, L.L.C. (0708)

RICHARDS, LAYTON &    WEIL, GOTSHAL &
FINGER, P.A.    MANGES LLP
One Rodney Square    767 Fifth Avenue
P.O. Box 551    New York, New York
Wilmington, Delaware 19899    10153

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION

# SUN-TIMES MEDIA
## Certificates of Publication

State of Illinois – County of ☒Cook ☐ Kane ☐Lake ☐ McHenry
☐ DuPage ☐ Will ☐ DeKalb ☐ Kendall ☐ Gruudy

Sun-Times Media, does hereby certify it has published the attached advertisements in the following secular newspapers. All newspapers meet Illinois Compiled Statue requirements for publication of Notices per Chapter 715 ILCS 5/0.01 et seq. R.S. 1874, P728 Sec 1, EFF. July 1, 1874. Amended By Laws 1959, P1494, and EFF.July 17, 1959. Formerly Ill. Rev. Stat. 1991, CH100, P1..

Note: Legal Notice appeared in the following checked positions.

**PUBLICATION DATE(S):** _3-29-10_

_1 time_

☐ The Beacon News                 ☐ The Courier News

☐ The Herald News                 ☐ The Lake County News-Sun

☐ The Naperville Sun              ☐ The SouthTownStar

☒ The Chicago Sun-Times           ☐ Pioneer Press/The Doings

## Weekly Papers

☐ Batavia Sun
☐ Bolingbrook Sun
☐ Downers Grove Sun
☐ Fox Valley Villages Sun
☐ Geneva Sun
☐ Glen Ellyn Sun
☐ Homer Township/Lockport/Lemont Sun
☐ Lincoln Way Sun
☐ Lisle Sun
☐ Plainfield Sun
☐ St. Charles Sun
☐ Wheaton Sun

IN WITNESS WHEREOF, the undersigned, being duly authorized, has caused this Certificate to be signed and its official seal affixed at Aurora, Illinois

By _John G. Bieschke_

OFFICIAL SEAL
BEATRIZ C ASSELL
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/07/13

John G. Bieschke
Legal Advertising Manager  (Official Title)

Subscribed and sworn to before me this _30th_ Day of _Mar._ A. D. _2010_

By: _Beaty C. Assell_
Notary Public



SUN-TIMES MEDIA

Certificates of Publication

ook ☐ Kane ☐ Lake ☐ McHenry
b ☐ Kendall ☐ Grundy

it has published the attached advertisements in the
spapers meet Illinois Compiled Statue requirements for
ILCS 5/0.01 et seq. R.S. 1874, P728 Sec 1, EFF. July 1,
, and EFF.July 17, 1959. Formerly Ill. Rev. Stat. 1991,

owing checked positions.

3-29-10

1 time

☐ The Courier News

☐ The Lake County News-Sun

☐ The SouthTownStar

☐ Pioneer Press/The Doings

Lemont Sun

hed, being duly authorized, has caused this Certificate
t Aurora, Illinois

OFFICIAL SEAL
BEATRIZ C ASSELL
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 10/07/13

30th Day of Mar. A.D. 2010

Beatriz C. Assell
Notary Public

## Left Notice

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re ) Chapter 11
ALERIS INTERNATIONAL, INC., et al., ) Case No. 09-10478
Debtors. ) (Jointly Administered)

NOTICE OF DEADLINE TO FILE CERTAIN REQUESTS
FOR PAYMENT OF ADMINISTRATIVE EXPENSES

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE
FOLLOWING ENTITIES (each a "U.S. Debtor," and collectively, the "U.S. Debtors"):
Aleris International, Inc.; Alchem Aluminum Shelbyville, Inc.; Alchem Aluminum, Inc.; Aleris Aluminum Europe, Inc.; Aleris Aluminum U.S. Sales Inc.; Aleris Blanking and Rim Products, Inc.; Aleris Light Gauge Products, Inc.; Aleris Nevada Management, Inc.; Aleris Ohio Management, Inc.; Aleris, Inc.; Alsco Holdings, Inc.; Alsco Metals Corporation; Alumitech of Cleveland, Inc.; Alumitech of Wabash, Inc.; Alumitech of West Virginia, Inc.; Alumitech, Inc.; AWT Properties, Inc.; CA Lewisport, LLC; CI Holdings, LLC; Commonwealth Aluminum Concast, Inc.; Commonwealth Aluminum Lewisport, LLC; Commonwealth Aluminum Metals, LLC; Commonwealth Aluminum Sales Corporation; Commonwealth Aluminum Tube Enterprises, LLC; Commonwealth Aluminum, LLC; Commonwealth Industries, Inc.; ETS Schaefer Corporation; IMCO Indiana Partnership L.P.; IMCO International, Inc.; IMCO Investment Company; IMCO Management Partnership, L.P.; IMCO Recycling of California, Inc.; IMCO Recycling of Idaho Inc.; IMCO Recycling of Illinois Inc.; IMCO Recycling of Indiana Inc.; IMCO Recycling of Michigan L.L.C.; IMCO Recycling of Ohio Inc.; IMCO Recycling of Utah Inc.; IMCO Recycling Services Company; IMSAMET, Inc.; Rock Creek Aluminum, Inc.; Silver Fox Holding Company; Wabash Alloys, L.L.C.

PLEASE TAKE NOTICE OF THE FOLLOWING:
On February 12, 2009, each of the U.S. Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

On March 12, 2010, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order requiring all persons and entities that assert certain types of administrative expense arising under section 503(b)(1) of the Bankruptcy Code ("Administrative Expense") against any of the U.S. Debtors to file a proof of Administrative Expense by 5:00 p.m. (New York City Time) on Thursday May 20, 2010 (the "Administrative Expense Bar Date").

1. WHO MUST FILE AN ADMINISTRATIVE EXPENSE CLAIM. Only certain holders of Administrative Expense claims must file a proof of Administrative Expense claim. If you believe you have a claim against any of the U.S. Debtors that (i) arose after February 12, 2009, (ii) qualifies as an administrative expense under section 503(b)(1) of the Bankruptcy Code, and (iii) falls within any of the six categories described below, no matter how remote or contingent, you must file a request for payment on account of such Administrative Expense on or before the Administrative Expense Bar Date:

A. Any Administrative Expense representing personal injury, property damage, or other tort claims against any of the U.S. Debtors.

B. Any Administrative Expense for breach of an obligation – contractual, statutory or otherwise – by any of the U.S. Debtors, including any environmental liability (but other than any environmental liability with respect to property that is currently owned or operated by any of the U.S. Debtors).

C. Any Administrative Expense for amounts incurred by any of the U.S. Debtors after February 12, 2009 in the ordinary course of such U.S. Debtor's business if payment of such amounts is alleged to be overdue by at least 60 days;

D. Any Administrative Expense incurred by any of the U.S. Debtors outside the ordinary course of its business or on other than ordinary business terms, except to the extent the incurrence of such Administrative Expense claim was approved by the Bankruptcy Court (e.g., the DIP ABL Claim, the New Money Term DIP Claims and the U.S. Roll-Up Term Loan Claims) or represents fees and expenses of professionals arising under sections 330, 331, or 503(b)(2)-(5) of the Bankruptcy Code;

E. Any Administrative Expense that would not ordinarily be reflected as a payable on the U.S. Debtors' books and records or as a liability on the U.S. Debtors' financial statements; or

F. Any Administrative Expense representing an employee claim against any of the U.S. Debtors, other than (i) a claim for wages, benefits, pension or retirement benefits or expense reimbursement by an employee who is employed by such U.S. Debtor as of the Administrative Expense Bar Date or (ii) a grievance claim under any collective bargaining agreement to which such U.S. Debtor is a party.

Claims of the type described in A – F above are referred to in this Notice as "Specified Administrative Expense Claims." If you hold a Specified Administrative Expense Claim, and you have asserted the claim in an action commenced against and served on any of the U.S. Debtors on or before March 12, 2010, and you have asserted in that action that the U.S. Debtor's liability is predicated upon the operation of the U.S. Debtor's business after February 12, 2009 or otherwise have alleged that such liability should be accorded administrative expense status, then you are not required to file a proof of Specified Administrative Expense against such U.S. Debtor. This is the only exception to the requirement that holders of Specified Administrative Expense Claims file a proof of such Specified Administrative Expense Claims by the Administrative Expense Bar Date.

If you assert a claim under section 503(b)(9) of the Bankruptcy Code, the deadline for filing any such claim against the U.S. Debtors has passed, and the time bar has been extended as a result of the Court's setting of an Administrative Expense Bar Date.

2. WHEN AND WHERE TO FILE. All Specified Administrative Expenses must be filed so as to be received no later than 5:00 P.M. (New York City Time), on or before Thursday, May 20, 2010 at the following address: By Hand Delivery or By Mail: Aleris Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

Kurtzman Carson Consultants LLC ("KCC") will not accept proofs of Specified Administrative Expenses by facsimile or any electronic means.

3. WHAT TO FILE. Each Specified Administrative Expense must conform substantially to the claim form that has been approved by the Bankruptcy Court. Such claim form may be obtained on the website established by the U.S. Debtors in connection with their chapter 11 cases, www.kccllc.net/aleris, or by contacting KCC at 866-381-9100. Such claim must be written in English, and any amounts claimed therein must be converted to United States dollars.

Any creditor who is required, but fails, to file a request for payment of a Specified Administrative Expense by 5:00 p.m. (New York City Time) on or before Thursday May 20, 2010 (the Administrative Expense Bar Date) will be forever barred, estopped, and enjoined from asserting such Specified Administrative Expense against any of the U.S. Debtors, their respective estates, or any successors to the U.S. Debtors (including any reorganized U.S. Debtors), and the U.S. Debtors will be forever discharged from any and all indebtedness with respect to such Specified Administrative Expense.

RICHARDS, LAYTON & FINGER, P.A.     WEIL, GOTSHAL & MANGES LLP
One Rodney Square                    767 Fifth Avenue
P.O. Box 551                         New York, New York 10153
Wilmington, Delaware 18899
ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION

## Right Notice

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re ) Chapter 11
ALERIS INTERNATIONAL, INC., et al., ) Case No. 09-10478
INC., et al., ) (Jointly
Debtors. ) Administered)

NOTICE OF CONFIRMATION HEARING,
OBJECTION DEADLINE, AND VOTING
DEADLINE REGARDING THE DEBTORS' FIRST
AMENDED PLAN

PLEASE TAKE NOTICE OF THE FOLLOWING:
Approval of the Disclosure Statement. On March 15, 2010, the United States Bankruptcy Court for the District of Delaware approved the proposed disclosure statement (the "Disclosure Statement") for the First Amended Plan of Reorganization of Aleris International, Inc. and Its Affiliated Debtors, as Modified, dated March 19, 2010 [Docket No. 1684] (as may be amended or further modified, the "Plan"). The Plan is attached to the Disclosure Statement as Exhibit "A." The affiliated debtors of Aleris International, Inc. are listed below (with Aleris International, Inc., each a "Debtor" and collectively, the "Debtors").

Confirmation Hearing. On Thursday May 13, 2010 at 9:30 a.m. (Eastern Daylight Time), the Honorable Judge Brennan L. Shannon will conduct a hearing (the "Confirmation Hearing") to consider confirmation of the Plan at the United States Bankruptcy Court for the District of Delaware, 6th Floor Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties other than by filing such modifications with the Court prior to the Confirmation Hearing or announcing any such modifications at the Confirmation Hearing.

Objection Deadline. The deadline to object to confirmation of the Plan is Thursday April 29, 2010 at 4:00 p.m. (Eastern Daylight Time). All objections must be filed with the Court and served upon the appropriate notice parties in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. A list of the "Notice Parties" is included in Exhibit "B" to the Disclosure Statement.

Voting Deadline. Votes to accept or reject the Plan must be actually received by the Debtors' voting agent by Thursday April 29, 2010 at 5:00 p.m. (Pacific Daylight Time) (the "Voting Deadline"). Before voting, please carefully review the voting procedures for the Plan (the "Voting Procedures"), which are attached to the Disclosure Statement as Exhibit "D."

Copies of Documents. A copy of the Disclosure Statement may be downloaded from http://www.kccllc.com/aleris or may be obtained by a written request to Aleris Claims Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo CA 90245.

The affiliated debtors of Aleris International, Inc. (8280) and the last four digits of their federal tax identification numbers are as follows:
Alchem Aluminum Shelbyville, Inc. (8122); Alchem Aluminum, Inc. (5207); Aleris Aluminum Europe, Inc. (0921); Aleris Aluminum U.S. Sales Inc. (9536); Aleris Blanking and Rim Products, Inc. (7340); Aleris Deutschland Holding GmbH (3721); Aleris Light Gauge Products, Inc. (7311); Aleris Nevada Management, Inc. (2935); Aleris Ohio Management, Inc. (0637); Aleris, Inc. (6630); Alsco Holdings, Inc. (5535); Alsco Metals Corporation (7772); Alumitech of Cleveland, Inc. (1568); Alumitech of Wabash, Inc. (4425); Alumitech of West Virginia, Inc. (3237); Alumitech, Inc. (9351); AWT Properties, Inc. (5332); CA Lewisport, LLC (6561); CI Holdings, LLC (8495); Commonwealth Aluminum Concast, Inc. (7844); Commonwealth Aluminum Lewisport, LLC (7736); Commonwealth Aluminum Metals, LLC (8491); Commonwealth Aluminum Sales Corporation (8512); Commonwealth Aluminum Tube Enterprises, LLC (7893); Commonwealth Aluminum, LLC (5039); Commonwealth Industries, Inc. (5741); ETS Schaefer Corporation (9350); IMCO Indiana Partnership L.P. (5840); IMCO International, Inc. (8362); IMCO Investment Company (5938); IMCO Management Partnership, L.P (2788); IMCO Recycling of California, Inc. (0255); IMCO Recycling of Idaho Inc. (8990); IMCO Recycling of Illinois Inc. (7227); IMCO Recycling of Indiana Inc. (4357); IMCO Recycling of Michigan L.L.C. (5772); IMCO Recycling of Ohio Inc. (1405); IMCO Recycling of Utah Inc. (2330); IMCO Recycling Services Company (0589); IMSAMET, Inc. (7929); Rock Creek Aluminum, Inc. (3607); Silver Fox Holding Company (1188); Wabash Alloys, L.L.C. (0708)

RICHARDS, LAYTON     WEIL, GOTSHAL
& FINGER, P.A.        & MANGES LLP
One Rodney Square     767 Fifth Avenue
P.O. Box 551          New York, New York
Wilmington, Delaware 18899   10153
ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION

By: _____

**State of Ohio, County of Washington, SS.**

_____Jennifer Houtman_____, publisher, being duly sworn, says that the attached notice was published in **The Marietta Times**, a newspaper with average daily circulation in excess of __10,800__, printed in and of general circulation in Washington county, Ohio, for one time beginning _____March 30, __20 10__.

_Jennifer Houtman_ ____ sworn to before me this

_31 st_ day of _March_ 20 _10_.

_Patricia S Reed_ Notary Public, Washington County, Ohio

# N3240108

Printer's Fee $_____

Notary Fee $_____       Aleris International

Total Amount $_____

PATRICIA S. REED, Notary Public
In and For The State of Ohio
My Commission Expires __10-29-12__

---

**State of Ohio, County of Washington, SS.**

_____Jennifer Houtman_____, publisher, being duly sworn, says that the attached notice was published in **The Marietta Times**, a newspaper with average daily circulation in excess of __10,800__, printed in and of general circulation in Washington county, Ohio, for one time beginning _____March 30, 2010__.

_Jennifer Houtman_ sworn to before me this

_31 st_ day of _March_ 20 _10_.

_Patricia S Reed_ Notary Public, Washington County, Ohio

# N3240108

Printer's Fee $_____

Notary Fee $_____       Aleris International

Total Amount $_____

PATRICIA S. REED, Notary Public
In and For The State of Ohio
My Commission Expires __10-29-12__

| | |
|---|---|
| In re | ) Chapter 11 |
| ALERIS INTERNATIONAL, INC., *et al.,* | ) Case No. 09-10478 |
| Debtors. | ) (Jointly Administered) |

**NOTICE OF DEADLINE TO FILE CERTAIN REQUESTS
FOR PAYMENT OF ADMINISTRATIVE EXPENSES**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE FOLLOWING ENTITIES** (each a "*U.S. Debtor*," and collectively, the "*U.S. Debtors*"):

Aleris International, Inc.; Alchem Aluminum Shelbyville Inc.; Alchem Aluminum, Inc.; Aleris Aluminum Europe, Inc.; Aleris Aluminum U.S. Sales Inc.; Aleris Blanking and Rim Products, Inc.; Aleris Light Gauge Products, Inc.; Aleris Nevada Management, Inc.; Aleris Ohio Management, Inc.; Aleris, Inc.; Alsco Holdings, Inc.; Alsco Metals Corporation; Alumitech of Cleveland, Inc.; Alumitech of Wabash, Inc.; Alumitech of West Virginia, Inc.; Alumitech, Inc.; AWT Properties, Inc.; CA Lewisport, LLC; CI Holdings, LLC; Commonwealth Aluminum Concast, Inc.; Commonwealth Aluminum Lewisport, LLC; Commonwealth Aluminum Metals, LLC; Commonwealth Aluminum Sales Corporation; Commonwealth Aluminum Tube Enterprises, LLC; Commonwealth Aluminum, LLC; Commonwealth Industries, Inc.; ETS Schaefer Corporation; IMCO Indiana Partnership L.P.; IMCO International, Inc.; IMCO Investment Company; IMCO Management Partnership, L.P.; IMCO Recycling of California, Inc.; IMCO Recycling of Idaho Inc.; IMCO Recycling of Illinois Inc.; IMCO Recycling of Indiana Inc.; IMCO Recycling of Michigan L.L.C.; IMCO Recycling of Ohio Inc.; IMCO Recycling of Utah Inc.; IMCO Recycling Services Company; IMSAMET, Inc.; Rock Creek Aluminum, Inc.; Silver Fox Holding Company; Wabash Alloys, L.L.C.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On February 12, 2009, each of the U.S. Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

On March 12, 2010, the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") entered an order requiring all persons and entities that assert certain types of administrative expense arising under section 503(b)(1) of the Bankruptcy Code ("*Administrative Expenses*") against any of the U.S. Debtors to file a proof of Administrative Expense by **5:00 p.m. (New York City Time) on Thursday May 20, 2010** (the "*Administrative Expense Bar Date*").

**1. WHO MUST FILE AN ADMINISTRATIVE EXPENSE CLAIM.** *Only certain holders of Administrative Expense claims must file a proof of Administrative Expense claim.* If you believe you have a claim against any of the U.S. Debtors that (i) arose after February 12, 2009, (ii) qualifies as an administrative expense under section 503(b)(1) of the Bankruptcy Code, *and* (iii) falls within any of the six categories described below, no matter how remote or contingent, you must file a request for payment on account of such Administrative Expense on or before the Administrative Expense Bar Date:

A. Any Administrative Expense representing personal injury, property damage, or other tort claims against any of the U.S. Debtors;

B. Any Administrative Expense for breach of an obligation – contractual, statutory or otherwise – by any of the U.S. Debtors, including any environmental liability (but other than any environmental liability with respect to property that is currently owned or operated by any of the U.S. Debtors);

C. Any Administrative Expense for amounts incurred by any of the U.S. Debtors after February 12, 2009 in the ordinary course of such U.S. Debtor's business if payment of such amounts is alleged to be overdue by at least 60 days;

D. Any Administrative Expense incurred by any of the U.S. Debtors outside the ordinary course of its business or on other than ordinary business terms, except to the extent the incurrence of such Administrative Expense claim was approved by the Bankruptcy Court (e.g., the DIP ABL Claim, the New Money Term DIP Claims and the U.S. Roll-Up Term Loan Claims) or represents fees and expenses of professionals arising under sections 330, 331, or 503(b)(2)-(5) of the Bankruptcy Code;

E. Any Administrative Expense that would not ordinarily be reflected as a payable on the U.S. Debtors' books and records or as a liability on the U.S. Debtors' financial statements; or

F. Any Administrative Expense representing an employee claim against any of the U.S. Debtors, *other than* (i) a claim for wages, benefits, pension or retirement benefits or expense reimbursement by an employee who is employed by such U.S. Debtor as of the Administrative Expense Bar Date or (ii) a grievance claim under any collective bargaining agreement to which such U.S. Debtor is a party.

Claims of the type specified in A – F above are referred to in this Notice as "*Specified Administrative Expense Claims.*" If you hold a Specified Administrative Expense Claim, *and* you have asserted the claim in an action commenced against and served on any of the U.S. Debtors on or before **March 12, 2010,** *and* you have asserted in that action that the U.S. Debtor's liability is predicated upon the operation of the U.S. Debtor's business after February 12, 2009 or otherwise have alleged that such liability should be accorded administrative expense status, then you are *not* required to file a proof of Specified Administrative Expense against such U.S. Debtor. *This is the only exception to the requirement that holders of Specified Administrative Expense Claims file a proof of such Specified Administrative Expense Claims by the Administrative Expense Bar Date.*

*If you assert a claim under section 503(b)(9) of the Bankruptcy Code, the deadline for filing any such claim against the U.S. Debtors has passed, and the time has not been extended as a result of the Court's setting of an Administrative Expense Bar Date.*

**2. WHERE AND WHEN TO FILE.** All Specified Administrative Expenses must be filed so as to be received no later than **5:00 P.M. (New York City Time), on or before Thursday, May 20, 2010** at the following address: **By Hand Delivery or By Mail:** Aleris Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

Kurtzman Carson Consultants LLC ("*KCC*") will *not* accept proofs of Specified Administrative Expenses by facsimile or any electronic means.

**3. WHAT TO FILE.** Each Specified Administrative Expense must conform substantially to the claim form that has been approved by the Bankruptcy Court. Such claim form may be obtained on the website established by the U.S. Debtors in connection with their chapter 11 cases, www.kccllc.net/aleris, or by contacting KCC at 866-381-9100. Such claim must be written in English, and any amounts claimed therein must be converted to United States dollars.

Any creditor who is required, but fails, to file a request for payment of a Specified Administrative Expense by 5:00 p.m. (New York City Time) on or before Thursday, May 20, 2010 (the Administrative Expense Bar Date) will be forever barred, estopped, and enjoined from asserting such Specified Administrative Expense against any of the U.S. Debtors, their respective estates, or any successors to the U.S. Debtors (including any reorganized U.S. Debtors), and the U.S. Debtors will be forever discharged from any and all indebtedness or liability with respect to such Specified Administrative Expense.

RICHARDS, LAYTON & FINGER, P.A.     WEIL, GOTSHAL & MANGES LLP
One Rodney Square     767 Fifth Avenue
P.O. Box 551     New York, New York 10153
Wilmington, Delaware 18899

ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION

---

| | |
|---|---|
| In re | ) Chapter 11 |
| ALERIS INTERNATIONAL, INC., *et al.,* | ) Case No. 09-10478 |
| INC., *et al.,* | ) (Jointly |
| Debtors. | ) Administered) |

**NOTICE OF CONFIRMATION HEARING,
OBJECTION DEADLINE, AND VOTING
DEADLINE REGARDING THE DEBTORS'
FIRST AMENDED PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Approval of the Disclosure Statement.** On March 15, 2010, the United States Bankruptcy Court for the District of Delaware approved the proposed disclosure statement (the "*Disclosure Statement*") for the *First Amended Plan of Reorganization of Aleris International, Inc. and Its Affiliated Debtors, as Modified,* dated March 19, 2010 [Docket No. 1684] (as may be amended or further modified, the "*Plan*"). The Plan is attached to the Disclosure Statement as Exhibit "A." The affiliated debtors of Aleris International, Inc. are listed below (with Aleris International, Inc., each a "*Debtor*" and collectively, the "*Debtors*").

**Confirmation Hearing.** On **Thursday May 13, 2010 at 9:30 a.m. (Eastern Daylight Time),** the Honorable Judge Brendan L. Shannon will conduct a hearing (the "*Confirmation Hearing*") to consider confirmation of the Plan at the **United States Bankruptcy Court for the District of Delaware, 6th Floor Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801.** The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties other than by filing such modifications with the Court prior to the Confirmation Hearing or announcing any such modifications at the Confirmation Hearing.

**Objection Deadline.** The deadline to object to confirmation of the Plan is **Thursday April 29, 2010 at 4:00 p.m. (Eastern Daylight Time).** All objections must be filed with the Court and served upon the appropriate notice parties in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. A list of the "Notice Parties" is included in Exhibit "B" to the Disclosure Statement.

**Voting Deadline.** Votes to accept or reject the Plan must be *actually received* by the Debtors' voting agent by **Thursday April 29, 2010 at 5:00 p.m. (Pacific Daylight Time)** (the "*Voting Deadline*"). Before voting, please carefully review the voting procedures for the Plan (the "*Voting Procedures*"), which are attached to the Disclosure Statement as Exhibit "D."

**Copies of Documents.** A copy of the Disclosure Statement may be downloaded from http://www.kccllc.com/aleris or may be obtained by a written request to Aleris Claims Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo CA 90245.

The affiliated debtors of Aleris International, Inc. (8280) and the last four digits of their federal tax identification numbers are as follows:

Alchem Aluminum Shelbyville Inc. (8122); Alchem Aluminum, Inc. (5207); Aleris Aluminum Europe, Inc. (0921); Aleris Aluminum U.S. Sales Inc. (9536); Aleris Blanking and Rim Products, Inc. (7340); Aleris Deutschland Holding GmbH (3721); Aleris Light Gauge Products, Inc. (7311); Aleris Nevada Management, Inc. (2935); Aleris Ohio Management, Inc. (0637); Aleris, Inc. (6630); Alsco Holdings, Inc. (5535); Alsco Metals Corporation (7792); Alumitech of Cleveland, Inc. (1568); Alumitech of Wabash, Inc. (4425); Alumitech of West Virginia, Inc. (3237); Alumitech, Inc. (9351); AWT Properties, Inc. (5332); CA Lewisport, LLC (6561); CI Holdings, LLC (9484); Commonwealth Aluminum Concast, Inc. (7844); Commonwealth Aluminum Lewisport, LLC (7736); Commonwealth Aluminum Metals, LLC (8491); Commonwealth Aluminum Sales Corporation (8512); Commonwealth Aluminum Tube Enterprises, LLC (7895); Commonwealth Aluminum, LLC (5039); Commonwealth Industries, Inc. (5741); ETS Schaefer Corporation (9350); IMCO Indiana Partnership L.P. (3840); IMCO International, Inc. (8362); IMCO Investment Company (5738); IMCO Management Partnership, L.P. (2738); IMCO Recycling of California, Inc. (0255); IMCO Recycling of Idaho Inc. (8990); IMCO Recycling of Illinois Inc. (7227); IMCO Recycling of Indiana Inc. (4357); IMCO Recycling of Michigan L.L.C. (5772); IMCO Recycling of Ohio Inc. (1405); IMCO Recycling of Utah Inc. (2330); IMCO Recycling Services Company (0589); IMSAMET, Inc. (7929); Rock Creek Aluminum, Inc. (3607); Silver Fox Holding Company (1188); Wabash Alloys, L.L.C. (0708)

RICHARDS, LAYTON &    WEIL, GOTSHAL &
FINGER, P.A.    MANGES LLP
One Rodney Square    767 Fifth Avenue
P.O. Box 551    New York, New York
Wilmington, Delaware 18899    10153

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION



**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re ) Chapter 11
ALERIS INTERNATIONAL, INC., *et al.*, ) Case No. 09-10478
Debtors. ) (Jointly Administered)

**NOTICE OF DEADLINE TO FILE CERTAIN REQUESTS FOR PAYMENT OF CERTAIN EXPENSES**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE FOLLOWING ENTITIES** (each a "*U.S. Debtor*," and collectively, the "*U.S. Debtors*"):

Aleris International, Inc.; Alchem Aluminum Shelbyville Inc.; Alchem Aluminum, Inc.; Aleris Aluminum Europe, Inc.; Aleris Aluminum U.S. Sales Inc.; Aleris Blanking and Rim Products, Inc.; Aleris Light Gauge Products, Inc.; Aleris Nevada Management, Inc.; Aleris Ohio Management, Inc.; Aleris, Inc.; Alsco Holdings, Inc.; Alsco Metals Corporation; Alumitech of Cleveland, Inc.; Alumitech of Wabash, Inc.; Alumitech of West Virginia, Inc.; Alumitech, Inc.; AWT Properties, Inc.; CA Lewisport, LLC; CI Holdings, LLC; Commonwealth Aluminum Concast, Inc.; Commonwealth Aluminum Lewisport, LLC; Commonwealth Aluminum Metals, LLC; Commonwealth Aluminum Sales Corporation; Commonwealth Aluminum Tube Enterprises, LLC; Commonwealth Aluminum, LLC; Commonwealth Industries, Inc.; ETS Schaefer Corporation; IMCO Indiana Partnership L.P.; IMCO International, Inc.; IMCO Investment Company; IMCO Management Partnership, L.P.; IMCO Recycling of California, Inc.; IMCO Recycling of Idaho Inc.; IMCO Recycling of Illinois Inc.; IMCO Recycling of Indiana Inc.; IMCO Recycling of Michigan L.L.C.; IMCO Recycling of Ohio Inc.; IMCO Recycling of Utah Inc.; IMCO Recycling Services Company; IMSAMET, Inc.; Rock Creek Aluminum, Inc.; Silver Fox Holding Company; Wabash Alloys, L.L.C.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On February 12, 2009, each of the U.S. Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

On March 12, 2010, the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") entered an order requiring all persons and entities that assert certain types of administrative expense arising under section 503(b)(1) of the Bankruptcy Code ("*Administrative Expense*") against any of the U.S. Debtors to file a proof of Administrative Expense by **5:00 p.m.** (New York City Time) on **Thursday May 20, 2010** (the "*Administrative Expense Bar Date*").

**1. WHO MUST FILE AN ADMINISTRATIVE EXPENSE CLAIM.** *Only certain holders of Administrative Expense claims must file a proof of Administrative Expense claim.* If you believe you have a claim against any of the U.S. Debtors that (i) arose after February 12, 2009, (ii) qualifies as an administrative expense under section 503(b)(1) of the Bankruptcy Code, and (iii) falls within any of the six categories described below, no matter how remote or contingent, you must file a request for payment on account of such Administrative Expense on or before the Administrative Expense Bar Date:

A. Any Administrative Expense representing personal injury, property damage, or other tort claims against any of the U.S. Debtors;

B. Any Administrative Expense for breach of an obligation – contractual, statutory or otherwise – by any of the U.S. Debtors, including any environmental liability (but other than any environmental liability with respect to property that is currently owned or operated by any of the U.S. Debtors);

C. Any Administrative Expense for amounts incurred by any of the U.S. Debtors after February 12, 2009 in the ordinary course of such U.S. Debtor's business if payment of such amounts is alleged to be overdue by at least 60 days;

D. Any Administrative Expense incurred by any of the U.S. Debtors outside the ordinary course of its business or on other than ordinary business terms, except to the extent the incurrence of such Administrative Expense claim was approved by the Bankruptcy Court (*e.g.*, the DIP ABL Claim, the New Money Term DIP Claims and the U.S. Roll-Up Term Loan Claims) or represents fees and expenses of professionals arising under sections 330, 331, or 503(b)(2)-(5) of the Bankruptcy Code;

E. Any Administrative Expense that would not ordinarily be reflected as a payable on the U.S. Debtors' books and records or as a liability on the U.S. Debtors' financial statements; or

F. Any Administrative Expense representing an employee claim against any of the U.S. Debtors, *other than* (i) a claim for wages, benefits, pension or retirement benefits or expense reimbursement by an employee who is employed by such U.S. Debtor as of the Administrative Expense Bar Date or (ii) a grievance claim under any collective bargaining agreement to which such U.S. Debtor is a party.

Claims of the type specified in A – F above are referred to in this Notice as "*Specified Administrative Expense Claims.*" If you hold a Specified Administrative Expense Claim, *and* you have asserted the claim in an action commenced against and served on any of the U.S. Debtors on or before March 12, 2010, *and* you have asserted in that action that the U.S. Debtor's liability is predicated upon the operation of the U.S. Debtor's business after February 12, 2009 or otherwise have alleged that such liability should be accorded administrative expense status, then you are *not* required to file a proof of Specified Administrative Expense against such U.S. Debtor. *This is the only exception to the requirement that holders of Specified Administrative Expense Claims file a proof of such Specified Administrative Expense Claims by the Administrative Expense Bar Date.*

*If you assert a claim under section 503(b)(9) of the Bankruptcy Code, the deadline for filing any such claim against the U.S. Debtors has passed, and the time has not been extended as a result of the Court's setting of an Administrative Expense Bar Date.*

**2. WHEN AND WHERE TO FILE:** All Specified Administrative Expenses must be filed so as to be received no later than **5:00 P.M.** (New York City Time), on or before **Thursday, May 20, 2010** at the following address: **By Hand Delivery or By Mail:** Kurtzman Carson Consultants LLC ("*KCC*"), 2335 Alaska Avenue, El Segundo, CA 90245.

Kurtzman Carson Consultants LLC ("*KCC*") will *not* accept proofs of Specified Administrative Expenses by facsimile or other electronic means.

**3. WHAT TO FILE.** Each Specified Administrative Expense must conform substantially to the claim form that has been approved by the Bankruptcy Court. Such claim form may be obtained at the website established by the U.S. Debtors in connection with their chapter 11 cases, **www.kccllc.net/aleris**, or by contacting KCC at 866-381-9100. Each claim must be written in English, and any amounts claimed therein must be converted to United States dollars.

Any creditor who is required, but fails, to file a request for payment of a Specified Administrative Expense on or before **New York City Time) on or before Thursday May 20, 2010** (the Administrative Expense Bar Date) will be forever barred, estopped, and enjoined from asserting such Specified Administrative Expense against any of the U.S. Debtors, their respective estates, or any successors to the U.S. Debtors (including any reorganized U.S. Debtors), and the U.S. Debtors will be forever discharged from any and all indebtedness or liability with respect to such Specified Administrative Expense.

RICHARDS, LAYTON & FINGER, P.A.            WEIL, GOTSHAL & MANGES LLP
One Rodney Square                                        767 Fifth Avenue
P.O. Box 551                                                   New York, New York 10153
Wilmington, Delaware 19899
ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION

# THE DICKSON HERALD

PUBLISHER'S CERTIFICATE
STATE OF <u>TENNESSEE</u>}
COUNTY OF <u>DICKSON</u>} ss:

Personally appeared before the undersigned, a notary public within and for said County and States Sarah C. Shelton, Legal Advisor of The Dickson Herald, a newspaper published at 104 Church Street county of Dickson State of Tennessee who, being duly sworn, states on oath that the report of **LEGAL NOTICE**, a true copy which is hereto annexed, was published in said newspaper in its issues of **MARCH 31, 2010.**

*Sarah C. Shelton*

Legal Advisor

*Acknowledgement of the Office Manager must be made before a notary public or other official authorized to administer oaths.*

Sworn to and subscribed before me this 31st day of March, 2010.

*Laquetta D. Stepp*

Notary Public

My commission expires

3-12-13

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re ) Chapter 11
ALERIS INTERNATIONAL, ) Case No. 09-10478
INC., et al., ) (Jointly
Debtors. ) Administered)

**NOTICE OF CONFIRMATION HEARING, OBJECTION DEADLINE, AND VOTING DEADLINE REGARDING THE DEBTORS' FIRST AMENDED PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Approval of the Disclosure Statement.** On March 15, 2010, the United States Bankruptcy Court for the District of Delaware approved the proposed disclosure statement (the *"Disclosure Statement"*) for the *First Amended Plan of Reorganization of Aleris International, Inc. and Its Affiliated Debtors, as Modified,* dated March 19, 2010 [Docket No. 1684] (as may be amended or further modified, the *"Plan"*). The Plan is attached to the Disclosure Statement as Exhibit "A." The affiliated debtors of Aleris International, Inc. are listed below (with Aleris International, Inc., each a *"Debtor"* and collectively, the *"Debtors"*).

**Confirmation Hearing.** On **Thursday May 13, 2010 at 9:30 a.m. (Eastern Daylight Time)**, the Honorable Judge Brendan L. Shannon will conduct a hearing (the *"Confirmation Hearing"*) to consider confirmation of the Plan at the **United States Bankruptcy Court for the District of Delaware, 6th Floor Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801.** The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties other than by filing such modifications with the Court prior to the Confirmation Hearing or announcing any such modifications at the Confirmation Hearing.

**Objection Deadline.** The deadline to object to confirmation of the Plan is **Thursday April 29, 2010 at 4:00 p.m. (Eastern Daylight Time).** All objections must be filed with the Court and served upon the appropriate notice parties in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. A list of the "Notice Parties" is included in Exhibit "B" to the Disclosure Statement.

**Voting Deadline.** Votes to accept or reject the Plan must be *actually received* by the Debtors' voting agent by **Thursday April 29, 2010 at 5:00 p.m. (Pacific Daylight Time)** (the *"Voting Deadline"*). Before voting, please carefully review the voting procedures for the Plan (the *"Voting Procedures"*), which are attached to the Disclosure Statement as Exhibit "D."

**Copies of Documents.** A copy of the Disclosure Statement may be downloaded from http://www.kccllc.com/aleris or may be obtained by a written request to Aleris Claims Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo CA 90245.

The affiliated debtors of Aleris International, Inc. (8280) and the last four digits of their federal tax identification numbers are as follows: Alchem Aluminum Shelbyville Inc. (8122); Alchem Aluminum, Inc. (5207); Aleris Aluminum Europe, Inc. (6921); Aleris Aluminum U.S. Sales Inc. (9536); Aleris Blanking and Rim Products, Inc. (7340); Aleris Deutschland Holding GmbH (3721); Aleris Light Gauge Products, Inc. (7311); Aleris Nevada Management, Inc. (2935); Aleris Ohio Management, Inc. (0637); Aleris, Inc. (6630); Alsco Holdings, Inc. (5535); Alsco Metals Corporation (7792); Alumitech of Cleveland, Inc. (1568); Alumitech of Wabash, Inc. (4425); Alumitech of West Virginia, Inc. (3237); Alumitech, Inc. (9351); AWT Properties, Inc. (5332); CA Lewisport, LLC (6561); CI Holdings, LLC (9484); Commonwealth Aluminum Concast, Inc. (7844); Commonwealth Aluminum Lewisport, LLC (7736); Commonwealth Aluminum Metals, LLC (8491); Commonwealth Aluminum Sales Corporation (8512); Commonwealth Aluminum Tube Enterprises, LLC (7895); Commonwealth Aluminum, LLC (5039); Commonwealth Industries, Inc. (5741); ETS Schaefer Corporation (9350); IMCO Indiana Partnership L.P. (3840); IMCO International, Inc. (8362); IMCO Investment Company (5738); IMCO Management Partnership, L.P. (2738); IMCO Recycling of California, Inc. (0255); IMCO Recycling of Idaho Inc. (8990); IMCO Recycling of Illinois Inc. (7227); IMCO Recycling of Indiana Inc. (4357); IMCO Recycling of Michigan L.L.C. (5772); IMCO Recycling of Ohio Inc. (1405); IMCO Recycling of Utah Inc. (2330); IMCO Recycling Services Company (0589); IMSAMET, Inc. (7929); Rock Creek Aluminum, Inc. (3607); Silver Fox Holding Company (1188); Wabash Alloys, L.L.C. (0708).

RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION

---

# THE DICKSON HERALD

**PUBLISHER'S CERTIFICATE**
**STATE OF <u>TENNESSEE</u>}**
**COUNTY OF <u>DICKSON</u>} ss:**

Personally appeared before the undersigned, a notary public within and for said County and States Sarah C. Shelton, Legal Advisor of The Dickson Herald, a newspaper published at 104 Church Street county of Dickson State of Tennessee who, being duly sworn, states on oath that the report of **LEGAL NOTICE**, a true copy which is hereto annexed, was published in said newspaper in its issues of **MARCH 31, 2010.**

*Sarah C. Shelton*

Legal Advisor

---

*Acknowledgement of the Office Manager must be made before a notary public or other official authorized to administer oaths.*

---

Sworn to and subscribed before me this 31st day of March, 2010.

*Laquetta O. Stepp*

Notary Public

My commission expires
3-12-13

(SEAL) LAQUETTA DAWN STEPP, STATE OF TENNESSEE NOTARY PUBLIC, HUMPHREYS CO. TENN.

Miller Advertising Agency, Inc.
N3240122-Aleris International, Inc.

**THE TIMES MAIL**
**BEDFORD, INDIANA**

### PROOF OF PUBLICATION

State of Indiana )
)ss
County of Lawrence )

The undersigned, being duly sworn on
oath, says that he/she is Public
Notice Clerk of The Times Mail,
a public newspaper of general
circulation, printed in the town of
Bedford, in said county and
state; that the notice, of which
the annexed is a true copy, was
published in regular edition of
said paper, issued upon the
following dates, to wit:

March 31, 2010

*Hope E. Lukens*

Subscribed and sworn to before me
on March 31, 2010.

_____
Notary Public or Clerk

Pamela S Hickman
Notary Public Seal State of Indiana
Morgan County
My Commission Expires 07/02/2015

# Miller Advertising Agency, Inc.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

*In re* ) Chapter 11
ALERIS INTERNATIONAL, INC., *et al.*, ) Case No. 09-10478
Debtors. ) (Jointly Administered)

**NOTICE OF DEADLINE TO FILE CERTAIN REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSES**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE FOLLOWING ENTITIES** (each a "*U.S. Debtor*," and collectively, the "*U.S. Debtors*"):

Aleris International, Inc.; Alchem Aluminum Shelbyville Inc.; Alchem Aluminum, Inc.; Aleris Aluminum Europe, Inc.; Aleris Aluminum U.S. Sales Inc.; Aleris Blanking and Rim Products, Inc.; Aleris Light Gauge Products, Inc.; Aleris Nevada Management, Inc.; Aleris Ohio Management, Inc.; Aleris, Inc.; Alsco Holdings, Inc.; Alsco Metals Corporation; Alumitech of Cleveland, Inc.; Alumitech of Wabash, Inc.; Alumitech of West Virginia, Inc.; Alumitech, Inc.; AWT Properties, Inc.; CA Lewisport, LLC; CI Holdings, LLC; Commonwealth Aluminum Concast, Inc.; Commonwealth Aluminum Lewisport, LLC; Commonwealth Aluminum Metals, LLC; Commonwealth Aluminum Sales Corporation; Commonwealth Aluminum Tube Enterprises, LLC; Commonwealth Aluminum, LLC; Commonwealth Industries, Inc.; ETS Schaefer Corporation; IMCO Indiana Partnership L.P.; IMCO International, Inc.; IMCO Investment Company; IMCO Management Partnership, L.P.; IMCO Recycling of California, Inc.; IMCO Recycling of Idaho Inc.; IMCO Recycling of Illinois Inc.; IMCO Recycling of Indiana Inc.; IMCO Recycling of Michigan L.L.C.; IMCO Recycling of Ohio Inc.; IMCO Recycling of Utah Inc.; IMCO Recycling Services Company; IMSAMET, Inc.; Rock Creek Aluminum, Inc.; Silver Fox Holding Company; Wabash Alloys, L.L.C.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On February 12, 2009, each of the U.S. Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

On March 12, 2010, the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") entered an order requiring all persons and entities that assert certain types of administrative expenses arising under section 503(b)(1) of the Bankruptcy Code ("*Administrative Expense*") against any of the U.S. Debtors to file a proof of Administrative Expense by 5:00 p.m. (New York City Time) on Thursday May 20, 2010 (the "*Administrative Expense Bar Date*").

**1. WHO MUST FILE AN ADMINISTRATIVE EXPENSE CLAIM.** Only certain holders of Administrative Expense claims must file a proof of *Administrative Expense claim*. If you believe you have a claim against any of the U.S. Debtors that (i) arose after February 12, 2009, (ii) qualifies as an administrative expense under section 503(b)(1) of the Bankruptcy Code, *and* (iii) falls within any of the six categories described below, no matter how remote or contingent, you must file a request for payment on account of such Administrative Expense on or before the Administrative Expense Bar Date.

A. Any Administrative Expense representing personal injury, property damage, or other tort claims against any of the U.S. Debtors;

B. Any Administrative Expense for breach of an obligation – contractual, statutory or otherwise – by any of the U.S. Debtors, including any environmental liability (but other than any environmental liability with respect to property that is currently owned or operated by any of the U.S. Debtors);

C. Any Administrative Expense for amounts incurred by any of the U.S. Debtors after February 12, 2009 in the ordinary course of such U.S. Debtor's business if payment of such amounts is alleged to be overdue by at least 60 days;

D. Any Administrative Expense incurred by any of the U.S. Debtors outside the ordinary course of its business or on other than ordinary business terms, except to the extent the incurrence of such Administrative Expense claim was approved by the Bankruptcy Court (*e.g.*, the DIP ABL Claim, the New Money Term DIP Claims and the U.S. Roll-Up Term Loan Claims) or represents fees and expenses of professionals arising under sections 330, 331, or 503(b)(2)-(5) of the Bankruptcy Code;

E. Any Administrative Expense that would not ordinarily be reflected as a payable on the U.S. Debtors' books and records or as a liability on the U.S. Debtors' financial statements; or

F. Any Administrative Expense representing an employee claim against any of the U.S. Debtors, *other than* (i) a claim for wages, benefits, pension or retirement benefits or expense reimbursement by an employee who is employed by such U.S. Debtor as of the Administrative Expense Bar Date or (ii) a grievance claim under any collective bargaining agreement to which such U.S. Debtor is a party.

Claims of the type specified in A – F above are referred to in this Notice as "*Specified Administrative Expense Claims*." If you hold a Specified Administrative Expense Claim, *and* you have asserted the claim in an action commenced against and served on any of the U.S. Debtors on or before March 12, 2010, *and* you have asserted in that action that the U.S. Debtor's liability is predicated upon the operation of the U.S. Debtor's business after February 12, 2009 or otherwise have alleged that such liability should be accorded administrative expense status, then you are *not* required to file a proof of Specified Administrative Expense against such U.S. Debtor. *This is the only exception to the requirement that holders of Specified Administrative Expense Claims file a proof of such Specified Administrative Expense Claims by the Administrative Expense Bar Date.*

*If you assert a claim under section 503(b)(9) of the Bankruptcy Code, the deadline for filing any such claim against the U.S. Debtors has passed, and the time has not been extended as a result of the Court's setting of an Administrative Expense Bar Date.*

**2. WHEN AND WHERE TO FILE.** All Specified Administrative Expenses must be filed so as to be received no later than 5:00 P.M. (New York City Time), on or before Thursday, May 20, 2010 at the following address: **By Hand Delivery or By Mail:** Aleris Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

Kurtzman Carson Consultants LLC ("*KCC*") will *not* accept proofs of Specified Administrative Expenses by facsimile or any electronic means.

**3. WHAT TO FILE.** Each Specified Administrative Expense must conform substantially to the claim form that must be used. Such claim form may be obtained on the website established by the U.S. Debtors in connection with their chapter 11 cases, www.kccllc.net/aleris, or by contacting KCC at 866-381-9100. Such claim must be written in English, and any amounts claimed therein must be converted to United States dollars.

Any creditor who is required, but fails, to file a request for payment of a Specified Administrative Expense by 5:00 p.m. (New York City Time) on or before Thursday, May 20, 2010 (the Administrative Expense Bar Date) will be forever barred, estopped, and enjoined from asserting such Specified Administrative Expense against any of the U.S. Debtors, their respective estates, or any successors to the U.S. Debtors (including any reorganized U.S. Debtors), and the U.S. Debtors will be forever discharged from any and all indebtedness or liability with respect to such Specified Administrative Expense.

RICHARDS, LAYTON & FINGER, P.A.       WEIL, GOTSHAL & MANGES LLP
One Rodney Square                     767 Fifth Avenue
P.O. Box 551                          New York, New York 10153
Wilmington, Delaware 19899
**ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

*In re* ) Chapter 11
ALERIS INTERNATIONAL, INC., *et al.*, ) Case No. 09-10478
Debtors. ) (Jointly Administered)

**NOTICE OF CONFIRMATION HEARING, OBJECTION DEADLINE, AND VOTING DEADLINE REGARDING THE DEBTORS' FIRST AMENDED PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Approval of the Disclosure Statement.** On March 15, 2010, the United States Bankruptcy Court for the District of Delaware approved the proposed disclosure statement (the "*Disclosure Statement*") for the *First Amended Plan of Reorganization of Aleris International, Inc. and Its Affiliated Debtors, as Modified*, dated March 19, 2010 [Docket No. 1684] (as may be amended or further modified, the "*Plan*"). The Plan is attached to the Disclosure Statement as Exhibit "A." The affiliated debtors of Aleris International, Inc. are listed below (with Aleris International, Inc., each a "*Debtor*" and collectively, the "*Debtors*").

**Confirmation Hearing.** On Thursday, May 13, 2010 at 9:30 a.m. (Eastern Daylight Time), the Honorable Judge Brendan L. Shannon will conduct a hearing (the "*Confirmation Hearing*") to consider confirmation of the Plan at the United States Bankruptcy Court for the District of Delaware, 6th Floor, Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties other than by filing such modifications with the Court prior to the Confirmation Hearing or announcing any such modifications at the Confirmation Hearing.

**Objection Deadline.** The deadline to object to confirmation of the Plan is Thursday April 29, 2010 at 4:00 p.m. (Eastern Daylight Time). All objections must be filed with the Court and served upon the appropriate notice parties in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. A list of the "Notice Parties" is included in Exhibit "B" to the Disclosure Statement.

**Voting Deadline.** Votes to accept or reject the Plan must be *actually received* by the Debtors' voting agent by Thursday April 29, 2010 at 5:00 p.m. (Pacific Daylight Time) (the "*Voting Deadline*"). Before voting, please carefully review the voting procedures for the Plan (the "*Voting Procedures*"), which are attached to the Disclosure Statement as Exhibit "D."

**Copies of Documents.** A copy of the Disclosure Statement may be downloaded from http://www.kccllc.com/aleris or may be obtained by a written request to Aleris Claims Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo CA 90245.

The affiliated debtors of Aleris International, Inc. (8280) and the last four digits of their taxpayer identification numbers are as follows:

Alchem Aluminum Shelbyville Inc. (8122); Alchem Aluminum, Inc. (5207); Aleris Aluminum Europe, Inc. (0921); Aleris Aluminum U.S. Sales Inc. (9536); Aleris Blanking and Rim Products, Inc. (7340); Aleris Deutschland Holding GmbH (3721); Aleris Light Gauge Products, Inc. (7311); Aleris Nevada Management, Inc. (2959); Aleris Ohio Management, Inc. (0637); Aleris, Inc. (6630); Alsco Holdings, Inc. (5533); Alsco Metals Corporation (7792); Alumitech of Cleveland, Inc. (1568); Alumitech of Wabash, Inc. (4425); Alumitech of West Virginia, Inc. (3237); Alumitech, Inc. (9351); AWT Properties, Inc. (5332); CA Lewisport, LLC (6561); CI Holdings, LLC (9484); Commonwealth Aluminum Concast, Inc. (8444); Commonwealth Aluminum Lewisport, LLC (7736); Commonwealth Aluminum Metals, LLC (8491); Commonwealth Aluminum Sales Corporation (8512); Commonwealth Aluminum Tube Enterprises, LLC (7895); Commonwealth Aluminum, LLC (5039); Commonwealth Industries, Inc. (5741); ETS Schaefer Corporation (9550); IMCO Indiana Partnership L.P. (3840); IMCO International, Inc. (8362); IMCO Investment Company (5738); IMCO Management Partnership, L.P. (2718); IMCO Recycling of California, Inc. (0255); IMCO Recycling of Idaho Inc. (8990); IMCO Recycling of Illinois Inc. (7227); IMCO Recycling of Indiana Inc. (2330); IMCO Recycling of Michigan L.L.C. (5772); IMCO Recycling of Ohio Inc. (1405); IMCO Recycling of Utah Inc. (2330); IMCO Recycling Services Company (0589); IMSAMET, Inc. (7929); Rock Creek Aluminum, Inc. (3607); Silver Fox Holding Company (1188); Wabash Alloys, L.L.C. (0708).

RICHARDS, LAYTON &       WEIL, GOTSHAL &
FINGER, P.A.             MANGES LLP
One Rodney Square        767 Fifth Avenue
P.O. Box 551             New York, New York
Wilmington, Delaware 19899   10153
**ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**

...CATION

) 
)ss
)

duly sworn on
is Public
mes Mail,
general
n the town of
y and
, of which
copy, was
dition of
n the
t:

to before me

lic or Clerk

Pamela S Hickman
Notary Public Seal State of Indiana
Morgan County
My Commission Expires 07/02/2015

# MOUNTAINEER NEWSPAPERS, INC
THE RECORD DELTA
THE MOUNTAIN STATESMAN
UPSHUR COUNTY VALUE GUIDE
LEWIS COUNTY VALUE GUIDE
BARBOUR COUNTY VALUE GUIDE
TAYLOR COUNTY VALUE GUIDE

## <u>Affidavit of Publication</u>

This is to certify that the ad for

_____ **Aleris  International, Inc** _____

Appeared in the ____ **Record Delta Newspaper** ____ on the following date:

_____ **March 31, 2010** _____

Advertising Representative : _~Tammy Thyons~_

Sworn to and subscribed before me this

_____ **April  8, 2010** _____

Notary Public ___~Phyllis J Neuharth~___

Notary Seal

OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
PHYLLIS J. NEUHARTH
RT. 2, BOX 95
FRENCH CREEK, WV 26218
My Commission Expires May 26, 2013



*In re*
ALERIS INTERNATIONAL, INC., *et al.*,  ) Chapter 11
      Debtors.  ) Case No. 09-10478
        ) (Jointly Administered)

## NOTICE OF DEADLINE TO FILE CERTAIN REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSES

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE FOLLOWING ENTITIES** (each a "*U.S. Debtor*," and collectively, the "*U.S. Debtors*"):

Aleris International, Inc.; Alchem Aluminum Shelbyville Inc.; Aleris Aluminum, Inc.; Aleris Aluminum Europe, Inc.; Aleris Aluminum U.S. Sales Inc.; Aleris Blanking and Rim Products, Inc.; Aleris Light Gauge Products, Inc.; Aleris Nevada Management, Inc.; Aleris Ohio Management, Inc.; Aleris, Inc.; Aleos Holdings, Inc.; Alsco Metals Corporation; Alumitech of Cleveland, Inc.; Alumitech of Wabash, Inc.; Alumitech of West Virginia, Inc.; Alumitech, Inc.; AWT Properties, Inc.; CA Lewisport, LLC; CI Holdings, LLC; Commonwealth Aluminum Concast, Inc.; Commonwealth Aluminum Lewisport, LLC; Commonwealth Aluminum Metals, LLC; Commonwealth Aluminum Sales Corporation; Commonwealth Aluminum Tube Enterprises, LLC; Commonwealth Aluminum, LLC; Commonwealth Industries, Inc.; ETS Schaefer Corporation; IMCO Indiana Partnership L.P.; IMCO International, Inc.; IMCO Investment Company; IMCO Management Partnership, L.P.; IMCO Recycling of California, Inc.; IMCO Recycling of Idaho Inc.; IMCO Recycling of Illinois Inc.; IMCO Recycling of Indiana Inc.; IMCO Recycling of Michigan L.L.C.; IMCO Recycling of Ohio Inc.; IMCO Recycling of Utah Inc.; IMCO Recycling Services Company; IMSAMET, Inc.; Rock Creek Aluminum, Inc.; Silver Fox Holding Company; Wabash Alloys, L.L.C.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On February 12, 2009, each of the U.S. Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

On March 12, 2010, the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") entered an order requiring all persons and entities that assert certain types of administrative expense arising under section 503(b)(1) of the Bankruptcy Code ("*Administrative Expense Claims*") against any of the U.S. Debtors to file a proof of Administrative Expense by 5:00 p.m. (New York City Time) on Thursday May 20, 2010 (the "*Administrative Expense Bar Date*").

1. **WHO MUST FILE AN ADMINISTRATIVE EXPENSE CLAIM.** *Only certain holders of Administrative Expense claims must file a proof of Administrative Expense claim.* If you believe you have a claim against any of the U.S. Debtors that (i) arose after February 12, 2009, (ii) qualifies as an administrative expense under section 503(b)(1) of the Bankruptcy Code, *and* (iii) falls within any of the six categories described below, no matter how remote or contingent, you must file a request for payment on account of such Administrative Expense **on or before the Administrative Expense Bar Date**:

    A. Any Administrative Expense representing personal injury, property damage, or other tort claims against any of the U.S. Debtors;

    B. Any Administrative Expense for breach of an obligation – contractual, statutory or otherwise – by any of the U.S. Debtors, including any environmental liability (but other than any environmental liability with respect to property that is currently owned or operated by any of the U.S. Debtors);

    C. Any Administrative Expense for amounts incurred by any of the U.S. Debtors after February 12, 2009 in the ordinary course of such U.S. Debtor's business if payment of such amounts is alleged to be overdue by at least 60 days;

    D. Any Administrative Expense incurred by any of the U.S. Debtors outside the ordinary course of its business or on other than ordinary business terms, except to the extent the incurrence of such Administrative Expense claim was approved by the Bankruptcy Court (*e.g.*, the DIP ABL Claim, the New Money Term DIP Claims and the U.S. Roll-Up Term Loan Claims) or represents fees and expenses of professionals arising under sections 330, 331, or 503(b)(2)-(5) of the Bankruptcy Code;

    E. Any Administrative Expense that would not ordinarily be reflected as a payable on the U.S. Debtors' books and records or as a liability on the U.S. Debtors' financial statements; or

    F. Any Administrative Expense representing an employee claim against any of the U.S. Debtors, *other than* (i) a claim for wages, benefits, pension or retirement benefits or expense reimbursement by an employee who is employed by such U.S. Debtor as of the Administrative Expense Bar Date or (ii) a grievance claim under any collective bargaining agreement to which such U.S. Debtor is a party.

Claims of the type specified in A – F above are referred to in this Notice as "*Specified Administrative Expense Claims.*" If you hold a Specified Administrative Expense Claim, *and* you have asserted the claim in an action commenced against and served on any of the U.S. Debtors on or before **March 12, 2010**, *and* you have asserted in that action that the U.S. Debtor's liability is predicated upon the operation of the U.S. Debtor's business after February 12, 2009 or otherwise have alleged that such liability should be accorded administrative expense status, then you are *not* required to file a proof of Specified Administrative Expense against such U.S. Debtor. *This is the only exception to the requirement that holders of Specified Administrative Expense Claims file a proof of such Specified Administrative Expense Claims by the Administrative Expense Bar Date.*

*If you assert a claim under section 503(b)(9) of the Bankruptcy Code, the deadline for filing any such claim against the U.S. Debtors has passed, and the time has not been extended as a result of the Court's setting of an Administrative Expense Bar Date.*

2. **WHEN AND WHERE TO FILE.** All Specified Administrative Expenses must be filed so as to be received no later than **5:00 P.M. (New York City Time), on or before Thursday, May 20, 2010** at the following address: **By Hand Delivery or By Mail:** Kurtzman Carson Consultants LLC, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

Kurtzman Carson Consultants LLC ("*KCC*") will *not* accept proofs of Specified Administrative Expenses by facsimile or any electronic means.

3. **WHAT TO FILE.** Each Specified Administrative Expense must conform substantially to the claim form that has been approved by the Bankruptcy Court. Such claim form may be obtained on the website established by the U.S. Debtors in connection with their chapter 11 cases, www.kccllc.net/aleris, or by contacting KCC at 866-381-9106. Such claim must be written in English, and any amounts claimed therein must be converted to United States dollars.

Any creditor who is required, but fails, to file a request for payment of a Specified Administrative Expense by **5:00 p.m. (New York City Time) on or before Thursday May 20, 2010** (the Administrative Expense Bar Date) will be forever barred, estopped, and enjoined from asserting such Specified Administrative Expense against any of the U.S. Debtors, their respective estates, or any successors to the U.S. Debtors (including any reorganized U.S. Debtors), and the U.S. Debtors will be forever discharged from any and all indebtedness or liability with respect to such Specified Administrative Expense.

RICHARDS, LAYTON & FINGER, P.A.     WEIL, GOTSHAL & MANGES LLP
One Rodney Square     767 Fifth Avenue
P.O. Box 551     New York, New York 10153
Wilmington, Delaware 19899

**ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**

---

*In re*
ALERIS INTERNATIONAL,  ) Chapter 11
INC., *et al.*,  ) Case No. 09-10478
    Debtors.  ) (Jointly Administered)

## NOTICE OF CONFIRMATION HEARING, OBJECTION DEADLINE, AND VOTING DEADLINE REGARDING THE DEBTORS' FIRST AMENDED PLAN

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Approval of the Disclosure Statement.** On March 15, 2010, the United States Bankruptcy Court for the District of Delaware approved the proposed disclosure statement (the "*Disclosure Statement*") for the *First Amended Plan of Reorganization of Aleris International, Inc. and Its Affiliated Debtors, as Modified*, dated March 19, 2010 [Docket No. 1684] (as may be amended or further modified, the "*Plan*"). The Plan is attached to the Disclosure Statement as Exhibit "A." The affiliated debtors of Aleris International, Inc. are listed below (with Aleris International, Inc., each a "*Debtor*" and collectively, the "*Debtors*").

**Confirmation Hearing.** On **Thursday May 13, 2010 at 9:30 a.m. (Eastern Daylight Time),** the Honorable Judge Brendan L. Shannon will conduct a hearing (the "*Confirmation Hearing*") to consider confirmation of the Plan at the **United States Bankruptcy Court for the District of Delaware, 6th Floor Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801.** The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties other than by filing such modifications with the Court prior to the Confirmation Hearing or announcing any such modifications at the Confirmation Hearing.

**Objection Deadline.** The deadline to object to confirmation of the Plan is **Thursday April 29, 2010 at 4:00 p.m. (Eastern Daylight Time).** All objections must be filed with the Court and served upon the appropriate notice parties in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. A list of the "Notice Parties" is included in Exhibit "B" to the Disclosure Statement.

**Voting Deadline.** Votes to accept or reject the Plan must be *actually received* by the Debtors' voting agent by **Thursday April 29, 2010 at 5:00 p.m. (Pacific Daylight Time)** (the "*Voting Deadline*"). Before voting, please carefully review the voting procedures for the Plan (the "*Voting Procedures*"), which are attached to the Disclosure Statement as Exhibit "D."

**Copies of Documents.** A copy of the Disclosure Statement may be downloaded from http://www.kccllc.com/aleris or may be obtained by a written request to Aleris Claims Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo CA 90245.

The affiliated debtors of Aleris International, Inc. (8280) and the last four digits of their federal tax identification numbers are as follows: Alchem Aluminum Shelbyville Inc. (8122); Aleris Aluminum, Inc. (5207); Aleris Aluminum Europe, Inc. (9921); Aleris Aluminum U.S. Sales Inc. (9536); Aleris Blanking and Rim Products, Inc. (7340); Aleris Deutschland Holding GmbH (3721); Aleris Light Gauge Products, Inc. (7311); Aleris Nevada Management, Inc. (2935); Aleris Ohio Management, Inc. (0637); Aleris, Inc. (6630); Aleos Holdings, Inc. (5535); Alsco Metals Corporation (7792); Alumitech of Cleveland, Inc. (1568); Alumitech of Wabash, Inc. (4425); Alumitech of West Virginia, Inc. (3237); Alumitech, Inc. (9351); AWT Properties, Inc. (5332); CA Lewisport, LLC (6561); CI Holdings, LLC (9484); Commonwealth Aluminum Concast, Inc. (7844); Commonwealth Aluminum Lewisport, LLC (7736); Commonwealth Aluminum Metals, LLC (8491); Commonwealth Aluminum Sales Corporation (8512); Commonwealth Aluminum Tube Enterprises, LLC (7895); Commonwealth Aluminum, LLC (5039); Commonwealth Industries, Inc. (5741); ETS Schaefer Corporation (9350); IMCO Indiana Partnership L.P. (3840); IMCO International, Inc. (8362); IMCO Investment Company (5330); IMCO Management Partnership, L.P. (2738); IMCO Recycling of California, Inc. (0255); IMCO Recycling of Idaho Inc. (8990); IMCO Recycling of Illinois Inc. (7227); IMCO Recycling of Indiana Inc. (4357); IMCO Recycling of Michigan L.L.C. (5772); IMCO Recycling of Ohio Inc. (1405); IMCO Recycling of Utah Inc. (2330); IMCO Recycling Services Company (0589); IMSAMET, Inc. (7929); Rock Creek Aluminum, Inc. (3607); Silver Fox Holding Company (1188); Wabash Alloys, L.L.C. (0708)

RICHARDS, LAYTON &    WEIL, GOTSHAL &
FINGER, P.A.    MANGES LLP
One Rodney Square    767 Fifth Avenue
P.O. Box 551    New York, New York
Wilmington, Delaware 19899    10153

**ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**

# AFFIDAVIT OF PUBLICATION

STATE OF IDAHO,
County of Kootenai, } SS.

_____ Kelli Bailey _____ being first duly sworn upon oath deposes and says:

1. I am now and at all times hereinafter mentioned was a citizen of the United States, resident of the State of Idaho, over the age of twenty-one years and not a party of the above entitled action.

2. I am now and at all times hereinafter mentioned was the printer (principal clerk) of the "Coeur d'Alene Press," a newspaper printed and published daily except Sunday in Coeur d'Alene, Kootenai County, Idaho, and having a general circulation in said county.

3. The _____ Legal Notice _____

of which the annexed is a printed copy, was published in the regular _____ Wednesday _____ issue of said newspaper for _____ 1 _____ consecutive _____ Day _____ commencing on the __31__ day of __March__ 20 _10_ , and ending on the __31__ day of __March__ 20 _10_ , and such publication was made as often during said period as said _____ Daily _____ newspaper was regularly issued.

4. That said newspaper has been continuously and uninterruptedly published in said Kootenai County, during a period of more than seventy-eight consecutive weeks immediately prior to the first publication of said notice _____ Kelli Bailey _____
On this __31__ day of __March__ in the year of __2010__ , before me, a Notary Public, personally appeared _____ Kelli Bailey _____ , known or identified to me to be the person whose name subscribed to the within instrument, and being by me first duly sworn, declared that the statements therein are true, and acknowledged to me that he executed the same.

_____ Regina Mason _____
Notary Public for the State of Idaho,
residing at Coeur d'Alene, Idaho.

**MY COMMISSION EXPIRES 6/18/15**

REGINA MASON
NOTARY
PUBLIC
STATE OF IDAHO

# Information important to you

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

NOTICE OF DEADLINE TO FILE CERTAIN REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSES

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE FOLLOWING ENTITIES

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ALERIS INTERNATIONAL, INC., et al., | Case No. 09-10478 |
| Debtors. | Jointly Administered |

**NOTICE OF CONFIRMATION HEARING, OBJECTION DEADLINE, AND VOTING DEADLINE REGARDING THE DEBTORS' FIRST AMENDED PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Approval of the Disclosure Statement.** On March [illegible], 2010 the United States Bankruptcy Court for the District of Delaware approved the proposed disclosure statement (the "**Disclosure Statement**") for the First Amended Plan of Reorganization of Aleris International, Inc. and Its Affiliated Debtors, as Modified, dated March 19, 2010 [Docket No. [illegible]] (as may be amended or further modified, the "**Plan**"). The Plan is attached to the Disclosure Statement as Exhibit "A". The affiliated debtors of Aleris International, Inc. are listed below (with Aleris International, Inc., each a "**Debtor**" and collectively, the "**Debtors**").

**Confirmation Hearing.** On Thursday May 13, 2010 at 9:30 a.m. (Eastern Daylight Time) the Honorable Brendan L. Shannon will conduct a hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan at the United States Bankruptcy Court for the District of Delaware, 6th Floor Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties other than by filing such modifications with the Court prior to the Confirmation Hearing or announcing any such modifications at the Confirmation Hearing.

**Objection Deadline.** The deadline to object to confirmation of the Plan is **Thursday, April 29, 2010 at 4:00 p.m. (Eastern Daylight Time)**. All objections must be filed with the Court and served upon the appropriate notice parties in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. A list of the "Notice Parties" is included in Exhibit "D" to the Disclosure Statement.

**Voting Deadline.** Votes to accept or reject the Plan must be actually received by the Debtors' voting agent by **Thursday, April 29, 2010 at 5:00 p.m. (Pacific Daylight Time)** (the "**Voting Deadline**"). Before voting, please carefully review the voting procedures for the Plan (the "**Voting Procedures**"), which are attached to the Disclosure Statement as Exhibit "B".

**Copies of Documents.** A copy of the Disclosure Statement may be downloaded from: http://www.kccllc.net/aleris or may be obtained by a written request to Aleris Claims Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

The affiliated debtors of Aleris International, Inc. ([illegible]) and the last four digits of their federal tax identification numbers are as follows: Alchem Aluminum Shelbyville Inc. ([illegible]), Alchem Aluminum, Inc. ([illegible]), Aleris Aluminum Europe, Inc. ([illegible]), Aleris Aluminum U.S. Sales Inc. ([illegible]), Aleris Blanking and Rim Products, Inc. ([illegible]), Aleris Deutschland Holding GmbH ([illegible]), Aleris Light Gauge Products, Inc. ([illegible]), Aleris Nevada Management, Inc. ([illegible]), Aleris Ohio Management, Inc. ([illegible]), Aleris, Inc. ([illegible]), Aleris Holdings, Inc. ([illegible]), Aleris Metals Corporation ([illegible]), Alumitech of Cleveland, Inc. ([illegible]), Alumitech of Wabash, Inc. ([illegible]), Alumitech of West Virginia, Inc. ([illegible]), Alumitech, Inc. ([illegible]), AWT Properties, Inc. ([illegible]), CA Lewisport, LLC ([illegible]), CI Holdings, LLC ([illegible]), Commonwealth Aluminum Concast, Inc. ([illegible]), Commonwealth Aluminum Lewisport, LLC ([illegible]), Commonwealth Aluminum Metals, LLC ([illegible]), Commonwealth Aluminum Sales Corporation ([illegible]), Commonwealth Aluminum Tube Enterprises, LLC ([illegible]), Commonwealth Aluminum, LLC ([illegible]), Commonwealth Industries, Inc. ([illegible]), ETS Schaefer Corporation ([illegible]), IMCO Indiana Partnership L.P. ([illegible]), IMCO International, Inc. ([illegible]), IMCO Investment Company ([illegible]), IMCO Management Partnership, L.P. ([illegible]), IMCO Recycling of California, Inc. ([illegible]), IMCO Recycling of Idaho Inc. ([illegible]), IMCO Recycling of Illinois Inc. ([illegible]), IMCO Recycling of Indiana Inc. ([illegible]), IMCO Recycling of Michigan L.L.C. ([illegible]), IMCO Recycling of Ohio, Inc. ([illegible]), IMCO Recycling of Utah Inc. ([illegible]), IMCO Recycling Services Company ([illegible]), IMSAMET, Inc. ([illegible]), Rock Creek Aluminum, Inc. ([illegible]), Silver Fox Holding Company ([illegible]), Wabash Alloys, L.L.C. ([illegible]).

RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899

International, Inc. and Its Affiliated Debtors, as Modified, dated March 19, 2010 [Docket No. [illegible]] (as may be amended or further modified, the "Plan"). The Plan is attached to the Disclosure Statement as Exhibit "A". The affiliated debtors of Aleris International, Inc. are listed below (with Aleris International, Inc., each a "Debtor" and collectively, the "Debtors").

Confirmation Hearing. On Thursday May 13, 2010 at 9:30 a.m. (Eastern Daylight Time) the Honorable Brendan L. Shannon will conduct a hearing (the "Confirmation Hearing") to consider confirmation of the Plan at the United States Bankruptcy Court for the District of Delaware, 6th Floor Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties other than by filing such modifications with the Court prior to the Confirmation Hearing or announcing any such modifications at the Confirmation Hearing.

Objection Deadline. The deadline to object to confirmation of the Plan is Thursday, April 29, 2010 at 4:00 p.m. (Eastern Daylight Time). All objections must be filed with the Court and served upon the appropriate notice parties in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. A list of the "Notice Parties" is included in Exhibit "D" to the Disclosure Statement.

Voting Deadline. Votes to accept or reject the Plan must be actually received by the Debtors' voting agent by Thursday, April 29, 2010 at 5:00 p.m. (Pacific Daylight Time) (the "Voting Deadline"). Before voting, please carefully review the voting procedures for the Plan (the "Voting Procedures"), which are attached to the Disclosure Statement as Exhibit "B".

Copies of Documents. A copy of the Disclosure Statement may be downloaded from: http://www.kccllc.net/aleris or may be obtained by a written request to Aleris Claims Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

The affiliated debtors of Aleris International, Inc. ([illegible]) and the last four digits of their federal tax identification numbers are as follows: Alchem Aluminum Shelbyville Inc. ([illegible]), Alchem Aluminum, Inc. ([illegible]), Aleris Aluminum Europe, Inc. ([illegible]), Aleris Aluminum U.S. Sales Inc. ([illegible]), Aleris Blanking and Rim Products, Inc. ([illegible]), Aleris Deutschland Holding GmbH ([illegible]), Aleris Light Gauge Products, Inc. ([illegible]), Aleris Nevada Management, Inc. ([illegible]), Aleris Ohio Management, Inc. ([illegible]), Aleris, Inc. ([illegible]), Aleris Holdings, Inc. ([illegible]), Aleris Metals Corporation ([illegible]), Alumitech of Cleveland, Inc. ([illegible]), Alumitech of Wabash, Inc. ([illegible]), Alumitech of West Virginia, Inc. ([illegible]), Alumitech, Inc. ([illegible]), AWT Properties, Inc. ([illegible]), CA Lewisport, LLC ([illegible]), CI Holdings, LLC ([illegible]), Commonwealth Aluminum Concast, Inc. ([illegible]), Commonwealth Aluminum Lewisport, LLC ([illegible]), Commonwealth Aluminum Metals, LLC ([illegible]), Commonwealth Aluminum Sales Corporation ([illegible]), Commonwealth Aluminum Tube Enterprises, LLC ([illegible]), Commonwealth Aluminum, LLC ([illegible]), Commonwealth Industries, Inc. ([illegible]), ETS Schaefer Corporation ([illegible]), IMCO Indiana Partnership L.P. ([illegible]), IMCO International, Inc. ([illegible]), IMCO Investment Company ([illegible]), IMCO Management Partnership, L.P. ([illegible]), IMCO Recycling of California, Inc. ([illegible]), IMCO Recycling of Idaho Inc. ([illegible]), IMCO Recycling of Illinois Inc. ([illegible]), IMCO Recycling of Indiana Inc. ([illegible]), IMCO Recycling of Michigan L.L.C. ([illegible]), IMCO Recycling of Ohio, Inc. ([illegible]), IMCO Recycling of Utah Inc. ([illegible]), IMCO Recycling Services Company ([illegible]), IMSAMET, Inc. ([illegible]), Rock Creek Aluminum, Inc. ([illegible]), Silver Fox Holding Company ([illegible]), Wabash Alloys, L.L.C. ([illegible]).

RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION

Legal [illegible]
March 31, 2010

# *SHELBYVILLE*
# TIMES-GAZETTE

Date  3-30-10

TO WHOM IT MAY CONCERN:

This is to certify that there appeared in the Shelbyville Times-Gazette, a newspaper of
general circulation published in Shelbyville, Bedford County, Tennessee, on dates:

Legal Notice/Display Ad for Aleris International
Ran on Tuesday March 30, 2010

A publication entitled:

Shelbyville Times-Gazette

Copy was identical in all issues, and a copy of the page carrying said publications is
attached herewith.

Signed:  *Hugh Jones*

Title:  *Publisher*

Personally appeared before me, the above representative of this newspaper, with whom I
am well acquainted, who states that the above statement is true.

Marsha M. Adderss, Notary Public

My commission expires 12/14/2010

323 East Depot Street, PO Box 380, Shelbyville, TN 37162
931-684-1200 • Fax 931-684-3228 • www.t-g.com

In re ) Chapter 11
ALERIS INTERNATIONAL, INC., *et al.*, ) Case No. 09-10478
Debtors. ) (Jointly Administered)

**NOTICE OF DEADLINE TO FILE CERTAIN REQUESTS
FOR PAYMENT OF ADMINISTRATIVE EXPENSES**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE FOLLOWING ENTITIES** (each a "*U.S. Debtor*," and collectively, the "*U.S. Debtors*"):

Aleris International, Inc.; Alchem Aluminum Shelbyville Inc.; Aleris Aluminum Europe, Inc.; Aleris Aluminum U.S. Sales Inc.; Aleris Blanking and Rim Products, Inc.; Aleris Light Gauge Products, Inc.; Aleris Nevada Management, Inc.; Aleris Ohio Management, Inc.; Alsco Holdings, Inc.; Alsco Met-of West Virginia, Inc.; Alumitech, Inc.; AWT Properties, Inc.; CA Lewisport, LLC; CI Holdings, LLC; Commonwealth Aluminum Concast, Inc.; Commonwealth Aluminum Lewisport, LLC; Commonwealth Aluminum Metals, LLC; Commonwealth Aluminum Sales Corporation; Commonwealth Aluminum Tube Enterprises, LLC; Commonwealth Aluminum, LLC; Commonwealth Industries, Inc.; ETS Schaefer Corporation; IMCO Indiana Partnership L.P.; IMCO International, Inc.; IMCO Investment Company; IMCO Management Partnership, L.P.; IMCO Recycling of California, Inc.; IMCO Recycling of Idaho Inc.; IMCO Recycling of Illinois Inc.; IMCO Recycling of Indiana Inc.; IMCO Recycling of Michigan L.L.C.; IMCO Recycling of Ohio Inc.; IMCO Recycling of Utah Inc.; IMCO Recycling Services Company; IMSAMET, Inc.; Rock Creek Aluminum, Inc.; Silver Fox Holding Company; Wabash Alloys, L.L.C.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On February 12, 2009, each of the U.S. Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

On March 12, 2010, the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") entered an order requiring all persons and entities that assert certain types of administrative expenses arising under section 503(b)(1) of the Bankruptcy Code ("*Administrative Expenses*") against any of the U.S. Debtors to file a proof of Administrative Expense by 5:00 p.m. (New York City Time) on Thursday May 20, 2010 (the "*Administrative Expense Bar Date*").

1. **WHO MUST FILE AN ADMINISTRATIVE EXPENSE CLAIM.** *Only certain holders of Administrative Expense claims must file a proof of Administrative Expense claim.* If you believe you have a claim against any of the U.S. Debtors that (i) arose after February 12, 2009, (ii) qualifies as an administrative expense under section 503(b)(1) of the Bankruptcy Code, *and* (iii) falls within any of the six categories described below, no matter how remote or contingent, you must file a request for payment on account of such Administrative Expense on or *before the Administrative Expense Bar Date:*

A. Any Administrative Expense representing personal injury, property damage, or other tort claims against any of the U.S. Debtors;

B. Any Administrative Expense for breach of an obligation – contractual, statutory or otherwise – by any of the U.S. Debtors, including any environmental liability (but other than any environmental liability with respect to property that is currently owned or operated by any of the U.S. Debtors);

C. Any Administrative Expense for amounts incurred by any of the U.S. Debtors after February 12, 2009 in the ordinary course of such U.S. Debtor's business if payment of such amounts is alleged to be overdue by at least 60 days;

D. Any Administrative Expense incurred by any of the U.S. Debtors outside the ordinary course of its business or on other than ordinary business terms, except to the extent the incurrence of such Administrative Expense claim was approved by the Bankruptcy Court (*e.g.*, the DIP ABL Claim, the New Money Term DIP Claims and the U.S. Roll-Up Term Loan Claims) or represents fees and expenses of professionals arising under sections 330, 331, or 503(b)(2)-(5) of the Bankruptcy Code;

E. Any Administrative Expense that would not ordinarily be reflected as a payable on the U.S. Debtors' books and records or as a liability on the U.S. Debtors' financial statements; or

F. Any Administrative Expense representing an employee claim against any of the U.S. Debtors, *other than* (i) a claim for wages, benefits, pension or retirement benefits or expense reimbursement by an employee who is employed by such U.S. Debtor as of the Administrative Expense Bar Date or (ii) a grievance claim under any collective bargaining agreement to which such U.S. Debtor is a party.

Claims of the type specified in A – F above are referred to in this Notice as "*Specified Administrative Expense Claims.*" If you hold a Specified Administrative Expense any of the U.S. Debtors on or before **March 12, 2010**, *and* you have asserted in that action that the U.S. Debtor's liability is predicated upon the operation of the U.S. Debtor's business after February 12, 2009 or otherwise have alleged that such liability should be accorded administrative expense status, then you are *not* required to file a proof of Specified Administrative Expense against such U.S. Debtor. *This is the only exception to the requirement that holders of Specified Administrative Expense Claims file a proof of such Specified Administrative Expense by the Administrative Expense Bar Date.*

*If you assert a claim under section 503(b)(9) of the Bankruptcy Code, the deadline for filing any such claim against the U.S. Debtors has passed, and the time has not been extended as a result of the Court's setting of an Administrative Expense Bar Date.*

2. **WHEN AND WHERE TO FILE.** All Specified Administrative Expenses must be filed so as to be received no later than **5:00 P.M. (New York City Time), on or before Thursday, May 20, 2010** at the following address: **By Hand Delivery or By Mail:** Aleris Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

Kurtzman Carson Consultants LLC ("*KCC*") will *not* accept proofs of Specified Administrative Expense by facsimile or any electronic means.

3. **WHAT TO FILE.** Each Specified Administrative Expense must conform substantially to the claim form that has been approved by the Bankruptcy Court. Such claim form may be obtained on the website established by the U.S. Debtors in connection with their chapter 11 cases, www.kccllc.net/aleris, or by contacting KCC at 866-381-9100. Such claim must be written in English, and any amounts claimed therein must be converted to United States dollars.

Any creditor who is required, but fails, to file a request for payment of a Specified Administrative Expense by 5:00 p.m. (New York City Time) on or before **Thursday May 20, 2010** (the *Administrative Expense Bar Date*) will be forever barred, estopped, and enjoined from asserting such Specified Administrative Expense against any of the U.S. Debtors, their respective estates, or any successors to the U.S. Debtors (including any reorganized U.S. Debtors), and the U.S. Debtors will be forever discharged from any and all indebtedness or liability with respect to such Specified Administrative Expense.

RICHARDS, LAYTON & FINGER, P.A.          WEIL, GOTSHAL & MANGES LLP
One Rodney Square                        767 Fifth Avenue
P.O. Box 551                             New York, New York 10153
Wilmington, Delaware 18899

ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION

---

In re ) Chapter 11
ALERIS INTERNATIONAL, ) Case No. 09-10478
INC., *et al.*, ) (Jointly
Debtors. ) Administered)

**NOTICE OF CONFIRMATION HEARING,
OBJECTION DEADLINE, AND VOTING
DEADLINE REGARDING THE DEBTORS'
FIRST AMENDED PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Approval of the Disclosure Statement.** On March 15, 2010, the United States Bankruptcy Court for the District of Delaware approved the proposed disclosure statement (the "*Disclosure Statement*") for the *First Amended Plan of Reorganization of Aleris International, Inc. and Its Affiliated Debtors, as Modified*, dated March 19, 2010 [Docket No. 1684] (as may be amended or further modified, the "*Plan*"). The Plan is attached to the Disclosure Statement as Exhibit "A." The affiliated debtors of Aleris International, Inc. are listed below (with Aleris International, Inc., each a "*Debtor*" and collectively, the "*Debtors*").

**Confirmation Hearing.** On **Thursday May 13, 2010 at 9:30 a.m. (Eastern Daylight Time)**, the Honorable Judge Brendan L. Shannon will conduct a hearing (the "*Confirmation Hearing*") to consider confirmation of the Plan at the **United States Bankruptcy Court for the District of Delaware, 6th Floor Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801.** The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties other than by filing such modifications with the Court prior to the Confirmation Hearing or announcing any such modifications at the Confirmation Hearing.

**Objection Deadline.** The deadline to object to confirmation of the Plan is **Thursday April 29, 2010 at 4:00 p.m. (Eastern Daylight Time)**. All objections must be filed with the Court and served upon the appropriate notice parties in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. A list of the "Notice Parties" is included in Exhibit "B" to the Disclosure Statement.

**Voting Deadline.** Votes to accept or reject the Plan must be *actually received* by the Debtors' voting agent by **Thursday April 29, 2010 at 5:00 p.m. (Pacific Daylight Time)** (the "*Voting Deadline*"). Before voting, please carefully review the voting procedures for the Plan (the "*Voting Procedures*"), which are attached to the Disclosure Statement as Exhibit "D."

**Copies of Documents.** A copy of the Disclosure Statement may be downloaded from http://www.kccllc.com/aleris or may be obtained by a written request to Aleris Claims Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo CA 90245.

The affiliated debtors of Aleris International, Inc. (8280) and the last four digits of their federal tax identification numbers are as follows:

Alchem Aluminum Shelbyville Inc. (8122); Alchem Aluminum, Inc. (5207); Aleris Aluminum Europe, Inc. (0921); Aleris Aluminum U.S. Sales Inc. (9536); Aleris Blanking and Rim Products, Inc. (7340); Aleris Deutschland Holding GmbH (3721); Aleris Light Gauge Products, Inc. (7311); Aleris Nevada Management, Inc. (2955); Aleris Ohio Management, Inc. (0637); Aleris, Inc. (6630); Alsco Holdings, Inc. (5535); Alsco Metals Corporation (7792); Alumitech of Cleveland, Inc. (1568); Alumitech of Wabash, Inc. (4425); Alumitech of West Virginia, Inc. (2237); Alumitech, Inc. (9351); AWT Properties, Inc. (5332); CA Lewisport, LLC (6561); CI Holdings, LLC (0484); Commonwealth Aluminum Concast, Inc. (7844); Commonwealth Aluminum Lewisport, LLC (7736); Commonwealth Aluminum Metals, LLC (8491); Commonwealth Aluminum Sales Corporation (8512); Commonwealth Aluminum Tube Enterprises, LLC (7895); Commonwealth Aluminum, LLC (5039); Commonwealth Industries, Inc. (5741); ETS Schaefer Corporation (9350); IMCO Indiana Partnership L.P. (3840); IMCO International, Inc. (8362); IMCO Investment Company (5738); IMCO Management Partnership, L.P. (2738); IMCO Recycling of California, Inc. (0255); IMCO Recycling of Idaho Inc. (8990); IMCO Recycling of Illinois Inc. (7227); IMCO Recycling of Indiana Inc. (4357); IMCO Recycling of Michigan L.L.C. (5772); IMCO Recycling of Ohio Inc. (1405); IMCO Recycling of Utah Inc. (2330); IMCO Recycling Services Company (0589); IMSAMET, Inc. (7929); Rock Creek Aluminum, Inc. (3607); Silver Fox Holding Company (1188); Wabash Alloys, L.L.C. (0708)

RICHARDS, LAYTON &          WEIL, GOTSHAL &
FINGER, P.A.                MANGES LLP
One Rodney Square           767 Fifth Avenue
P.O. Box 551                New York, New York
Wilmington, Delaware 18899   10153

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION

# PROOF OF PUBLICATION

State of Indiana,

Tipton County, ss:

 Personally appeared before me,

_____Robert Nash_____ of
The Elwood Publishing Co., Publish-
ers of the Tipton Tribune, a daily news-
paper of general circulation, published
in Tipton, Tipton County, Indiana, who,
being duly sworn upon his oath, says
that the notice of which the attached
is a true copy, was duly published in
said

newspaper for ____1____ successive
weeks.

The first _March 30, 2010_____

The last _____

 Subscribed and sworn to before me

this __31__ day of __March 2010__

Jane B. Miller                Notary Public
Madison County, Indiana
My Commission expires _____
                        1-29-2016

In re } Chapter 11
ALERIS INTERNATIONAL, INC., *et al.*, } Case No. 09-10478
Debtors. } (Jointly Administered)

## NOTICE OF DEADLINE TO FILE CERTAIN REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSES

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE FOLLOWING ENTITIES** (each a "*U.S. Debtor*," and collectively, the "*U.S. Debtors*"): Aleris International, Inc.; Alchem Aluminum Shelbyville Inc.; Alchem Aluminum, Inc.; Aleris Aluminum Europe, Inc.; Aleris Blanking and Rim Products, Inc.; Aleris Aluminum U.S. Sales Inc.; Aleris Ohio Management, Inc.; Aleris Light Gauge Products, Inc.; Aleris Nevada Management, Inc.; Aleris Deutschland Holding GmbH; Aleris, Inc.; Alsco Holdings, Inc.; Alsco Metals Corporation; Alumitech of Cleveland, Inc.; Alumitech of Wabash, Inc.; Alumitech of West Virginia, Inc.; Alumitech, Inc.; AWT Properties, Inc.; CA Lewisport, LLC; CI Holdings, LLC; Commonwealth Aluminum Concast, Inc.; Commonwealth Aluminum Lewisport, LLC; Commonwealth Aluminum Metals, LLC; Commonwealth Aluminum Sales Corporation; Commonwealth Aluminum Tube Enterprises, LLC; Commonwealth Aluminum, LLC; Commonwealth Industries, Inc.; ETS Schaefer Corporation; IMCO Indiana Partnership, L.P.; IMCO International, Inc.; IMCO Investment Company; IMCO Management Partnership, L.P.; IMCO Recycling of California, Inc.; IMCO Recycling of Idaho Inc.; IMCO Recycling of Illinois Inc.; IMCO Recycling of Indiana Inc.; IMCO Recycling of Michigan L.L.C.; IMCO Recycling of Ohio Inc.; IMCO Recycling of Utah Inc.; IMCO Recycling Services Company; IMSAMET, Inc.; Rock Creek Aluminum, Inc.; Silver Fox Holding Company; Wabash Alloys, L.L.C.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On February 12, 2009, each of the U.S. Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

On March 12, 2010, the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") entered an order requiring all persons and entities that assert certain types of administrative expense arising under section 503(b)(1) of the Bankruptcy Code ("*Administrative Expense*") against any of the U.S. Debtors to file a proof of Administrative Expense by 5:00 p.m. (New York City Time) on Thursday May 20, 2010 (the "*Administrative Expense Bar Date*").

1. **WHO MUST FILE AN ADMINISTRATIVE EXPENSE CLAIM.** *Only certain holders of Administrative Expense claims must file a proof of Administrative Expense claim.* If you believe you have a claim against any of the U.S. Debtors that (i) arose after February 12, 2009, (ii) qualifies as an administrative expense under section 503(b)(1) of the Bankruptcy Code, and (iii) falls within any of the six categories described below, no matter how remote or contingent, you must file a request for payment on account of such Administrative Expense on or before the Administrative Expense Bar Date:

A. Any Administrative Expense representing personal injury, property damage, or other tort claims against any of the U.S. Debtors;

B. Any Administrative Expense for breach of an obligation — contractual, statutory or otherwise — by any of the U.S. Debtors, including any environmental liability (but other than any environmental liability with respect to property that is currently owned or operated by any of the U.S. Debtors);

C. Any Administrative Expense for amounts incurred by any of the U.S. Debtors after February 12, 2009 in the ordinary course of such U.S. Debtor's business if payment of such amounts is alleged to be overdue by at least 60 days;

D. Any Administrative Expense incurred by any of the U.S. Debtors outside the ordinary course of its business or on other than ordinary business terms, except to the extent the incurrence of such Administrative Expense claim was approved by the Bankruptcy Court (*e.g.*, the DIP ABL Claim, the New Money Term DIP Claims and the U.S. Roll-Up Term Loan Claims) or represents fees and expenses of professionals arising under sections 330, 331, or 503(b)(2)-(5) of the Bankruptcy Code;

E. Any Administrative Expense that would not ordinarily be reflected as a payable on the U.S. Debtors' books and records or as a liability on the U.S. Debtors' financial statements; or

F. Any Administrative Expense representing an employee claim against any of the U.S. Debtors for a claim (i) arising out of such U.S. Debtor's wages, benefits, pension or expense reimbursement, other than (i) a claim for wages, benefits, pension or other Administrative Expense Bar Date; (ii) a grievance claim under any collective bargaining agreement to which such U.S. Debtor is a party.

Claims of the type specified in A-F above are referred to in this Notice as "*Specified Administrative Expense Claims.*" If you hold a Specified Administrative Expense Claim, *and* you have asserted the claim in an action commenced against and served on any of the U.S. Debtors on or before March 12, 2010, *and* you have asserted in that action that the U.S. Debtor's liability is predicated upon the operation of the U.S. Debtor's business after February 12, 2009 or otherwise have alleged that such liability should be accorded administrative expense status, then you are *not* required to file a proof of Specified Administrative Expense against such U.S. Debtor. *This is the only exception to the requirement that holders of Specified Administrative Expense Claims file a proof of such Specified Administrative Expense Claims by the Administrative Expense Bar Date.*

*If you assert a claim under section 503(b)(9) of the Bankruptcy Code, the deadline for filing any such claim against the U.S. Debtors has passed, and the time has not been extended as a result of the Court's setting of an Administrative Expense Bar Date.*

2. **WHEN AND WHERE TO FILE.** All Specified Administrative Expenses must be filed so as to be received no later than 5:00 P.M. (New York City Time), on or before Thursday, May 20, 2010 at the following address: By Hand Delivery or By Mail: Aleris Claims Processing, c/o Kurtzman Carson Consultants LLC ("KCC") will *not* accept proofs of Specified Administrative Expenses by facsimile or any electronic means.

3. **WHAT TO FILE.** Each Specified Administrative Expense must conform substantially to the claim form that has been approved by the Bankruptcy Court. Such claim form may be obtained on the website established by the U.S. Debtors in connection with their chapter 11 cases, http://www.kccllc.net/aleris, or by contacting KCC at 866-381-9100. Such claim must be written in English, and any amounts claimed therein must be converted to United States dollars.

Any creditor who is required, but fails, to file a request for payment of a Specified Administrative Expense by 5:00 p.m. (New York City Time) on or before Thursday May 20, 2010 (the Administrative Expense Bar Date) will be forever barred, estopped, and enjoined from asserting such Specified Administrative Expense against any of the U.S. Debtors, their respective estates, or any successors to the U.S. Debtors (including any reorganized U.S. Debtors), and the U.S. Debtors will be forever discharged from any and all indebtedness or liability with respect to such Specified Administrative Expense.

RICHARDS, LAYTON & FINGER, P.A.          WEIL, GOTSHAL & MANGES LLP
One Rodney Square                                    767 Fifth Avenue
P.O. Box 551                                             New York, New York 10153
Wilmington, Delaware 18899

ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION

---

In re } Chapter 11
ALERIS INTERNATIONAL, INC., } Case No. 09-10478
*et al.*, } (Jointly Administered)

## NOTICE OF CONFIRMATION HEARING, OBJECTION DEADLINE, AND VOTING DEADLINE REGARDING THE DEBTORS' FIRST AMENDED PLAN

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Approval of the Disclosure Statement.** On March 15, 2010, the United States Bankruptcy Court for the District of Delaware approved the proposed disclosure statement (the "*Disclosure Statement*") for the *First Amended Plan of Reorganization of Aleris International, Inc. and Its Affiliated Debtors, as Modified* dated March 19, 2010 [Docket No. 1684] (as may be amended or further modified, the "*Plan*"). The Plan is attached to the Disclosure Statement as Exhibit "A." The affiliated debtors of Aleris International, Inc. are listed below (with Aleris International, Inc., each a "*Debtor*" and collectively, the "*Debtors*").

**Confirmation Hearing.** On Thursday May 13, 2010 at 9:30 a.m. (Eastern Daylight Time), the Honorable Judge Brendan L. Shannon will conduct a hearing (the "*Confirmation Hearing*") to consider confirmation of the Plan at the United States Bankruptcy Court for the District of Delaware, 6th Floor Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties other than by filing such modifications with the Court prior to the Confirmation Hearing or announcing any such modifications at the Confirmation Hearing.

**Objection Deadline.** The deadline to object to confirmation of the Plan is Thursday April 29, 2010 at 4:00 p.m. (Eastern Daylight Time.) All objections must be filed with the Court and served upon the appropriate notice parties in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. A list of the "Notice Parties" is included in Exhibit "B" to the Disclosure Statement.

**Voting Deadline.** Votes to accept or reject the Plan must be *actually received* by the Debtors' voting agent by Thursday April 29, 2010 at 5:00 p.m. (Pacific Daylight Time) (the "*Voting Deadline*"). Before voting, please carefully review the voting procedures for the Plan (the "*Voting Procedures*"), which are attached to the Disclosure Statement as Exhibit "D."

**Copies of Documents.** A copy of the Disclosure Statement may be downloaded from http://www.kccllc.com/aleris or may be obtained by a written request to Aleris Claims Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo CA 90245.

The affiliated debtors of Aleris International, Inc. (8280) and the last four digits of their federal tax identification numbers are as follows:

Alchem Aluminum Shelbyville Inc. (8122); Alchem Aluminum, Inc. (5207); Aleris Aluminum Europe, Inc. (0921); Aleris Aluminum U.S. Sales Inc. (9536); Aleris Blanking and Rim Products, Inc. (7340); Aleris Deutschland Holding GmbH (2017); Aleris Light Gauge Products, Inc. (7311); Aleris Nevada Management, Inc. (0637); Aleris, Inc. (2955); Aleris Ohio Management, Inc. (5535); Alsco Metals Corporation (6630); Alsco Holdings, Inc. (7792); Alumitech of Cleveland, Inc. (1568); Alumitech of Wabash, Inc. (4425); Alumitech of West Virginia, Inc. (3237); Alumitech, Inc. (9351); AWT Properties, Inc. (5332); CA Lewisport, LLC (6561); CI Holdings, LLC (9484); Commonwealth Aluminum Concast, Inc. (7844); Commonwealth Aluminum Lewisport, LLC (7736); Commonwealth Aluminum Metals, LLC (8491); Commonwealth Aluminum Sales Corporation (8512); Commonwealth Aluminum Tube Enterprises, LLC (7895); Commonwealth Aluminum, LLC (5039); Commonwealth Industries, Inc. (5741); ETS Schaefer Corporation (9150); IMCO Indiana Partnership, L.P. (3840); IMCO International, Inc. (8362); IMCO Investment Company (9718); IMCO Management Partnership, L.P. (2738); IMCO Recycling of California, Inc. (0255); IMCO Recycling of Idaho Inc. (8990); IMCO Recycling of Illinois Inc. (7227); IMCO Recycling of Indiana Inc. (4357); IMCO Recycling of Michigan L.L.C. (5772); IMCO Recycling of Ohio Inc. (1463); IMCO Recycling of Utah Inc. (2330); IMCO Recycling Services Company (0589); IMSAMET, Inc. (7929); Rock Creek Aluminum, Inc. (3607); Silver Fox Holding Company (1188); Wabash Alloys, L.L.C. (0708)

RICHARDS, LAYTON          WEIL, GOTSHAL
& FINGER, P.A.              & MANGES LLP
One Rodney Square          767 Fifth Avenue
P.O. Box 551               New York, New York 10153
Wilmington, Delaware 18899

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION

# TULSA WORLD

WORLD  PUBLISHING  COMPANY
P.O. Box 1770                     Tulsa, Oklahoma 74102-1770

Ad number: 7252611

MILLER ADVERTISING AGENCY
ATTN: BESSIE NICOLAS
71 FIFTH AVENUE 7TH FLOOR
NEW YORK NY, 10003

## PROOF OF PUBLICATION

TITLE _____ MILLER ADVERTISING AGENCY

_____

STATE OF OKLAHOMA, }
COUNTY OF TULSA,      } SS.

AFFIDAVIT:

I, _DONNA JARBOE_____, of lawful age, being duly sworn, upon the oath
CLERK of TULSA WORLD, a daily newspaper printed in the City of Tulsa, County of Tulsa
paid general circulation therein, printed in the English language, and that the notice by public
here to attached, was published in said newspaper for

1 day(s), the first publication being on the 30th day of March, 2010 and

the last day of publication being on the 30th day of March, 2010,

and that said newspaper has been continuously and uninterruptedly published in said county
Hundred and Four (104) weeks consecutively, prior to the first publication of said notice, or a
one, Chapter four, Title 25 Oklahoma Session Laws, 1943, as amended by House Bill No. 495
and complies with all of the prescriptions and requirements of the laws of Oklahoma. (The ad
true and printed copy. Said notice was published in all editions of said newspaper and not in a

=======================================================================

The advertisement above referred to, a true and printed copy of which is hereto attached, was
on the following dates, to-wit:     3/30/10

=======================================================================

Said notice was published in the regular edition of said newspaper and not in a supplement the

_Donna Jarboe_

Subscribed and sworn to before me this _30_ day of _March_, A.D., 20_10_

My commission expires _10/21/13_                _Donna S Fennick_
                                                  Notary Public




**Fencing**

Privacy fence, gate repairs Lt. elect. Lt. plumbing Bid all work. Do now, pay later! Finance all work & parts. 355-6188  MC/Visa/DC

UNLTD remodeling, counter tops & e est. SR. Is Insured! J 857-0503

PREMIER FENCE & DECK CO. Will Beat Any Price. Call For Est & Repair 918-706-0204

RETE Work Replace. No noll. 955-8319

S&C Home Repairs, Carpentry, Plumbing, Painting, Electrical. 25 yrs. exp., Refs. 918-266-3379, 918-812-1344

TULSA-FENCE LOW PRICE Guarantee New/Repair, Free Quotes All Types & Styles Senior Discounts,  346-7495

ROCK E. All types, rm. L.C.F. & highwalls. . 918-230-4981

HOME  TRENDS RE-MODELING, inside & out, fences, decks & more. Free est. Call Ronnie 918-508-6292

**Fishing/Hunting**

FISHING  TRIP, spoon-bill snagging,  Neosho river, $50 per person, 6 people total, group or individual. 918-497-9464

ALL HOME REPAIR Doors, windows, kitchens, baths, drywall, painting. Call Mike at 918-850-7749 Free Estimates!!!

nolas, patios, ypes, window nstallation, , 25yrs exp 6, C:230-4192

**Floor Finishing**

WOOD FLOORS Install, Sand & Finish Gyms and Residential Free Estimates Malone  835-8789

**Hauling**

FAST FREE HAULING Anything of value hauled Free! Also, Garage, Attic, trees, brush, trash, etc.  706-2291

ADVANCED FLOORING Refinish, Repair, Install Hardwood floors & Ceramic Tile. Insured, 20 yrs exp. 231-7600

DRYWALL / Residential od, compos-t flat, Dry-y point BBB EPIC(304) doors.com

**Garage Door Repair**

✓THIS

Get your door adjusted for the summer w B & B DOORS 24 Hr. Service. Sr Citizen Discount, 35 Yrs., 695-5226 or 695-3181

** TRASH HAULING** OF ANY KIND Brush, Trash, Garage & house clean outs. Fast w/ low rates.   834-2012

***TRASH HAULING*** Garage Clean-Out, Brush or Anything You Have. 7 Days. Fastest Service. Lowest Rates. No Gim-micks! $20 & Up. 836-0570

NOW  all oir remodel J  patches, hon ble 406-8383

**Garden**

GARDEN TILLING 'Sod, Box blading, brush hogging, flower bed work, trees & shrubs 918-706-9110 free est.

J. & S. HAULING SER VICES. Hauling, ga rage & shed clean outs. Honest & affordable prices. 918-671-1317

ll Services , Tex and ee Est tac.com 32 years exp

!CASH FOR CARS! Will Haul Off Old Veni-cles, Truckers, Appli-ances, Scrap Metal. Call : 918-521-8727

Ceilings rs exp, in-airs & tex-Estimates! 918-960-8855

GARDENS TILLED, Plowed, Brushhogged, Box Blade & Front  Loader work. 918-428-7099 or 519-5203

HOARDERS? Call us to clean out your home & garage, or hauling needs. Profes-sional, reliable & insured. 918-851-5527

**Healthcare**

Best Flowers, Shrubs, and Trees & lawncare for your Garden and Yard! Call Today 918-814-7007

PERSON Care Assistant. Private Duty, errands, etc. Rates Reasonable. Call for free estimate. 918-299-9712

ECTRIC ervice & In. Free 747-2667, 03359

**Handyman**

HANDYMAN, insured, references, 30 yrs. of hands on experience. Call Mike 918-850-5547 thetulsahandman.com

**Housecleaning**

The Corners Are As Clean As The Middle of The Floor. Experienced, Refs. Satisfaction Guaranteed. 918-850-8148

HIS

PAINTING, tile, carpen-try, drywall, gen. home repairs & improvements. Free est. MidTown Handyman 852-8309

Our Clients love our exceptional service & reasonable prices. References. Call for free estimate. 918-406-7784

rvice rate services, we install 918-960-8855

HANDYMAN TOM House & Lawn 918-251-6689 681-0134

CLEANING BY MARY I will clean for you! Over 40 years experience! References, Honest & Dependable. 933-4092

ECTRIC No Job rne Day . 222

ABSOLUTE BEST Home Improvements! No brag, just fact! 30 yrs. exp, refs, & insured for your protection. Call John, 527-0786

ULTIMATE HOUSECLEANING Res., Comm, make readies & construction. Limited avail. spots. Call 829-0279

electric, epair & in exp, Lic. quotes.

IMMACULATE House Cleaning 918-378-0811

# TULSA WORLD

## WORLD PUBLISHING COMPANY

P.O. Box 1770

Tulsa, Oklahoma 74102-1770

Published in the Tulsa World, March 30, 2010, Tulsa, OK

Ad number: 7252611

MILLER ADVERTISING A

ATTN: BESSIE NICOLAS

71 FIFTH AVENUE 7TH F

NEW YORK NY, 10003

TITLE _____ MILLER ADVERTISI

STATE OF OKLAHOMA, }
COUNTY OF TULSA, } SS.

AFFIDAVIT:

I, DONNA JARBOE

CLERK OF TULSA WORLD, a daily news

paid general circulation therein, printed in t

here to attached, was published in said new

1 day(s), the first publication being on th

the last day of publication being on the 3

and that said newspaper has been continuou

Hundred and Four (104) weeks consecutive

one, Chapter four, Title 25 Oklahoma Sessi

and complies with all of the prescriptions an

true and printed copy. Said notice was publ

The advertisement above referred to, a true

on the following dates, to-wit: 3/30/10

Said notice was published in the regular ed

Subscribed and sworn to before me this ___30___ day of ___March___, A.D., 20_10_

My commission expires ___10/21/13___

_Donna L. Pennock_

Notary Public

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re ) Chapter 11
ALERIS INTERNATIONAL, INC., et al., ) Case No. 09-10478
Debtors. ) (Jointly Administered)

**NOTICE OF DEADLINE TO FILE CERTAIN REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSES**

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE FOLLOWING ENTITIES (each a "U.S. Debtor," and collectively, the "U.S. Debtors"):

Aleris International, Inc.; Alchem Aluminum Shelbyville Inc.; Alchem Aluminium, Inc.; Aleris Aluminum Europe, Inc.; Aleris Aluminum U.S. Sales Inc.; Aleris Blanking and Rim Products, Inc.; Aleris Light Gauge Products, Inc.; Aleris Nevada Management, Inc.; Aleris Ohio Management, Inc.; Aleris, Inc.; Alsco Holdings, Inc.; Alsco Metals Corporation; Alumitech of Cleveland, Inc.; Alumitech of Wabash, Inc.; Alumitech of West Virginia, Inc.; Alumitech, Inc.; AWT Properties, Inc.; CA Lewisport, LLC; CI Holdings, LLC; Commonwealth Aluminum Concast, Inc.; Commonwealth Aluminum Lewisport, LLC; Commonwealth Aluminum Metals, LLC; Commonwealth Aluminum Sales Corporation; IMCO Recycling of California, Inc.; IMCO Recycling of Idaho Inc.; IMCO Recycling of Illinois Inc.; IMCO Recycling of Indiana Inc.; IMCO Recycling of Michigan L.L.C.; IMCO Recycling of Ohio Inc.; IMCO Recycling of Utah Inc.; IMCO Recycling Services Company; IMSAMET, Inc.; Rock Creek Aluminum, Inc.; Silver Fox Holding Company; Wabash Alloys, L.L.C.

PLEASE TAKE NOTICE OF THE FOLLOWING:

On February 12, 2009, each of the U.S. Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

On March 12, 2010, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order requiring all persons and entities that assert certain types of administrative expense arising under section 503(b)(1) of the Bankruptcy Code ("Administrative Expense") against any of the U.S. Debtors to file a proof of Administrative Expense by 5:00 p.m. (New York City Time) on Thursday May 20, 2010 (the "Administrative Expense Bar Date").

**1. WHO MUST FILE AN ADMINISTRATIVE EXPENSE CLAIM.** Only certain holders of Administrative Expense claims must file a proof of Administrative Expense claim. If you believe you have a claim against any of the U.S. Debtors that (i) arose after February 12, 2009, (ii) qualifies as an administrative expense under section 503(b)(1) of the Bankruptcy Code, and (iii) falls within any of the six categories described below, no matter how remote or contingent, you must file a request for payment on account of such Administrative Expense on or before the Administrative Expense Bar Date:

A. Any Administrative Expense representing personal injury, property damage, or other tort claims against any of the U.S. Debtors;

B. Any Administrative Expense for breach of an obligation – contractual, statutory or otherwise – by any of the U.S. Debtors, including any environmental liability (but other than any environmental liability with respect to property that is currently owned or operated by any of the U.S. Debtors);

C. Any Administrative Expense for amounts incurred by any of the U.S. Debtors after February 12, 2009 in the ordinary course of such U.S. Debtor's business if payment of such amounts is alleged to be overdue by at least 60 days;

D. Any Administrative Expense that would be reflected as a payable on the U.S. Debtors' books and records or as a liability on the U.S. Debtors' financial statements;

E. Any Administrative Expense representing any of the U.S. Debtors outside the ordinary course of its business or on other than ordinary business terms, except to the extent the incurrence of such Administrative Expense claim was approved by the Bankruptcy Court (e.g., the DIP ABL Claim, the New Money Term DIP Claims and the U.S. Roll-Up Term Loan Claims) or represents fees and expenses of professionals arising under sections 330, 331, or 503(b)(2)-(5) of the Bankruptcy Code;

F. Any Administrative Expense representing an employee claim against any of the U.S. Debtors, other than (i) a claim for wages, benefits, pension or retirement benefits or expense reimbursement by an employee who is employed by such U.S. Debtor as of the Administrative Expense Bar Date or (ii) a grievance claim under any collective bargaining agreement to which such U.S. Debtor is a party.

- Claims of the type specified in A – F above are referred to in this Notice as "Specified Administrative Expense Claims." If you hold a Specified Administrative Expense Claim, and you have asserted the claim in an action commenced against and served on any of the U.S. Debtors on or before March 12, 2010, and you have asserted in that action that the U.S. Debtor's liability is predicated upon the operation of the U.S. Debtor's business after February 12, 2009 or otherwise have alleged that such liability should be accorded administrative expense status, then you are not required to file a proof of Specified Administrative Expense against such U.S. Debtor. This is the only exception to the requirement that holders of Specified Administrative Expense Claims file a proof of such Specified Administrative Expense Claims by the Administrative Expense Bar Date.

If you assert a claim under section 503(b)(9) of the Bankruptcy Code, the deadline for filing any such claim against the U.S. Debtors has passed, and the time has not been extended as a result of the Court's entering of an Administrative Expense Bar Date.

**2. WHEN AND WHERE TO FILE.** All Specified Administrative Expenses must be filed so as to be received no later than 5:00 P.M. (New York City Time), on or before Thursday, May 20, 2010 at the following address: By Hand Delivery or By Mail: Aleris Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

Kurtzman Carson Consultants LLC ("KCC") will not accept proofs of Specified Administrative Expenses by facsimile or any electronic means.

**3. WHAT TO FILE.** Each Specified Administrative Expense must conform substantially to the claim form that has been approved by the Bankruptcy Court. Such claim form may be obtained on the website established by the U.S. Debtors in connection with their chapter 11 cases, www.kccllc.net/aleris, or by contacting KCC at 866-381-9100. Such claim must be written in English, and any amounts claimed therein must be converted to United States dollars.

Any creditor who is required, but fails, to file a request for payment of a Specified Administrative Expense by 5:00 p.m. (New York City Time) on or before Thursday, May 20, 2010 (the Administrative Expense Bar Date) will be forever barred, estopped, and enjoined from asserting such Specified Administrative Expense against any of the U.S. Debtors, their respective estates, or any successors to the U.S. Debtors (including any reorganized U.S. Debtors), and the U.S. Debtors will be forever discharged from any and all indebtedness or liability with respect to such Specified Administrative Expense.

RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 18899

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

**ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**

---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re ) Chapter 11
ALERIS INTERNATIONAL, ) Case No. 09-10478
INC., et al., ) (Jointly
Debtors. ) Administered)

**NOTICE OF CONFIRMATION HEARING, OBJECTION DEADLINE, AND VOTING DEADLINE REGARDING THE DEBTORS' FIRST AMENDED PLAN**

PLEASE TAKE NOTICE OF THE FOLLOWING:

Approval of the Disclosure Statement. On March 15, 2010, the United States Bankruptcy Court for the District of Delaware approved the proposed disclosure statement (the "Disclosure Statement") for the First Amended Plan of Reorganization of Aleris International, Inc. and Its Affiliated Debtors, as Modified, dated March 19, 2010 (Docket No. 1684) (as may be amended or further modified, the "Plan"). The Plan is attached to the Disclosure Statement as Exhibit "A." The affiliated debtors of Aleris International, Inc. are listed below (with Aleris International, Inc., each a "Debtor" and collectively, the "Debtors").

Confirmation Hearing. On Thursday May 13, 2010 at 9:30 a.m. (Eastern Daylight Time), the Honorable Judge Brennan L. Shannon will conduct a hearing (the "Confirmation Hearing") to consider confirmation of the Plan at the United States Bankruptcy Court for the District of Delaware, 6th Floor Courtroom #1, 824 North Market Street, Wilmington, Delaware 19881. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties other than by filing such modifications with the Court prior to the Confirmation Hearing or announcing any such modifications at the Confirmation Hearing.

Objection Deadline. The deadline to object to confirmation of the Plan is Thursday April 29, 2010 at 4:00 p.m. (Eastern Daylight Time). All objections must be filed with the Court and served upon the appropriate notice parties in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. A list of the "Notice Parties" is included in Exhibit "B" to the Disclosure Statement.

Voting Deadline. Votes to accept or reject the Plan must be actually received by the Debtors' voting agent by Thursday April 29, 2010 at 5:00 p.m. (Pacific Daylight Time) (the "Voting Deadline"). Before voting, please carefully review the voting procedures for the Plan (the "Voting Procedures"), which are attached to the Disclosure Statement as Exhibit "D."

Copies of Documents. A copy of the Disclosure Statement may be downloaded from http://www.kccllc.com/aleris or may be obtained by a written request to Aleris Claims Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo CA 90245.

The affiliated debtors of Aleris International, Inc. (the 8280) and the last four digits of their federal tax identification numbers are as follows:

Alchem Aluminum Shelbyville Inc. (8122); Alchem Aluminum, Inc. (5207); Aleris Aluminum Europe, Inc. (0921); Aleris Aluminum U.S. Sales Inc. (9536); Aleris Blanking and Rim Products, Inc. (7340); Aleris Deutschland Holding GmbH (3721); Aleris Light Gauge Products, Inc. (7311); Aleris Nevada Management, Inc. (2935); Aleris Ohio Management, Inc. (0637); Aleris, Inc. (6630); Alsco Holdings, Inc. (5535); Alsco Metals Corporation (7793); Alumitech of Cleveland, Inc. (1568); Alumitech of Wabash, Inc. (4425); Alumitech of West Virginia, Inc. (3237); Alumitech, Inc. (9351); AWT Properties, Inc. (5332); CA Lewisport, LLC (6561); CI Holdings, LLC (9484); Commonwealth Aluminum Concast, Inc. (7846); Commonwealth Aluminum Lewisport, LLC (7736); Commonwealth Aluminum Metals, LLC (8491); Commonwealth Aluminum Sales Corporation (8512); Commonwealth Aluminum Tube Enterprises, LLC (7895); Commonwealth Aluminum, LLC (9289); Commonwealth Industries, Inc. (5741); ETS Schaefer Corporation (9350); IMCO Indiana Partnership L.P. (3840); IMCO International, Inc. (8362); IMCO Investment Company (5738); IMCO Management Partnership, L.P. (2738); IMCO Recycling of California, Inc. (2552); IMCO Recycling of Idaho Inc. (8990); IMCO Recycling of Illinois Inc. (7227); IMCO Recycling of Indiana Inc. (4357); IMCO Recycling of Michigan L.L.C. (5772); IMCO Recycling of Ohio Inc. (1405); IMCO Recycling of Utah Inc. (2330); IMCO Recycling Services Company (0589); IMSAMET, Inc. (7929); Rock Creek Aluminum, Inc. (3607); Silver Fox Holding Company (1188); Wabash Alloys, L.L.C. (0708)

RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 18899

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

**ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**



ALERIS INTERNATIONAL, INC.
25825 Science Park Drive
Cleveland, OH 44122-7392

Reference: 2259748

Before the undersigned, a Notary Public of
said County and State duly authorized to
administer oaths, affirmation, etc., personally
appeared, being duly sworn or affirmed,
according to law, doth depose and say that
he/she is a representative of Community
Newspaper Holdings, Inc., a corporation
organized and doing business under the laws
of the State of Ohio, and publishing a
newspaper known as the Star Beacon in the
city of Ashtabula, and that as such he/she is
familiar with the books, records, files and
business of said Corporation and by
reference to the files of said publication that
attached advertisement was inserted.

The following correctly copied from the books
and files of the aforesaid Corporation.

Published on: 3/31
Filed on: April 13, 2010

_____

Name: Rebecca Squatrito
Title: Legal Advertising Clerk

In Testimony Whereof, I have hereunto set my
hand and affix my official seal, the day and year aforesaid:

Notary: _____

CORA SUE WILFONG, Notary Public
My Commission Expires:_____     State of Ohio
My Commission Expires November 25, 2011

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re ) Chapter 11
ALERIS INTERNATIONAL, INC., *et al.,* ) Case No. 09-10478
Debtors. ) (Jointly Administered)

## NOTICE OF DEADLINE TO FILE CERTAIN REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSES

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE FOLLOWING ENTITIES** (each a "*U.S. Debtor*," and collectively, the "*U.S. Debtors*"): Aleris International, Inc.; Alchem Aluminum Shelbyville Inc.; Alchem Aluminum, Inc.; Aleris Aluminum Europe, Inc.; Aleris Aluminum U.S. Sales Inc.; Aleris Blanking and Rim Products, Inc.; Aleris Light Gauge Products, Inc.; Aleris Nevada Management, Inc.; Aleris Ohio Management, Inc.; Aleris, Inc.; Alsco Holdings, Inc.; Alsco Metals Corporation; Alumitech of Cleveland, Inc.; Alumitech of Wabash, Inc.; Alumitech of West Virginia, Inc.; Alumitech, Inc.; AWT Properties, Inc.; CA Lewisport, LLC; CI Holdings, LLC; Commonwealth Aluminum Concast, Inc.; Commonwealth Aluminum Lewisport, LLC; Commonwealth Aluminum Metals, LLC; Commonwealth Aluminum Sales Corporation; Commonwealth Aluminum Tube Enterprises, LLC; Commonwealth Aluminum, LLC; Commonwealth Industries, Inc.; ETS Schaefer Corporation; IMCO Indiana Partnership L.P.; IMCO Investment Company; IMCO Management Partnership, L.P.; IMCO Recycling of California, Inc.; IMCO Recycling of Idaho Inc.; IMCO Recycling of Illinois Inc.; IMCO Recycling of Indiana Inc.; IMCO Recycling of Michigan L.L.C.; IMCO Recycling of Ohio Inc.; IMCO Recycling of Utah Inc.; IMCO Recycling Services Company; IMSAMET, Inc.; Rock Creek Aluminum, Inc.; Silver Fox Holding Company; Wabash Alloys, L.L.C.
**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On February 12, 2009, each of the U.S. Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

On March 12, 2010, the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") entered an order requiring all persons and entities that assert certain types of administrative expense arising under section 503(b)(1) of the Bankruptcy Code ("*Administrative Expense*") against any of the U.S. Debtors to file a proof of Administrative Expense by 5:00 p.m. (New York City Time) on Thursday May 20, 2010 (the "*Administrative Expense Bar Date*").

1. **WHO MUST FILE AN ADMINISTRATIVE EXPENSE CLAIM.** *Only certain holders of Administrative Expense claims must file a proof of Administrative Expense claim.* If you believe you have a claim against any of the U.S. Debtors that (i) arose after February 12, 2009; (ii) qualifies as an administrative expense under section 503(b)(1) of the Bankruptcy Code, *and* (iii) falls within any of the six categories described below, no matter how remote or contingent, you must file a request for payment on account of such Administrative Expense on or before the Administrative Expense Bar Date:

A. Any Administrative Expense representing personal injury, property damage, or other tort claims against any of the U.S. Debtors;

B. Any Administrative Expense for breach of an obligation – contractual, statutory or otherwise – by any of the U.S. Debtors, including any environmental liability (but other than any environmental liability with respect to property that is currently owned or operated by any of the U.S. Debtors);

C. Any Administrative Expense for amounts incurred by any of the U.S. Debtors after February 12, 2009 in the ordinary course of such U.S. Debtor's business if payment of such amounts is alleged to be overdue by at least 60 days;

D. Any Administrative Expense incurred by any of the U.S. Debtors outside the ordinary course of its business or on other than on other than ordinary business terms, except to the extent the incurrence of such Administrative Expense claim was approved by the Bankruptcy Court (*e.g.,* the DIP ABL Claim, the New Money Term DIP Claims and the U.S. Roll-Up Term Loan Claims) or represents fees and expenses of professionals arising under sections 330, 331, or 503(b)(2)-(5) of the Bankruptcy Code;

E. Any Administrative Expense that would not ordinarily be reflected as a payable on the U.S. Debtors' books and records or as a liability on the U.S. Debtors' financial statements; or

F. Any Administrative Expense representing an employee claim against any of the U.S. Debtors, *other than* (i) a claim for wages, benefits, pension or retirement benefits or expense reimbursement by an employee who is employed by such U.S. Debtor as of the Administrative Expense Bar Date or (ii) a grievance claim under any collective bargaining agreement to which such U.S. Debtor is a party.

Claims of the type specified in A – F above are referred to in this Notice as "*Specified Administrative Expense Claims.*" If you hold a Specified Administrative Expense Claim, *and* you have asserted the claim in an action commenced against and served on any of the U.S. Debtors on or before **March 12, 2010,** *and* you have asserted in that action that the U.S. Debtor's liability is predicated upon the operation of the U.S. Debtor's business after February 12, 2009 or otherwise have alleged that such liability should be accorded administrative expense status, then you are *not* required to file a proof of Specified Administrative Expense against such U.S. Debtor. *This is the only exception to the requirement that holders of Specified Administrative Expense Claims file a proof of such Specified Administrative Expense Claims by the Administrative Expense Bar Date.*

*If you assert a claim under section 503(b)(9) of the Bankruptcy Code, the deadline for filing any such claim against the U.S. Debtors has passed, and the time has not been extended as a result of the Court's setting of an Administrative Expense Bar Date.*

2. **WHEN AND WHERE TO FILE.** All Specified Administrative Expenses must be filed so as to be received no later than **5:00 P.M. (New York City Time), on or before Thursday, May 20, 2010** at the following address: **By Hand Delivery or By Mail:** Aleris Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

Kurtzman Carson Consultants LLC ("*KCC*") will *not* accept proofs of Specified Administrative Expense by facsimile or any electronic means.

3. **WHAT TO FILE.** Each Specified Administrative Expense must conform substantially to the claim form that has been approved by the Bankruptcy Court. **Such claim form may be obtained on the website established by the U.S. Debtors in connection with their chapter 11 cases, www.kccllc.net/aleris, or by contacting KCC at 866-381-9100.** Such claim must be written in English, and any amounts claimed therein must be converted to United States dollars.

Any creditor who is required, but fails, to file a request for payment of a Specified Administrative Expense by 5:00 p.m. (New York City Time) on or before Thursday May 20, 2010 (the Administrative Expense Bar Date) will be forever barred, estopped, and enjoined from asserting such Specified Administrative Expense against any of the U.S. Debtors, their respective estates, or any successors to the U.S. Debtors (including any reorganized U.S. Debtors), and the U.S. Debtors will be forever discharged from any and all indebtedness or liability with respect to such Specified Administrative Expense.

RICHARDS, LAYTON & FINGER, P.A.     WEIL, GOTSHAL & MANGES LLP
One Rodney Square     767 Fifth Avenue
P.O. Box 551     New York, New York 10153
Wilmington, Delaware 19899
ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION

---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re ) Chapter 11
ALERIS INTERNATIONAL, ) Case No. 09-10478
INC., *et al.,* ) (Jointly
Debtors. ) Administered)

## NOTICE OF CONFIRMATION HEARING, OBJECTION DEADLINE, AND VOTING DEADLINE REGARDING THE DEBTORS' FIRST AMENDED PLAN

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Approval of the Disclosure Statement.** On March 15, 2010, the United States Bankruptcy Court for the District of Delaware approved the proposed disclosure statement (the "*Disclosure Statement*") for the *First Amended Plan of Reorganization of Aleris International, Inc. and Its Affiliated Debtors, as Modified,* dated March 19, 2010 [Docket No. 1684] (as may be amended or further modified, the "*Plan*"). The Plan is attached to the Disclosure Statement as Exhibit "A." The affiliated debtors of Aleris International, Inc. are listed below (with Aleris International, Inc. each a "*Debtor*" and collectively, the "*Debtors*").

**Confirmation Hearing.** On **Thursday May 13, 2010 at 9:30 a.m. (Eastern Daylight Time),** the Honorable Judge Brennan L. Shannon will conduct a hearing (the "*Confirmation Hearing*") to consider confirmation of the Plan at the United States Bankruptcy Court for the District of Delaware, 6th Floor Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties other than by filing such modifications with the Court prior to the Confirmation Hearing or announcing any such modifications at the Confirmation Hearing.

**Objection Deadline.** The deadline to object to confirmation of the Plan is **Thursday April 29, 2010 at 4:00 p.m. (Eastern Daylight Time).** All objections must be filed with the Court and served upon the appropriate notice parties in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. A list of the "Notice Parties" is included in Exhibit "B" to the Disclosure Statement.

**Voting Deadline.** Votes to accept or reject the Plan must be *actually received* by the Debtors' voting agent by **Thursday April 29, 2010 at 5:00 p.m. (Pacific Daylight Time)** (the "*Voting Deadline*"). Before voting, please carefully review the voting procedures for the Plan (the "*Voting Procedures*"), which are attached to the Disclosure Statement as Exhibit "D."

**Copies of Documents.** A copy of the Disclosure Statement may be downloaded from http://www.kccllc.com/aleris or may be obtained by a written request to Aleris Claims Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo CA 90245.

The affiliated debtors of Aleris International, Inc. (8280) and the last four digits of their federal tax identification numbers are as follows:

Alchem Aluminum Shelbyville Inc. (8122); Alchem Aluminum, Inc. (5207); Aleris Aluminum Europe, Inc. (0921); Aleris Aluminum U.S. Sales Inc. (9536); Aleris Blanking and Rim Products, Inc. (7340); Aleris Deutschland Holding GmbH (3721); Aleris Light Gauge Products, Inc. (7311); Aleris Nevada Management, Inc. (2935); Aleris Ohio Management, Inc. (0637); Aleris, Inc. (6630); Alsco Holdings, Inc. (5535); Alsco Metals Corporation (7792); Alumitech of Cleveland, Inc. (1568); Alumitech of Wabash, Inc. (4425); Alumitech of West Virginia, Inc. (3237); Alumitech, Inc. (9351); AWT Properties, Inc. (5332); CA Lewisport, LLC (6561); CI Holdings, LLC (9484); Commonwealth Aluminum Concast, Inc. (7844); Commonwealth Aluminum Lewisport, LLC (7736); Commonwealth Aluminum Metals, LLC (8491); Commonwealth Aluminum Sales Corporation (8512); Commonwealth Aluminum Tube Enterprises, LLC (7895); Commonwealth Aluminum, LLC (5039); Commonwealth Industries, Inc. (5741); ETS Schaefer Corporation (9350); IMCO Indiana Partnership L.P. (3840); IMCO International, Inc. (8362); IMCO Investment Company (5738); IMCO Management Partnership, L.P. (2738); IMCO Recycling of California, Inc. (0255); IMCO Recycling of Idaho Inc. (8990); IMCO Recycling of Illinois Inc. (7227); IMCO Recycling of Indiana Inc. (4357); IMCO Recycling of Michigan L.L.C. (5772); IMCO Recycling of Ohio Inc. (1405); IMCO Recycling of Utah Inc. (2330); IMCO Recycling Services Company (0589); IMSAMET, Inc. (7929); Rock Creek Aluminum, Inc. (3667); Silver Fox Holding Company (1188); Wabash Alloys, L.L.C. (0708)

RICHARDS, LAYTON     WEIL, GOTSHAL
& FINGER, P.A.     & MANGES LLP
One Rodney Square     767 Fifth Avenue
P.O. Box 551     New York, New York
Wilmington, Delaware 19899     10153
ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION